# CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**MAR 1 6 2020**

JAMES N HATTEN, Clerk

By: 

Deputy Clerk

**ERUNTA KENNEDY** GDC # 1002068989

(Enter above the full name and prisoner
identification number of the plaintiff, GDC
number if a state prisoner.)

**1:20-CV-1189**

-vs-

County of Fulton Georgia state police Dept.
Georgia state University, Atlanta police Dept.
Nefertara Clark,                          at el.

(Enter above the full name of the defendant(s).)

Jury trial/Demand

## I.    Previous Lawsuits

A.    Have you filed other lawsuits in federal court while incarcerated in any institution?

Yes (  )        No ( ✓ )

B.    If your answer to A is yes, describe each lawsuit in the space below. (If there is more
than one lawsuit, describe the additional lawsuits on another piece of paper, using the
same outline.)

1.    Parties to this previous lawsuit:

Plaintiff(s):        N/A

Defendant(s):        N/A

2.    Court (name the district):        N/A

3.    Docket Number:

Rev. 12/5/07

I.    **Previous Lawsuits (Cont'd)**

   4.   Name of judge to whom case was assigned:   **N/A**

   5.   Did the previous case involve the same facts?

   Yes ( )      No (✓)

   6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
   **N/A**

   7.   Approximate date of filing lawsuit:   **N/A**

   8.   Approximate date of disposition:   **N/A**

II.   **Exhaustion of Administrative Remedies**

   Pursuant to 28 U.S.C. § 1997e(a), no prisoner civil rights action shall be brought in federal court
   until all available administrative remedies are exhausted. Exhaustion of administrative remedies
   is a precondition to suit, and the prisoner plaintiff must establish that he has exhausted the entire
   institutional grievance procedure in order to state a claim for relief.

   A.   Place of Present Confinement:   *Johnson State Prison*

   B.   Is there a prisoner grievance procedure in this institution?

   Yes (✓)      No ( )

   C.   Did you present the facts relating to your complaint under the institution's grievance
        procedure?

   Yes ( )      No (✓)

   D.   If your answer is YES:
   1.   What steps did you take and what were the results?
   **N/A**

   2.   If your answer is NO, explain why not:   *Grievance Procedure*
   *within the Dept. of Correction, would not give relief*
   *Sought because issues raised weren't related to Department*
   *of Corrections.*

Rev. 12/5/07

**III.   Parties**

(In Item A below, place your name in the first blank and place your present address in the second blank.)

A.   Name of Plaintiff:   *ERUNTA KENNEDY*

Address(es):   *Johnson State Prison, P.O. Box 344 Donovan-Road, Wrightsville, GA. 31096*

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B.   Defendant(s): *County of Fulton, Georgia state Police Dept., Georgia State University, NeFertara Clark, Atlanta police Dept. At el.*

Employed as   *At el.*

at   *At el.*

**IV.   Statement of Claim**

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

*Claim for Belief*
*Count One*
*Violation of 14th Amendment, pursuant to 42 U.S.C §§ 1983*
*(Statue is unconstitutional Facially and as-Applied)*
*The Allegations herein are incorporated into the first Claim for relief as though fully set forth herein.*
*(On July 21, 2011)*
*As the Detention, Search and arrest warrant, Incarceration and failed prosecution were based upon a statue that on its face and as applied violated Kennedy Established rights under Fifth and Fourteeth Amendment, and were*

IV.  Statement of Claim (Cont'd)

wholly lacking in even arguable Probable Cause, (1) on said date of the aforementioned above Georgia State Police officers pulled a video tape (Exhibit A-D) showing the Plaintiff running to make an appointment which he was late for, Plaintiff was late for an Probation Appointment.

Georgia State Police Officer's, officials had no Eye witnesses to the Plaintiff committing or violating any laws on, near or in the immediate Area and property of the Georgia State Campus.

No witnesses other than the heresay testimony of the alleged was mentioned in the unlawful prosecution of the plaintiff.

Plaintiff Alleges that the Georgia State Police officer's per Exhibits (A),(B),(C),(D) clearly shows that the said Exhibit's has been edit, altered, and also tampered with to secure an unlawful arrest and Conviction. The Exhibit's A thru D clearly shows Police MisConduct and Entrapment techniques were used to falsely arrest the Plaintiff.

V.  Relief

State briefly exactly what you want the Court to do for you.  Make no legal arguments.  Cite no cases or statutes.

Wherefore, the Plaintiff respectfully Demand Judgement against the Defendants, Jointly and severally as follows;

1) An Award of Compensatory Damages Determined by the Jury in the Amount of $3,000,000 millions Dollars

2) An Award of Punitive Damages in the Amount of $1,000,000 millions Dollars, for Pain and Emotional Duress which caused severe Depression, for the lost of life regarding family member since unlawful Incarceration.

3) Because of Defendants Intentional reckless and maliciously making an award for Police MisConduct, Evidence tampering to secure an unlawful arrest and Conviction plaintiff ask Honorably for Damages for;(AND VIEW VIDEO Footage on alledged incident date)

4) Damages for being uprooted from children as a result of the unconstitutional arrest of the Plaintiff in the Amount of −

V,    Relief (Cont'd)

$ 750,000 as a Punishment to the Georgia State Police Department's Involvement in police Corruption, (SEE Exhibits A,B,C,D)

5) ~~the~~ An Award of Attorney's fee's and cost to print copies as the court may deem the Plaintiff to pay being pro se pursuant title 42 U.S.C. 1983

6) If necessary Please see (witness Subpoena) list for plaintiff starting with Georgia Bureau of Investigation special Agents - Lisa Harris and BRAD Parks etc.

7) Any other relief as this Honorable Court deems Just and Equitable

8) The Plaintiff hereby (Demand's) a trial by Jury or submit to plaintiff a settlement Amount for Damages.

9) Plaintiff request that He be released Immedictely or he will Continue to to suffer the Constitutional violation of the Due Process and Equal protection Clauses.

10) Expunged off my criminal Record / History

Singed this 21ST day of ........ January ........ , 20 20.

BILLY D. WICKER
Notary
Public
COMMISSION EXPIRES
July 5, 2023
JOHNSON COUNTY, GA

Ciunta Kennedy
Signature of Plaintiff

**STATE OF** _____
**COUNTY (CITY) OF** _____

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON** _____
              (Date)

_____

Signature of Plaintiff

Rev. 12/5/07

# Table Of Content

1. <u>1983 and (Additional Pages</u> : 1 - 25 pages)
2. <u>Claims</u> : Consist of 7 pages
3. <u>Exhibits</u> :

A - Photo
B - Photo
C - Photo
D - Photo
E - Consist of 19 pages
F - Consist of 6 pages
G - Consist of 1 page
H - Consist of 9 pages
I - Consist of 12 pages
J - Consist of 5 pages
K - Consist of 4 pages
L - Consist of 4 pages
M - Consist of 2 pages
N - Consist of 1 page
O - Consist of 1 page
P - Consist of 2 pages
Q - Consist of 47 pages
R - Consist of 25 pages



Erიიhta Kennedy

4. <u>List of Authorities</u> : Consist of pages 1-4a.
5. <u>Witness List</u> : Consist of 1 page.
6. <u>Subpoena List of Potential, Plaintiff Witnesses</u> : - Consist of 1 page
7. <u>Conclusion</u> : Consist of 3 pages / <u>Undisputed Facts</u> : 1 of 4 page
8. <u>ATTACHMENT SHEET</u> : Consist's of 1 page
9. <u>Relief</u> :

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

ERUNTA KENNEDY
    PLAINTIFF
      V.
STATE OF GEORGIA, FULTON COUNTY
GEORGIA STATE UNIVERSITY,
GEORGIA STATE POLICE DEPARTMENT,
FULTON COUNTY POLICE DEPARTMENT,
NEFARTARA CLARK, Charissa HENRICH, PAUL, HOWARD, L, JR
JOHN DOE #1 Chief of POLICE FOR GEORGIA STATE UNIVERSITY,
DARRYL HALBERT Chief of POLICE FOR FULTON COUNTY POLICE DEPT.,
ROBERT PATRICK GEORGIA STATE POLICE OFFICER,
GERALD G. GREGORY GEORGIA STATE POLICE OFFICER,
JOHN DOE #2 ASSISTANT CHIEF OF POLICE FOR FULTON COUNTY DEPT.,
JOHN DOE #3 ASSISTANT CHIEF OF POLICE FOR GEORGIA STATE UNIVERSITY,
RICHMOND COUNTY, at el.
    DEFENDANTS

CASE No. _____
_____

FULTON COUNTY CASE NO.
    11SC106310

## JURY DEMAND

## COMPLAINT and JURY DEMAND
## 1. CIVIL RIGHTS COMPLAINT

1. Now Comes, the above named PLAINTIFF. ERUNTA KENNEDY
and Files this Action under the United States Constitution
Particularly under the Due Process Clause of the 14th Amendment
to the United States Constitution, and the 5th and 14th
Amendment: Title 42 U.S.C. §§1983 Code 1983-1985. Article 1,
Section 1, paragraph 1 of the Constitution of the State OF
Georgia reads "No person shall be Deprived of Life, Liberty,
or property Except by Due Process of Law.

2.  Article 1, Section 1 Paragraph VI Libel. In all Civil or Criminal actions for Libel, the Truth may be given in evidence, and if it shall appear to the Trier of fact that the matter charged as Libelous is true, the Party shall be discharged.

3.  PLAINTIFF with his claims for relief against the above-Named Defendants, Allege and show the Court as follows:

## 2. Jurisdiction

4.  This Court has Jurisdiction pursuant to 28 U.S.C. §§ 1331. Because this action arises under the United States Constitution and laws of the United States and pursuant to 28 U.S.C. § 1343 (A)(3) Because this actions seek Redress to the Deprivation, under color of State Law, of PLAINTIFF'S civil RIGHTS.

5.  That this court has Supplemental Jurisdiction over all State Law claims which arises out of facts Common to Plaintiff's Federal claims pursuant to 28 U.S.C. §§1367.

## 3. VENUE.

6. VENUE is proper in this Judical District pursuant to 28 U.S.C. § 1391 (B) Because most Defendants Reside in the District and Because a Substantial part of the Events and omissions giving rise to the Plaintiffs claims occurred within this district.

## 4. Parties to the Action

7. PLAINTIFF, Erunta Kennedy, is a citizen of the United States. and resident of the State of Georgia and was at all times material hereto Kennedy, was unconstitutionally arrested by FULTON COUNTY LAW Enforcement, and convicted, and sent to Johnson State Prison, Located in Wrightsville, Georgia. Kennedy was entitled to all rights, privileges, and Immunites afforded all residents of Johnson County, the state of Georgia, and citizens of the United State pursuant to the Constitution of the United States of America.

PAGE 3 of 25

8. The Plaintiff Constitutional Core rights were Deliberately Neglected, Violated and ignored while in the Custody and during the Investigation process of the Plaintiff by Fulton County Law Enforcement. Said actions of all Defendants Failed to provide a fair and impartial court proceedings. Thus Plaintiff fell victim to the Negligence, and UnConstitutional Violations committed by the Employee's of FULTON COUNTY.

### 5. Defendants

9. FULTON COUNTY is Now a Body corporate as Defined by O.C.G.A. [[36-1-3]] and is a Governmental Subdivison of the State of Georgia. FULTON COUNTY is a Governmental Unit Responsible under State Law for properly maintaining, operating, and Funding the FULTON COUNTY POLICE DEPARTMENT and Various Employee's and officials of The FULTON County Police Department, and the State of Georgia.

10. The UNLAWFUL ACTS, Edicts and practices alleged in this Complaint Represent the official policies or Decisions promulgated by FULTON COUNTY or visited pursuant to FULTON COUNTY CUSTOM and practice.

10a. Fulton County is sued individually and in Fulton County official Capacity.

PAGE 4 of 25

## 5a. Defendants

1. The State of Georgia is Now a Body Corporate as Defined by O.C.G.A. §§36-1-3 ½, and is a Governmental Subdivison of the State of Georgia. The State of Georgia is a Governmental Unit Responsible under State Law for properly maintaining. operating. and funding the State of Georgia and Various Employee's and officials of The State of Georgia.

2. The unlawful Acts. Edicts and practices alleged in this Complaint Represent the official policies or Decisions promulgated by the State of Georgia or visited pursuant to the State of Georgia custom and practice.

3. The State of Georgia is sued individually and in the State of Georgia official Capacity.

PAGE 4a of 25

## 5b. Defendants

1. CharissA Henrich who was named Assistant District Attorney for FULTON COUNTY. In that role Charissa-Henrich, was acting as an official of FULTON COUNTY District Attorney office within the scope of her duties, and under the color of Laws, Statues, regulations, customs, practices and usages of FULTON COUNTY and the State of Georgia.

2. Henrich, Charissa is sued individually and in her official Capacity as FULTON COUNTY District-Attorney (Assistant). The unlawful acts, Edicts and Practises alleged in this Complaint represent the official polices or decisions promulgated by Charissa Henrich or visited pursuant to Custom and practice.

## 5c. Defendants

1. Paul L. Howard, Jr. Who is named District Attorney for FULTON-County. In that role Paul L. Howard Jr., was acting as an official of FULTON COUNTY District Attorney office within the scope of his duties, and under the color of Laws, statues, regulations, customs, practiess and Usages of FULTON COUNTY and the State of Georgia.

2. Paul L. Howard, Jr. is sued individually and in his official Capacity as FULTON COUNTY District Attorney. The unlawful acts, Edicts and practies alleged in this Complaint represent the official polices or decisions promulgated by Paul L. Howard, Jr. or visited pursuant to custom and Practice.

11. DEFENDANT FULTON COUNTY Board of Commissioners, A Body politic as to Fulton COUNTY. The Board is a Governmental Unit Responsible under state Law for properly maintaining, operating, and Funding the Fulton County Police Department and Georgia State Police Department. At all times relevant to this action: The Board acted through the Fulton County police Department, Georgia State Police Department and various other Employee's and officials of FULTON COUNTY.

12. The unlawful acts, Edicts and practices alleged in this Complaint represent the officials polices or Decisions promulgated by the board are visited pursuant to the boards Customs and practices.

## 6. Defendants

13. Darryl Halbert who is named Police chief for the Fulton County Police Department and continues in that role to the present. In that role Halbert, was acting as an official of Fulton County within the scope of his duties, and under the color of Laws, statues, regulations, customs, practices and usages of Fulton County and the State of Georgia.

14. He is sued individually and in his official Capacity as FULTON County chief of Police. The unlawful acts, Edicts and practices alleged in this Complaint Represent the official policies or decisions promulgated by

14a. Darryl Halbert - or visited pursuant to Custom and practice.

PAGE 5 of 25

7. <u>DEFENDANT</u>

15. John Doe #2 is and at all times pertinent to this Complaint was the Fulton County Deputy Assistant Chief operating officer of Public Safety. John Doe #2 had and has final authority concerning the affairs and operations of the Fulton County Police Department, including Fulton County Police Department policies and procedures. According to Fulton County John Doe #2 is the chief Administrator of the Police Department and responsible for policy development, control Supervision and program implementation;

15a John Doe #2 was acting as an official of Fulton County within the scope of his duties, and under the color usage of Fulton County, and the State of Georgia.

16. The Unlawful acts, Edicts and practices alleged in this Complaint represent the official polices or decisions promulgated by John Doe #2 are Visited pursuant to customs and practices.

17. He is sued individually and in his/her official Capacity.

## 8. DEFENDANT

16. John Doe #3 is and at all times pertinent to this Complaint was the Georgia State Unversity Deputy Assistant chief operating officer of Public SAFETY. John Doe #3 had and has final authority concerning the affairs and operations of the Georgia State Unversity Police Department, including Georgia State Unversity Police Department policies and procedures. According to Georgia State Unversity John Doe #3 is the chief Administrator of the Georgia State Police Department and responsible for policy development, Control Supervision and program implementation;

18. John Doe #3 was acting as an official of Georgia State Unversity Police Department within the Scope of his duties, and under the color usage of Georgia State Unversity, and the State of Georgia.

19. The unlawful acts, Edicts and practices alleged in this Complaint represent the official polices or decisions promulgated by John Doe #3 are visited pursuant to customs and practices.

20. He is sued individually and in his/her official Capacity.

## 9. DEFENDANT

21. Defendant Robert Patrick is and at all times pertinent to this Complaint was a Georgia State Police officer for the Georgia State Police Department. His primary duties were to investigate crimes reported or Assigned to the Beat Assignment.

21a. Robert Patrick was acting as an official of Georgia State Police Department within the scope of his duties and under the color of law, statues, regulations, custom, practices and usage of Georgia State Police Department, and the State of Georgia.

22. The unlawful Acts, Edicts and practices alleged in this Complaint represents the official policies or decisions promulgated by Robert Patrick are visited pursuant to custom and practice.

23. He is sued individually and in his official Capacity.

## 10. DEFENDANT

24. Defendant Gerald G. GreGory is and at all times pertinent to this Complaint was a Georgia State police officer for the Georgia State Police Department. His Primary duties were to investigate crimes reported or assigned to the Beat Assignment.

25. Gerald G. Gregory was acting as an official of Georgia State Police Department within the scope of his duties and under the color of law, statues, regulations, custom, practices and usage of Georgia State Police Department, and the state of Georgia.

26. He is sued individually and in his official Capacity. The unlawful Acts, Edicts and practices alleged in this Complaint represents the official policies or decisions promulgated by Gerald G.-Gregory are visited pursuant to custom and Practices.

27. The Acts and omissions of the Defendants, as set forth above, violated the clearly Established and Well settled Federal Constitutional rights of the Plantiff, ie. Due process of Law and the Equal Protection clauses under the Fifth and Fourteenth Amendments made applicable to the United States Constitution, and under Article 1 section 1 pargaraph 1. Life, Liberty, and property, no person shall be Deprived of Life, Liberty or property Except by Due process of Law, cited from the Constitution of the State of Georgia: Because said Defendants Were Deliberately indifferent to the rights of ERUNTA KENNEDY.

28. The Consent Decree required that Defendants Fulton County and Georgia State University Police Department provide, Well-Trained officers (Police) and officer (Detention) Professional officer's to Protect and serve the citizen's of Fulton County and Georgia State University College Campus in a Lawful manner, all parties agreed that a Judicial Monitor be appointed and approved by the court to Supervise Fulton County's and Georgia State University College Campus complaince with such a Consent Decrees while the Court retained Jurisdiction over the case until the County was in full Complaince with the terms of the Consent Decree.

29. The willful damage done to the Plaintiff (KENNEDY) by this willful Deprivation of his Constitutional, State and Civil rights are irreparable.

PAGE 10 of 25

## 11. Georgia State University Police Department and Fulton County Police Department

30. Georgia State University Police or Fulton County Police Detectives Robert Patrick and Gerald G. Gregory violated the constitutional and state Law's, Statues and the acts and omission of both Defendant's Constituted a course of Conduct and failure to Adhere to Policies and Procedure of Fulton County and the Fulton County Police Department and the Georgia State University Police Department.

31. On the 19th of October, 2011 Gerald G. Gregory falsely arrested, falsely Imprisoned the Plaintiff and violated all of his State and federal Constitutional rights when they arrested and Booked the Plaintiff into the Fulton County Jail after being stopped on a traffic stop by Georgia State Patrol (warrant #325899MC).

32. Georgia State University officer's Deliberately, Deviated from they police training on Constitutional and State Civil rights, Yet Georgia State University officer's nor Fulton County official's witnessed the Plaintiff committing or Breaking any Georgia Law on Video footage. Thus the Report must be classified as a Reported case.

33. The above Acts and omissions of all Defendants, and each of them constitute a course of Conduct and failure to act amounting to willfully wanton and Deliberate indifference to all rights, and of Erunta Kennedy, and those similarly situated resulting in the Deprivation of his Constitutional and State rights purusant to the 5th and 14th Amendments to the United States Constitution and the due Process clause to the United States Constitution.

34. The Acts and omissions of the Defendants, as set forth above, violated the clearly Established and well settled Federal and State Constitutional rights of the Plaintiff, i.e. Due Process of Law under the Fourteeth Amendment, and Equal Protection Amendment to the United States Constitution, and under Articles 1, section 1 Paragraph 1 of the Constitution of the State of Georgia, and Article 1, section 1 paragraph 2 of the Constitution of the state of Georgia. (Equal Protection) and Article 1, section 1 Paragraph VII (citizens Protection).

35. The Defendants, jointly and severally, Know that Erunta Kennedy had suffered from the Embrassment shame of Falsely being arrested in front of his Family, False Accusations, intentionally deprived Kennedy of the required rights and acted with reckless Disregard in violation of his rights, privileges, and immunities as guaranteed by the United States Constitution Fourteenth Amendment, and Federal Statues including 42 U.S.C.1983.

36. That the Conduct of the Defendants, Jointly, and Severally, shocks the Conscious, the Events was reckless, and demonstrates a deliberate refusal to comply with Policy or procedures in the arrest, Investigate or transport of Erunta Kennedy.

37. That Conduct of each Defendant, individually, and/or as Employee's and/or Agents of Fulton County, of the Georgia State University Police Department were committed while acting under color of state law and deprived Erunta Kennedy, of his clearly and Established rights, privileges, and immunites, in Violation of the Due Process clauses and the 5th and 14th Amendments of the United States Constitution, and of 42 U.S.C. §1983.

38. That Defendant's, jointly, and severally, Deprived Erunta Kennedy, of His individual rights as follows:

39. A) Deliberately failing to properly train the Fulton County Agency's and Georgia State University Police staff, including to properly assess and determine when Departmental policy and procedures should be Utilized and Enforced.

40. B) Deliberately failing to hire, train, maintain, and implement competent Georgia State University Police officers and the Agency's of Fulton County.

41. C) Deliberately failing to discipline, instruct, supervise, and/or control the Conduct of the Police officer's at Georgia State University Police Department and Fulton County Agency's.

42. D) Deliberately allowing a custom and/or practice at the Georgia State Police Department (University), and Fulton County Agency's /official's of deliberately ignoring complaints of the public including Erunta Kennedy of their need of fundamently fair police proceedings.

43. E) Deliberately, willfully, and want only witholding Evidence and tampering with Evidence or having actual Knowledge of innocence of Erunta Kennedy, during the criminal proceeding;

44. F) Deliberately, willfully, and Wanton failing to Ensure that Consent Decree/S.O.P. Standard operating Procedures was complied with.

45. G) Fulton County Agency's and Georgia State University Police Department, because of the above-alleged Facts, Engaged in a habit, practice and procedure Jeopardizing the physical and Mental Health of Erunta Kennedy, which imposes Liability upon them as an Entity because the Deliberate indifference Was Approximate cause of Constitutional Violations to Erunta Kennedy.

46. H) The Defendants, Jointly, and severally participated in the Deliberate false arrest, false Imprisonment of Erunta Kennedy, and each defendant in particular, the Defendants directly participated in the deprivation of the plot to falsely arrest the plaintiff. Either by having Knowledge that this practice was occuring, and/or Directly participating in the UNCONSTITUTIONAL VIOLATIONS all Contributed to the wrongful prosecution of Erunta Kennedy.

## 12. AND AS FOR NEGLIGENCE

47. Plaintiff hereby reasserts and re-allege each and every allegation contained within this complaint as it fully set forth Herein, that by accepting Erunta Kennedy in custody, Defendants undertook and owed to Erunta Kennedy the duty to make reasonable efforts to ensure that all of his Constitutional and state rights were reasonably followed in a prudent manner, and exercise Due Process and follow the common Law as it relates to persons in their custody.

48. Defendant's, treated Erunta Kennedy, in a manner that was Extremly Negligent, careless, reckless, and without ___ANY___ cencern for his safety or innocence.

48a. Notwithstanding the aforementioned duty to care as it relates to mentally ill ___ inmates or citizens, Defendants treated Erunta Kennedy in a manner that was extremly negligent, careless, reckless, and without concern for his safety or innocence.

49. Defendants failed to adequately train Georgia State University police officers and fulton County agency's; failed to develop and implement proper policies and procedures for dealing with mentally ill persons in their custody in fulton County and Georgia State University Police Department; failed to have some method, policy, practices, and procedure in regards to identifying mental Health concerns pertaining

to such Imates or Citizens, and failed to have an intervention method, policy, practice, or procedure in regards to such Imates or Citizen at fulton County Custody so that treatment could be started or obtained in a timely basis.

50. Defendants engaged in conduct that was Negligent, Careless, and reckless that it demonstrated a substantial Lack of concern by failing to appropriately implement policies concerning the training of Georgia State University Police officers and FULTON County Agency's, regarding the processing and gathering of vital information which maybe Showed of an imates or citizen's INNOCENCE, Thus failing to act properly, but not Limited to;

50a. Negligently, carelessly, ignoring the Constitutional rights of Erunta Kennedy.

50b. Negligently, carelessly, and recklessly hiring, training maintaining, and implementing competent police officers within the Georgia State University Police Department and Fulton County Agency's.

51. Negligently, carelessly, and recklessly failing to disciplines Instruct, supervise, and control the Conduct of the fulton County staff (agency's), and Georgia State University Police Department, Thereby encouraging the wrongful acts and omissions complained Herein; making said defendants, jointly and Severally, responsible in Compensatory damages in an amount to be determined by the Jury.

PAGE 17 of 25

52. Defendants Deliberately, Negligently, by and through their agents maliciously prosecuted the plaintiff in violation of state and federal Laws and statues.

53. Defendants Deliberately violated state and federal Laws by stop, depriving, the personal freedom of movement by Knowing that the case brought before the plaintiff was Fabricated, and based upon inconsistancy related information.

54. SEE : Transcript of Guilty Plea heard before the Honorable Alford J. Dempsey Jr., Judge, Atlanta Judicial Circuit, commencing April 29th 2013. Criminal Action File No. 11SC106310 : Can be produced as evidence of this deliberate Miscarriage of Justice, and the Defendants and their Premeditary Involvement as detailed by State witnesses Georgia State University Police officer (LARKINS) and Ms. OLGA TSYNMAN, who goes into great detail of Misconduct, which clearly proves my innocence and support the grounds of this Complaint. (Exhibit E)

55. That as a direct and approximate result of the Negligent and/or intentional Constitutional Violations Alleged in this entire complaint, the plaintiff has Lost trust in the Law Enforcement.

13. <u>Defendants</u>

5b. Nefertara Clark, public defenders sole purpose was to provide a vital sense of Representation during the plaintiff's criminal proceeding's. Counsel was a Employee of Fulton County public defender's office. During court proceedings, Nefertara Clark failed on numerous occassions throughout hearing to object to Constitutional Violations, which she Knew or should have Known were deterimental to the plaintiff being convicted of a crime which she Knew Mr. Kennedy didn't commit. Thus giving Fulton County, her Employer a unConstitutional advantage, which left Mr. Kennedy with no clear way Combat against the UnConstitutional arrest. SEE: Guilty Plea Transcript (Exhibit E)

57. Ineffective Assistance of Counsel: False arrest, False Imprisonment, Reckless, Slander, Libel, Reputational damage, and (Emotional Duress; being taken from family, child, etc.
Loss of Cousin, my uncle, because of this clear MisCarriage of justice, I was denied the opportunity to give my final respects to a man whom I looked upon as my brother and a father, because of the aforementioned fact I will have to live with the fact of not saying goodbye for the rest of my Life.

58.   Ineffective Assistance of Counsel: Nefartara Clark failed to object on the following:

58a.• Page 9, Lines 24-25 and continues on page 10. Ms. Charissa Henrich stated that the dispatch had put out the description of the person. It matched the plaintiff description. Well, that's not true because on page 14, lines 14-18, Ms. Nefartara Clark stated that officer Larkin testifed are at the motions hearing as well. And he said that the Description that came out over the radio did not fit the description. That my Client did not fit the description of the I.D. that came out over the radio. Which Ms. Charissa - Henrich knowingly and willingly made a false statement which is material to the issue or point in question which violates (O.C.G.A. 16-10-70) code section A.

59.   (PERJURY VIOLATION)
Based on the above testimony stated District Attorney Ms. Henrich can be convicted of the offense of perjury by fine or by imprisonment. per (O.C.G.A. 16-10-70) code section B.

see page 13

60.   •The alledge victim testimony per lines 19-23 that she saw a photo line up of a picture which supposed to have had a photo of myself. Due Process statues state that per my Discovery Package, I'm entitled to be given a copy of the alledged photo Line-up; This didn't take place as the law pertains to Discovery and without the complete Discovery Package Plaintiff. Had no

Way of knowing the number of suspects included in the photo Line up or If he was the only suspects in the alledged picture. Regardless of the fact Due Process Violations were forced into this hearing by the Judge, Prosecutor and officers of Georgia State University Police Department.

61. • Lines 7-13 on page 14. Ms. OLGA Tsynman her identification to the police officers was that of a man that's 6 feet tall, meduim build, shorter-length dreads, white T, Black shorts, and on the phone when Ms. Nefartara Clark spoke with Ms. OLGA TSYNMAN she said the person was skinny, about 6 feet. Ms. Nefartara Clark stated, my client is not 6 feet - tall. He's definitely not skinny, He was not skinny at the time. By the testimony given by the Alledged victim/Ms. Tsynman there were clearly two different description given by Tsynman and Larkin, by which would lead one to assume that there wasn't a clear discription given by the victim or Police dispatch, and shows that the plaintiff was merely running to his probation appointment, which would show a motive, as to why someone/officer, supervisor, or detective could be charged with obstruction by Interferring with an active investigation involving the tamper with evidence, as Exhibits A, B, C, D, shows which weights heavily toward the perimeter's of Police misconduct and a clear miscarriage of Justice to convict Mr. Kennedy, by any means Necessary. Base on the above facts

62. SEE : <u>Strickland v. Washington, 466 U.S. 688 (1984)</u>

63. The unLawful Acts, Edicts and practices alleged in this complaint represent the official Policies or decisions promulgated by Nefartara Clark are visited pursuant to Custom and practices.

64. She is sued individually and in her official Capacity.

14. **Defendants**

65. Richmond County is now a Body corporate as defined by O.C.G.A. §§ 36-1-3, and is a Governmental Subdivison of the state of Georgia. Richmond County is a Governmental Unit Responsible under state law for properly maintaining, operating, and Funding the Richmond County and various Employee's and officials of the Richmond County.

66. • I. Erunta Kennedy was standing before Honorable Judge Michael N. Annis in Richmond County Courthouse on June 13, 2019, Thursday; which the plaintiff informed Judge Michael N. Annis that the Prosecutor Knowingly, maliciously and willingly making a false statement in his courtroom. The prosecutor stated the plaintiff didn't file his Habeas Corpus Petition within his (4) four year statue limitation, which is not true, because plaintiff took a guilty plea April 29, 2013, but as of 2017 January term plaintiff recieved a Civil Action No. - 2017-RCHM-2, which plaintiff final courtdate was March 27, 2018, because it was continued (2) two times, also Honorable Judge Michael N. Annis dismiss Civil Action No. 2017-RCHM-2 without prejudice on March 27, 2018, the facts stated above clearly shows

that the prosecutor violated O.C.G.A. 16-10-70 Code section A. Plaintiff Constitutional rights was violated per 5th and 14th Amendment of Due-Process Equal Protection of clauses.

67. The unlawful Acts, Edicts and practices alleged in this Complaint represents the official Policies or decisions promulgated by Richmond County or visited pursuant to Richmond County Custom and practice. Richmond County is sued individually and in Richmond County official Capacity.

68.   Wherefore, the Plaintiff respectfully demand Judgement against the Defendants, jointly and severally, as follows;

69.   1) An Award of Compensatory damages determined by the Jury;

70.   2) An Award of Punitive damages determined by the Jury;

71.   3) An Award of attorney fee's and cost paid being Pro Se, pursuant to title 42 U.S.C. §§ 1988 as award by the court.

72.   4) A Consent decree specifically prohibiting the Defendants, jointly and severally, from ever depriving an inmate of Fulton County (Agency's and Georgia State University Police Department) of falsifying or making a false Police report or Accepting fabricated information to file a false Police report.

73.   5) Any other further relief as this Honorable Court deems just and Equitable.

74.   The Plaintiff hereby demands Trial by Jury This ___ day of ___ 2020

By S Ernest Kennedy
Johnson State Prison
P.O. Box 344
Wrightsville, ga. 31096

PAGE 25 of 25

## CLAIM 1

Plaintiff, Newly discovered Evidence's Show police MisConduct, Tampering with Evidence's : Plaintiff Due Process and Equal Protections Clauses under relief request to be Release from Prison Immediately base upon Exhit's A.B.C.D. PCAM_004 of Police Surveillance Camera

## CLAIM 2

PERJURY VIOLATION is directed towards fulton County prosecutor MS. Charissa - Henrich who Knowingly and willingly made a false Statement, that plaintiff fitted the description that Dispatcher's put out over the radio. Plaintiff Due Process and Equal Protection Clauses of the United States Constutition was Violated.
(See Exhit's E) page 9, lines 24-25, page 10 - line 1.

# CLAIM 3

The Plaintiff has learned of Prosecutorial MisConduct in which the prosecutor knew or had known per their investigation that the the testimony given by Georgia State Police Officer LARKins. That the plaintiff didn't fit the description, that police dispatcher gave over the radio, or the victim Ms.TYSMAN identification to the Police officer's. MS. TYSMAN also spoke with Public Defender Nefertara-Clark, over the phone which Ms.TYSMAN gave another description, plaintiff didn't fit that description. Fulton County District Attorney Charissa Henrich per Officer Larkins testimony knew that plaintiff wasn't in the Area where the Alleged Incident took place, as Larkins reported.

(See Exhit's E) page 14, Lines 7-18, also see Officer Larkins in Court testimony which the State(s) prosecutor's failed to produce.

# CLAIM 4

Plaintiff, tried several times to obtain his discovery package. Plaintiff also went thru the right procedures: Clerk of Court (Fulton County), Public Defender's office, G.B.I. office, Attorney General Chris Carr, District Attorney office, Fulton County Police Department(s) records section, Georgia State University College Police Department, Which all agencies has failed to comply with Georgia Open Records Act and or Federal of Information Act. Nefertara Clark, was plaintiff counsel, she failed to issue plaintiff a copy of his discovery. (See Exhibit(s):F, H, I, J, K, L, M, N, O, P, Q)

Plaintiff also tried thru Motions, Petition for Mandamus. of me not receiving my discovery package upon request which violates plaintiff Due process Equal Protection clauses under the United States Constitutional rights. The Supreme Court held that (Due process requires the prosecution to disclose, upon request, evidence's favorable to an accused person when such evidences is material to guilt or punishment. (See Exhibit: Q )

# CLAIM 5

SEE VIDEO Footage of officer Larkins and Mr. Kennedy. Officer Larkins testify in a Motion hearing, as to the information came across the radio during the time of the Crime. Office Larkins in court testimony also Suggested that plaintiff was standing directly in front of him at the exact same time police was chasing the assailant that committed the crime. Officer Larkins also testify that he was not chasing the plaintiff. Georgia State police officer's pursued a prosecution based upon information that officer Larkins had first hand Knowledge that (Plaintiff) Erunta Kennedy didn't commit the crime of Robbery by Sudden Snatch, because Georgia State Police officer were in pursuit of the actual suspect who committed the Robbery. Thus violating the core Constitutional Right of Due Process.

Georgia State Police Detective went before the fulton County grand jury in an attempt to secure a Indictment, for the arrest of the plaintiff which the prosecutor as well as agents representing the Georgia State Police Department knew there was another suspect that Committed the actual crime causing reasonable doubt in the Involvement of the plaintiff to commit the Crime of Robbery by sudden snatch.

The Alledged victim on one hand alledged that the plaintiff was in fact the person who committed the alledged Robbery, but when victim testified in open Court, while under oath, victim stated she sees the person that she saw in the picture(s) and not at the Scene of the crime.

SEE Exhibit(s) - E pages 13-Lines 19-23, page 14-Lines 14-18, G, (H-along with Incident report), I, J, K, L, M, N, O, P, Q and (Officer Larkins in court testimony under oath and #6 photo(s) the Line up, which the state(s) prosecutor's failed to produce), (Also see Exhibit (F).

## CLAIM 6

Ineffective Assistance of Counsel, Counsel failed to bring the facts of said video into existance and martial them, along with officer Larkins testimony which Supports plaintiff where abouts and innocence. Video don't show plaintiff committing no type of crime on State nor Federal level. Plaintiff state(s) that Counsel also didn't object to the victim in court or over the phone identification, Fulton County District Attorney Charrisa Henrich stated that plaintiff fit the description which Counsel didn't object to. Counsel was Ineffective in her failing to Investigate or object to any of the Question(s) or assumption(s) presented in court, and potential Innocence of the plaintiff, which is a clear example of Counsel's Ineffective Assistance of Counsel. SEE Exhibit(s) -(E page 9-Lines 24-25, page 10-Line 1, page 13-Lines 19-23, page 14-Lines 7-18), H, I, J, K, L, M, N, O, P, Q and Officer Larkins in court testimony under oath, which the state(s) prosecutor's failed to produce.(Also see Exhibit (F)).

Georgia State Police Dispatcher put out a description of a possible suspect of Sudden snatch Robbery, the description put out does not match Plaintiff description, as shown per the video of the plaintiff running to his probation meeting shown in Exhibits marked A.B.C.D. see said Exhibits. Which should leave no Doubt that the plaintiff, didn't nor couldn't have been in two place's at one time.

(See Exhibits-E page 14-lines 7-18. page 15-lines 3-7).

## CLAIM 7

Plaintiff. submits that severals of his Constitutional rights, were Violated per the Investigation/Investigating police Department, including False Imprisonment, Slander, Libel, Reputational Damages, which the investigation against the plaintiff was both Perjury and Fabricatedly related and based upon Mistaken Identity and Racial Profiling which are clear grounds of Constitutional violations, of Due Process Equal Protection Clauses and warrant a dismissal of the charge and said Indictment against the plaintiff Erunta Kennedy.

(See Exhibit's-E, also Georgia State Police Officer - Larkins testimony. which he did testify in a motion hearing,)(Exhibit E-page 14-lines 14 and 15).

# CLAIM 8

Plaintiff was unlawfully detained and later arrested. because of an unconstitutional warrant being taken out by the Georgia state police department. Plaintiff submit's that per the video obtained. maintained, stored and viewed by the Georgia State Police Department.

It was the video photo's obtained which clearly exonerated Mr. Kennedy of any criminal wrong doing. The Richmond County Superior Court Judge (Michael N. Annis), failed to maintain an impartial Judicial hearing which gave the prosecutor a tactical advantage; and disadvantage to the Defense.

Canon Rules Encourages that the Judge in any court proceeding remain Impartial. and remains unbias and without prejudice but this didn't happen in the case at bar. Thus the unconstitutional violations of due process still violated the Constitutional Rights of the plaintiff. See transcript of hearing (June 13, 2019. Thursday court 2E Civil Action File No.(s): 2018-RCHM-30, 2019-RCHM-6 )(which the state fail to produce)( Also see Exhibit R, which plaintiff tried to obtain transcript through Notice of Appeal. plaintiff also addressed the Perjury matter. with a letter and Complaint procedure.









Exhibit 5

*Consist's of 19 pages* E.K.

FILED IN OFFICE
MAY 0 2 2013
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

STATE OF GEORGIA          )
                          )
                          )     CRIMINAL ACTION
        VS.               )
                          )     FILE NO. 11SC106310
                          )
EVUNTA KENNEDY            )
                          )

TRANSCRIPT OF GUILTY PLEA HEARD BEFORE
THE HONORABLE ALFORD J. DEMPSEY JR., JUDGE,
ATLANTA JUDICIAL CIRCUIT,
COMMENCING APRIL 29TH, 2013.

A P P E A R A N C E S:

ON BEHALF OF THE STATE:          CHARISSA HENRICH,
                                 ASSISTANT DISTRICT ATTORNEY

ON BEHALF OF THE DEFENDANT:      NEFERTARA CLARK,
                                 PUBLIC DEFENDER

MELISSA BROCK, RPR, CCR-B-1370
OFFICIAL COURT REPORTER
SUPERIOR COURT OF FULTON COUNTY
T-1858 JUSTICE CENTER TOWER
185 CENTRAL AVENUE, S.W.
ATLANTA, GEORGIA 30303

EXHIBIT
3

MELISSA BROCK, RPR

1                    P R O C E E D I N G S

2              MS. HENRICH:  YOUR HONOR, THIS IS THE CASE OF THE

3         STATE OF GEORGIA VERSUS EVUNTA KENNEDY, INDICTMENT

4         NUMBER 11SC1631.  MR. KENNEDY, CAN YOU PLEASE RAISE

5         YOUR RIGHT HAND.

6                         EVUNTA KENNEDY,

7    HAVING BEEN FIRST DULY SWORN, WAS EXAMINED AND TESTIFIED AS

8    FOLLOWS:

9                         EXAMINATION

10   BY MS. HENRICH:

11        Q .  AND YOU CAN LOWER YOUR HAND NOW.

12             CAN YOU PLEASE STATE YOUR TRUE AND CORRECT, LEGAL

13   NAME FOR THE RECORD.

14        A    EVUNTA KENNEDY.

15        Q    ARE YOU THE SAME EVUNTA KENNEDY REFERRED TO IN

16   INDICTMENT NUMBER 11SC106310?

17        A    YES.

18        Q    HOW OLD ARE YOU?

19        A    25.

20        Q    HOW MANY YEARS OF SCHOOLING HAVE YOU COMPLETED?

21        A    TWELVE.

22        Q    ARE YOU ABLE TO READ, WRITE, AND UNDERSTAND THE

23   ENGLISH LANGUAGE?

24        A    YES, MA'AM.

25        Q    ARE YOU CURRENTLY UNDER THE INFLUENCE OF ANY

                         MELISSA BROCK, RPR                    2

1    MEDICATION DRUGS OR ALCOHOL THAT WOULD IMPACT YOUR ABILITY

2    TO UNDERSTAND WHAT IT IS YOU ARE DOING TODAY?

3         A    YES, MA'AM.

4         Q    YOU ARE UNDER THE INFLUENCE?

5         A    NO, MA'AM.

6         Q    OKAY.  DO YOU UNDERSTAND WHAT'S GOING ON IN COURT

7    TODAY?

8         A    YES, MA'AM.

9         Q    IS THIS YOUR ATTORNEY, MS. CLARK, STANDING BESIDE

10   YOU?

11        A    YES, MA'AM.

12        Q    DO YOU NEED ANY MORE TIME TO SPEAK WITH MS. CLARK?

13        A    NO, MA'AM.

14        Q    ARE YOU SATISFIED WITH THE COUNSEL AND

15   REPRESENTATION OF YOUR ATTORNEY?

16        A    YES, MA'AM.

17             MS. HENRICH:  MS. CLARK, DO YOU WAIVE A FORMAL

18        READINGS OF THE INDICTMENT?

19             MS. CLARK:  I HAVE REVIEWED THE INDICTMENT WITH MY

20        CLIENT AND WE DO SO WAIVE.

21   BY MS. HENRICH:

22        Q    MR. KENNEDY, DO YOU UNDERSTAND THAT YOU ARE

23   PLEADING GUILTY TO ONE COUNT OF ROBBERY BY SUDDEN SNATCHING

24   IN VIOLATION OF O.C.G.A. SECTION 16-8-40 WHICH CARRIES UP TO

25   20 YEARS TO SERVE IN PRISON?  DO YOU UNDERSTAND THAT?

                        MELISSA BROCK, RPR                    3

1        A    YES, MA'AM.

2             MS. HENRICH:  AND I'M ASSUMING THIS IS A

3        NON-NEGOTIATED PLEA.

4             MS. CLARK:  IT IS.

5    BY MS. HENRICH:

6        Q    DO YOU UNDERSTAND THAT IN A NON-NEGOTIATED PLEA, I

7    WILL MAKE A RECOMMENDATION ON BEHALF OF THE STATE, MS. CLARK

8    WILL THEN MAKE A RECOMMENDATION ON YOUR BEHALF BUT

9    ULTIMATELY IT'S GOING TO BE UP TO JUDGE DEMPSEY TO SENTENCE

10   YOU?  DO YOU UNDERSTAND THAT?

11       A    YES.

12            MS. HENRICH:  AND, YOUR HONOR, MY RECOMMENDATION

13       IN THIS CASE AND I TOLD MS. CLARK THAT AND HOPE SHE

14       RELATED TO IT TO HER CLIENT THAT IF WE CAME ON MONDAY

15       PICKING A JURY THAT I WOULD NOT RECOMMEND STRAIGHT

16       PROBATION.

17   BY MS. HENRICH:

18       Q    MY RECOMMENDATION IS TEN YEARS TO SERVE THREE

19   YEARS WITH THE BALANCE ON PROBATION, A STAY AWAY FROM THE

20   VICTIM, PERFORM 250 HOURS OF COMMUNITY SERVICE AND $200 IN

21   RESTITUTION.

22            DO YOU UNDERSTAND THAT'S THE STATE'S

23   RECOMMENDATION?

24       A    YES, MA'AM.

25       Q    DO YOU UNDERSTAND THAT THE COURT DOES NOT HAVE TO

                    MELISSA BROCK, RPR                    4

1    FOLLOW THE STATE'S RECOMMENDATION?

2        A    YES, MA'AM.

3        Q    DO YOU UNDERSTAND --

4             MS. HENRICH:  AND, MS. CLARK, IS HE TAKING

5        ADVANTAGE OF THE FIRST OFFENDER STATUTE?

6             MS. CLARK:  WE ARE.  THAT'S WHAT WE ARE

7        REQUESTING.

8             MS. HENRICH:  OKAY.

9    BY MS. HENRICH:

10       Q    MR. KENNEDY, HAS YOUR ATTORNEY EXPLAINED TO YOU

11   BOTH THE PROS AND THE CONS OF THE FIRST OFFENDER STATUTE AND

12   PLEADING GUILTY OF THAT STATUTE?

13       A    YES, MA'AM.

14       Q    AND FOR THE RECORD I WILL DO SO.

15            THE BENEFITS OF A FIRST OFFENDER PLEA IS SIMPLY

16   THIS:  YOU DO EVERYTHING YOU ARE REQUIRED TO DO UNDER THE

17   LAW -- YOU DO EVERYTHING THAT YOU REQUIRED TO DO UNDER THE

18   LAW, YOU CAN COME BACK AT THE END OF THE TERM OF YOUR

19   SENTENCE AND TRUTHFULLY SAY YOU NOT A CONVICTED FELON.  THAT

20   REQUIRES YOU, OF COURSE, TO ABIDE BY THE GENERAL AND THE

21   SPECIAL CONDITIONS OF YOUR SENTENCE.

22            HOWEVER, IF YOU DO ANYTHING TO VIOLATE THE

23   CONDITIONS OF ANY SENTENCE THAT YOU MIGHT RECEIVED FROM THIS

24   COURT OR YOU REOFFEND, YOU COULD BE BROUGHT BACK IN FRONT OF

25   THIS COURT ON A REVOCATION PETITION AND BE SUBJECT TO

                    MELISSA BROCK, RPR                    5.

1      RESENTENCING UP 20 YEARS TO SERVE IN PRISON.  DO YOU

2      UNDERSTAND THAT?

3           A     YES.

4           Q     UNDERSTANDING ALL OF THAT, DO YOU STILL WISH TO

5      TAKE ADVANTAGE OF THE FIRST OFFENDER STATUTE?

6           A     YES.

7           Q     DO YOU UNDERSTAND THAT IF YOU ARE NOT A UNITED

8      STATES CITIZEN, THAT THIS PLEA COULD IMPACT YOUR IMMIGRATION

9      STATUS?

10          A     YES.

11          Q     DO YOU UNDERSTAND THAT YOU WOULD HAVE FOUR YEARS

12     FROM TODAY'S DATE IN WHICH TO FILE A PETITION FOR WRIT OF

13     HABEAS CORPUS TO CHALLENGE THE VALIDITY OF THE GUILTY PLEA

14     YOU ARE ENTERING HERE TODAY?

15          A     YES.

16          Q     HAS MS. CLARK EXPLAINED HABEAS CORPUS TO YOU AND

17     WHAT THAT MEANS?

18          A     YES.

19          Q     DO YOU UNDERSTAND THAT IF YOU CURRENTLY ON ANY

20     PROBATION OR PAROLE, THAT THIS PLEA COULD IMPACT YOUR

21     PROBATION OR YOUR PAROLE STATUS?

22          A     YES.

23          Q     DO YOU UNDERSTAND THAT BY PLEADINGS GUILTY YOU ARE

24     GIVING UP SEVERAL CONSTITUTIONAL RIGHTS?  I WILL GO THROUGH

25     THEM WITH YOU.

MELISSA BROCK, RPR                    6

```
1              DO YOU UNDERSTAND THAT YOU ARE GIVING UP THE RIGHT
2    A SPEEDY AND PUBLIC TRIAL BY A JURY OR JUDGE?
3         A    YES.
4         Q    DO YOU UNDERSTAND THAT YOU ARE GIVING UP THE RIGHT
5    TO SEE HEAR AND ASK QUESTIONS OF ALL WITNESSES WHO WOULD
6    COME TO COURT AND TESTIFY AGAINST YOU?
7         A    YES.
8         Q    DO YOU UNDERSTAND THAT YOU ARE GIVING UP THE RIGHT
9    TO BRING WITNESSES AND EVIDENCE INTO COURT ON YOUR BEHALF?
10        A    YES.
11        Q    DO YOU UNDERSTAND THAT YOU ARE GIVING UP THE RIGHT
12   TO PRESUMPTION OF INNOCENCE AND A RIGHT AGAINST SELF
13   INCRIMINATION?
14        A    YES.
15        Q    DO YOU UNDERSTAND THAT YOU ARE GIVING UP THE RIGHT
16   TO HAVE THE CHARGES AGAINST YOU PROVED BEYOND A REASONABLE
17   DOUBT?
18        A    YES.
19        Q    DO YOU UNDERSTAND THAT YOU ARE GIVING UP THE RIGHT
20   TO TESTIFY OR TO NOT TESTIFY BASED UPON A DECISION THAT YOU
21   AND YOUR ATTORNEY WOULD MAKE TOGETHER?
22        A    YES.
23        Q    DO YOU UNDERSTAND THAT YOU ARE GIVING UP THE RIGHT
24   ESSENTIALLY TO TAKE THE CASE TO TRIAL AND A RIGHT TO HAVE AN
25   ATTORNEY APPOINTED TO ASSIST YOU WITH THAT TRIAL?
```

1      A    YES.

2      Q    DO YOU UNDERSTAND THAT YOU ARE GIVING UP THE RIGHT

3   TO HAVE THE CHARGES AGAINST YOU PROVED BEYOND A REASONABLE

4   DOUBT?

5      A    YES.

6      Q    AND, LASTLY, DO YOU UNDERSTAND THAT AGAIN YOU ARE

7   GIVING UP THE RIGHT TO TAKE THE CASE TO TRIAL AND TODAY WE

8   WERE PREPARED TO TRY YOU AND IF YOU WERE CONVICTED, THE

9   RIGHT TO HAVE AN ATTORNEY ASSIST YOU WITH AN APPEAL.  YOU

10  ARE GIVING UP YOUR APPELLATE RIGHTS.  DO YOU UNDERSTAND

11  THAT?

12     A    YES.

13     Q    UNDERSTANDING ALL OF THAT, HOW DO YOU WISH TO

14  PLEAD?

15     A    GUILTY.

16     Q    DO YOU ENTER YOUR GUILTY PLEA FREELY AND

17  VOLUNTARILY WITH A FULL UNDERSTANDING OF THE CHARGES AGAINST

18  YOU AND THE RIGHTS THAT YOU ARE GIVING UP AND IT'S YOUR OWN

19  DECISION TODAY TO PLEAD GUILTY?

20     A    YES.

21          MS. HENRICH:  YOUR HONOR, THE INDICTMENT HAS BEEN

22     SIGNED AND THE PLEA HAS BEEN ENTERED.

23          I KNOW YOUR HONOR REMEMBERS THIS CASE FROM A

24     MOTION HEARINGS BUT ESSENTIALLY WHAT THE STATE WOULD

25     HAVE PROVEN AT TRIAL IS THAT ON JULY 21ST OF OVERSEER

                          MELISSA BROCK, RPR                    8

1      2011 OFFICERS WITH THE GEORGIA STATE POLICE DEPARTMENT

2      RESPONDED TO THE REPORT OF A ROBBERY BY SNATCHING.

3          MS. OLGA TSYNMAN NOW SUBACH, SHE GOT MARRIED SINCE

4      THIS, AND HER NAME IS SPELLED T-S-Y-N-M-A-N I BELIEVE,

5      T-S-Y-N-M-A-N, MS. OLGA, SHE WAS WORKING IN THAT AREA

6      AND SHE HAD GONE TO THE SEVEN TO SEVEN NEWSSTAND WHICH

7      IS LOCATED ON 6 PARK PLACE WHICH IS LOCATED IN ATLANTA

8      WHICH IS IN FULTON COUNTY, GEORGIA.  WHILE SHE WAS

9      STANDING IN LINE WITH HER IPHONE IN HER HAND WHICH

10     MS. TSYNMAN LATER REPORTED SHE PAID ABOUT $460 FOR AT

11     THE TIME, THE PERSON LATER IDENTIFIED AS THIS DEFENDANT

12     AND SHE DESCRIBED THE PERSON AS SOMEBODY WEARING A

13     WHITE T-SHIRT, DREADLOCKS AND BLACK PANTS, CAME UP

14     BEHIND HER AND SNATCHED HER PHONE FROM HER HAND AND

15     THEN TOOK OFF RUNNING.  THIS HAPPENED AROUND 4:30 P.M.

16     ON THAT DAY.

17         GSU POLICE DEPARTMENT ESSENTIALLY HAVING BEEN TO

18     THE NEWSSTAND IS RIGHT ACROSS THE STREET FROM THE

19     NEWSSTAND SO OFFICERS WERE THERE PRETTY MUCH INSTANTLY.

20     OFFICER PATRICK WITH GSU POLICE DEPARTMENT WAS SPEAKING

21     WITH MS. SUBACH ABOUT WHAT HAD HAPPENED AND THEN WHEN

22     THEY ARE STANDING AND THEY ARE TALKING ABOUT WHAT HAD

23     HAPPENED, THEY SEE A PERSON AGAIN LATER IDENTIFIED AS

24

25



1   ████████████████████████████████████████

2   POLICE DEPARTMENT WAS FOLLOWING OR IN THE AREA, EXCUSE

3   ME, IN THE AREA AROUND DECATUR STREET AND PARK PLACE

4   AND PRYOR.  HE SEES THE DEFENDANT RUNNING THEN HE SEES

5   THE VICTIM AND OFFICER PATRICK POINTING TO THE

6   DEFENDANT SAYING BASICALLY THAT'S HIM.  THAT'S HIM.

7        OFFICER LARKIN -- AND THE STATE WOULD HAVE PLAYED

8   THE VIDEO AND I HAVE GOTTEN STILL SHOTS FROM THE VIDEO

9   THAT SHOW WHERE THE DEFENDANT WAS RUNNING AND SHOW THAT

10  BASICALLY OFFICER LARKIN WAS AT POINTS ESSENTIALLY 20

11  SECONDS BEHIND THE DEFENDANT FOLLOWING HIM;  THIS STILL

12  SHOT IS FROM AT TIME 16:33:07.  WE SEE THE PERSON

13  RUNNING AND THEN YOU SEE OFFICER LARKIN OR -- YEAH,

14  OFFICER LARKIN COMING DOWN THE CORNER.  HE HAD TO STOP

15  AT 16:33:17 FOR THE U.S. POSTAL SERVICE TRUCK WHICH IS

16  HOW -- ONE OF THE REASONS THE DEFENDANT GOT AWAY FROM

17  HIM.

18       THE DEFENDANT THEN CONTINUED TO RUN AND OFFICER

19  LARKIN SAW HIM RUN TOWARDS THE DIRECTION OF 34

20  PEACHTREE STREET WHICH IF YOU ARE FAMILIAR WITH THAT

21  AREA IT'S KIND OF A TRIANGULAR AREA OVER THERE.  HE RAN

22  ON THE BACK SIDE OF THIS BUILDING TOWARD THE DIRECTION

23  OF 34 PEACHTREE THEN RAN DOWN TOWARDS 34 PEACHTREE.

24  OFFICER LARKIN SAW HIM GO INTO THE BUILDING AND THEN

25  CONTINUED TO FOLLOW HIM.  SURVEILLANCE CAMERAS ALSO

1        CAPTURED A IMAGE OF THE DEFENDANT RUNNING IN THAT

2        DIRECTION TOWARDS THAT BUILDING:

3            THE DEFENDANT THEN WENT INTO 34 PEACHTREE AND

4        AGAIN OFFICER LARKIN WAS FOLLOWING BEHIND HIM.  BY THE

5        TIME OFFICER LARKIN GOT INTO THE BUILDING THE DEFENDANT

6        WAS GONE.  BUT ULTIMATELY WHAT THEY WERE ABLE TO

7        DETERMINE WAS THAT THIS DEFENDANT HAD GONE UP TO THE

8        TENTH FLOOR WHERE THE JUDICIAL CORRECTIONS SERVICES

9        DEPARTMENT OR PROBATION DEPARTMENT WAS.  HE HAD HAD AND

10       WE BELIEVE THIS WOULD HAVE COME OUT DURING THE

11       EVIDENCE, HE HAD HAD AN APPOINTMENT THAT DAY AT 11:00

12       AND HAD NOT SHOWN.  HOWEVER, AS MS. PRICKETT, HIS

13       PROBATION AT THE TIME WOULD HAVE TESTIFIED THAT HE CAME

14       IN AROUND 4:40 AND THERE WAS A RECEIPT VERIFYING THAT

15       HE WAS THERE AT THAT TIME HUFFING AND PUFFING AND

16       BASICALLY OUT OF BREATH.  SO HE CAME TO HIS PROBATION

17       DEPARTMENT.

18           THE OFFICERS WERE ABLE TO NEXT DAY GET STILL SHOTS

19       OF THE DEFENDANT FROM THE 34 PEACHTREE STREET WHICH THE

20       STATE WOULD HAVE INTRODUCED WHICH WE BELIEVE INDICATES

21       THAT THE SAME PERSON SEEN IN THIS SURVEILLANCE VIDEO AS

22       THE PERSON RUNNING FROM OFFICER LARKIN.  THE STILL

23       SHOTS ARE THEN SHOWN TO THE VICTIM WHO IDENTIFIED HIM

24       AS THE PERSON WHO HAD DONE THIS, WHO HAD TAKEN HER

25       IPHONE.  ALL THIS HAPPENED IN FULTON COUNTY.

                    MELISSA BROCK, RPR                    11

1            ESSENTIALLY THAT'S THE BASIS OF FACTS IN THIS

2       CASE.   THE CASE DEFENDANT DOES HAVE A PRIOR 2007 THEFT

3       BY TAKING MISDEMEANOR CONVICTION OUT OF PAULDING

4       COUNTY.   THE STATE HAD FILE A PRIOR ACTS NOTICE.

5       ESSENTIALLY WHAT HE DID IN THAT WAS STEAL A WOMAN'S

6       WALLET OFF OF HER DESK AT A BUDGET RENTAL CAR IN

7       PAULDING COUNTY IN 2006 AND HE PLED GUILTY TO THAT.

8            SO THE STATE'S RECOMMENDATION IN THIS CASE AT THIS

9       POINT IS TEN YEARS TO SERVE THREE YEARS WITH THE

10      BALANCE ON PRODUCT, PERFORMANCE OF 250 HOURS OF

11      COMMUNITY SERVICE.   I'D ASK FOR $200 IN RESTITUTION FOR

12      THE VICTIM FOR HER IPHONE.   I'D ALSO ASK -- I KNOW I

13      DIDN'T SAY THIS INITIALLY BUT I'D ASK THAT HE STAY AWAY

14      FROM THE GEORGIA STATE CAMPUS WHICH IS IN THAT AREA.

15      I'D ASK THAT HE STAY AWAY STREET THAT AREA.   I DON'T

16      BELIEVE HE NECESSARILY HAS A REASON TO BE ON THE

17      CAMPUS, SINCE ALL THIS TOOK PLACE BASICALLY, IN THE

18      GEORGIA STATE CAMPUS AREA.

19           THE PLEA HAS BEEN ENTERED.   THE INDICTMENT HAS

20      BEEN SIGNED.

21           THE COURT:   ALL RIGHT.   MS. CLARK.

22           MS. CLARK:   THANK YOU, YOUR HONOR.

23           JUST SO I DON'T FORGET, WITH REGARDS TO THE

24      REQUEST, THE STATE'S REQUEST TO HAVE MR. KENNEDY STAY

25      OFF GEORGIA STATE CAMPUS, I WOULD OBJECT TO THAT AND

```
1    ASK THE COURT NOT TO ENFORCE THAT BECAUSE GEORGIA STATE
2    CAMPUS IS AN OPEN CAMPUS.  IT'S ALL OVER DOWNTOWN
3    ATLANTA.  I COULD SEE IF IT WAS A CLOSED CAMPUS BUT
4    IT'S NOT.  IT'S OPEN.  IT'S ON CITY STREETS.
5         WITH REGARDS TO THE RESTITUTION, WE ARE REQUESTING
6    A HEARING.
7         WITH REGARD TO THE FACTS, AT TRIAL, MR. KENNEDY IS
8    ENTERING A PLEA PURSUANT TO NORTH CAROLINA VERSUS
9    ALFORD BASED UPON THE FACT THAT HE DOES NOT WANT TO
10   RISK GOING TO TRIAL.  WE HAVE DISCUSSED THE PROS AND
11   CONS BACK AND FORTH.
12        THERE WAS A MOTIONS HEARING IN THIS CASE AND WITH
13   REGARD TO THAT IDENTIFICATION, THE RULING -- AND
14   UNFORTUNATELY I DID NOT WRITE THE DATE DOWN SO WE COULD
15   NOT GET A TRANSCRIPT OF THAT, BUT THE RULING THE
16   COURT'S RULING WAS THAT MS. TSYNMAN OR WHATEVER HER NEW
17   LAST NAME IS HER PREVIOUS I.D. WAS OUT BUT SHE COULD
18   IDENTIFY HIM IN COURT.
19   ███████████████████████████████████████████
20   ███████████████████████████████████████████
21   ███████████████████████████████████████████
22   ███████████████████████████████████████████
23   ███████████████████████████████████████████
24        SO WE WOULD HAVE CALLED OUR I.D. EXPERT IF WE HAD
25   BEEN ALLOWED TO MS. HEATHER KLIDER WHO WOULD HAVE
```

MELISSA BROCK, RPR                          13

1     TESTIFIED WITH REGARD TO MEMORY AND HOW IT'S NOT FIXED
2     AND ALSO ABOUT PROBLEMS WITH CROSS-RACIAL
3     IDENTIFICATION WHICH MS. TYSMAN IS RUSSIAN AND YOU KNOW
4     SHE'S CAUCASIAN BUT SHE'S ALSO RUSSIAN.  BUT, OF
5     COURSE, BY MY CLIENT IS A AFRICAN AMERICAN MALE WITH
6     DREADS.
7
8
9
10
11
12
13
14
15
16
17
18
19         SO, YOUR HONOR, IN THIS CASE WE ARE ENTERING THIS
20     PLEA PURSUANT TO ALFORD.  WE'D HAVE THINGS THAT WE
21     WOULD ARGUE BUT MR. KENNEDY DOES NOT WANT TO RISK A
22     TRIAL.
23         WE ARE ASKING THE COURT FOR TWO YEARS ON
24     PROBATION, THAT THAT WILL PURSUANT -- THAT SENTENCE BE
25     PURSUANT TO THE FIRST OFFENDER FIRST OFFENDER ACT.  WE

MELISSA BROCK, RPR                    14

```
1     ASK THE COURT TO WAIVE THE PROBATION FEES FOR 90 DAYS.

2        MR. KENNEDY IS 25.  HE LIVES WITH HIS GRANDMOTHER.

3     ████████████████████████████████████████████████

4     ████████████████████████████████████████████████

5     ████████████████████████████████████████████████

6     ████████████████████████████████████████████████

7     ████████████████████████████████████████████████

8        WE DID OBTAIN A COPY OF THAT REPEAT AND DID SERVE

9     IT ON THE STATE AS RECIPROCAL DISCOVERY.  SO THAT IS

10    OUR REQUEST.

11       AND HE'S HERE TODAY SUPPORTED BY HIS FATHER.

12    PREVIOUSLY HIS GRANDMOTHER HAS BEEN AT ALL OF HIS COURT

13    DATE WITH THE EXCEPTIONS OF LAST TUESDAY AND HIS

14    SISTERS.

15       THAT'S OUR REQUEST, YOUR HONOR.

16       THE COURT:  OKAY.  WHAT'S THE -- THE STATE IS

17    ASKING FOR RESTITUTION.  WHAT IS YOUR POSITION ON THAT.

18       MS. CLARK:  WE ARE REQUESTING A HEARING.  HE'S NOT

19    EMPLOYED.  HE, IN FACT, HAD A HARD TIME OBTAINING WORK

20    BECAUSE OF THIS OPEN CASE ON HIS RECORD.  I DID TELL

21    HIM JUST NOW OUT IN THE HALL I WOULD PUT HIM IN TOUCH

22    WITH VISIONS UNLIMITED TO SEE IF HE QUALIFIED FOR THEIR

23    PROGRAM.  SO HE COULD ALSO WORK ON HIS GED AND THEY

24    COULD HELP HIM, YOU KNOW, JOB TRAINING AND HELP HIM

25    OBTAIN A JOB BECAUSE HE DOES NEEDS A JOB, SO, YOU KNOW,
```

1       HE CAN SUPPORT HIMSELF SO HE DOESN'T HAVE TO RELY UPON

2       HIS --

3           THE COURT:  THE VICTIM IS ACTUALLY SEEKING

4       RESTITUTION ON THIS ONE.

5           MS. HENRICH:  WELL, IT'S -- SHE ACTUALLY PAID $60

6       FOR THE PHONE.

7           MS. CLARK:  SHE TOLD ME 215 FOR THE PHONE.

8           MS. HENRICH:  SHE WAS ASKING FOR $200 IN

9       RESTITUTION.

10          THE COURT:  ALL RIGHT.  OKAY.  ALL RIGHT.  ALL

11      RIGHT WHAT I WILL DO, I WILL ACCEPT THIS PLEA AS BEING

12      FREELY VOLUNTARILY AND KNOWINGLY ENTERED WITH A FACTUAL

13      BASIS THEREFORE.

14          SENTENCE MR. KENNEDY TO -- ON ONE COUNT OF ROBBERY

15      BY SUDDEN SNATCHING TO FIVE YEARS TO BE SERVED ON

16      PROBATION, PERFORM 250 HOURS OF COMMUNITY SERVICE, SET

17      UP -- WE'LL SCHEDULE A RESTITUTION HEARING.  SINCE THE

18      STATE IS REQUESTING RESTITUTION, WE'LL HAVE TO HAVE A

19      ACTUAL HEARING TO DETERMINE WHAT, IF ANY, RESTITUTION

20      MIGHT BE APPROPRIATE.  AND WHAT I'D LIKE FOR

21      MR. KENNEDY TO DO IS STAY AWAY FROM THE AREA

22      IMMEDIATELY ADJACENT TO FIVE POINTS.  SO THAT WOULD

23      BE THE BLOCK WHERE THIS OCCURRED WHICH WAS BETWEEN

24      EDGEWOOD AND DECATUR, I GUESS.  IS THAT IT?

25          MS. CLARK:  EDGEWOOD AND DECATUR.

                MELISSA BROCK, RPR                    16

1                THE COURT:  AND PARK PLACE.

2                MS. CLARK:  UM HMM.

3                THE COURT:  STAY AWAY FROM THAT LOCATION AND STAY

4      AWAY FROM THAT LOCATION AND A TWO BLOCK RADIUS

5      SURROUNDING THAT LOCATION.  SO THAT'S A DEFINITE AREA

6      THAT CAN BE DETERMINED AND ENFORCED.

7                MS. CLARK:  OUR OFFICE IS WITHIN TWO BLOCKS OF

8      THAT.

9                THE COURT:  UNLESS HE GETS ANOTHER OFFENSE, HE

10     DOESN'T NEED TO BE SEEING Y'ALL.

11               MS. CLARK:  HE DOESN'T.  I NORMALLY GIVE THEM

12     COPIES OF THEIR --

13               THE COURT:  OKAY LET ME SAY IT'S A TWO BLOCK

14     RADIUS EXCEPT IF HE HAS AN APPOINTMENT OR OTHERWISE HAS

15     BUSINESS WITH THE FULTON COUNTY PUBLIC DEFENDERS OFFICE

16     WHICH IS -- WHAT'S THE ADDRESS?

17               MS. CLARK:  55 PARK PLACE NORTHEAST.

18               THE COURT:  55 PARK PLACE.  OKAY.

19               MS. CLARK:  WE WERE REQUESTING FIRST OFFENDER

20     TREATMENT.

21               THE COURT:  ALL RIGHT.  I'LL MAKE THE SENTENCE

22     PURSUANT TO THE TERMS OF THE FIRST OFFENDER ACT.  BY

23     THE WAY, THE PROBATION OFFICE IS WITHIN TWO BLOCKS OF

24     THAT.

25               MS. CLARK:  FELONY GOES -- HE WAS ON MISDEMEANOR

                        MELISSA BROCK, RPR                    17

1    PROBATION.  I THINK FELONY GOES TO SYLVAN ROAD IF I'M

2    NOT MISTAKEN.

3         THE COURT:  OKAY.  SO THAT'S NOT A PROBLEM THEN.

4    OKAY.  ANYTHING FURTHER?  WE'LL SCHEDULE A HEARING.

5         MS. CLARK:  ALL RIGHT THANK, YOU YOUR HONOR.

6         (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              C E R T I F I C A T E

 2

 3       STATE OF GEORGIA:

 4       COUNTY OF FULTON:

 5

 6              I HEREBY CERTIFY THAT THE FOREGOING PAGES

 7       REPRESENT A TRUE, COMPLETE, AND CORRECT TRANSCRIPT

 8       OF THE PROCEEDINGS TAKEN DOWN BY ME IN THE CASE

 9       AFORESAID.

10              THIS CERTIFICATION IS EXPRESSLY WITHDRAWN

11       AND DENIED UPON THE DISASSEMBLY OR PHOTOCOPYING OF

12       THE FOREGOING TRANSCRIPT OF ANY PART THEREOF,

13       INCLUDING EXHIBITS, UNLESS SAID DISASSEMBLY OR

14       PHOTOCOPYING IS DONE BY THE UNDERSIGNED OFFICIAL

15       COURT REPORTER AND ORIGINAL SIGNATURE AND SEAL IS

16       ATTACHED THERETO.

17              THIS, THE 2ND DAY OF MAY, 2013.

18

19

20              MELISSA BROCK, RPR, CCR-B-1370
                OFFICIAL COURT REPORTER
21              SUPERIOR COURT OF FULTON COUNTY
                ATLANTA JUDICIAL CIRCUIT
22

23

24

25
```



**GEORGIA BUREAU OF INVESTIGATION**
3121 Panthersville Road
P.O. Box 370808
Decatur, Georgia 30037-0808

Exhibit F
Consist's of 6 pages E.H

March 12, 2019

Mr. Erunta Kennedy #100106939
Augusta State Medical Prison
3001 Gordon Hwy
Grovetown, GA 30813

Reference:  Erunta Kennedy

Dear Mr. Kennedy #100106939,

On March 12, 2019, the Georgia Bureau of Investigation received your letter requesting GBI records relating to: Erunta Kennedy, case number: 11SC106310. A search for the requested records was conducted.

Therefore, in accordance with O.C.G.A. 50-18-70(f) of the Open Records Act, you are hereby notified that based upon the information you have provided, we are unable to locate any records that are responsive to your request. Because of this, no further action may be taken to fulfill this request.

Sincerely,

Brad Parks
Special Agent in Charge
GBI Office of Privacy & Compliance

---

| **Division of Forensic Sciences**<br>P.O. Box 370808<br>Decatur, Georgia 30037-0808 | **Investigative Division**<br>P.O. Box 370808<br>Decatur, Georgia 30037-0808 | **Georgia Crime Information Center**<br>P.O. Box 370808<br>Decatur, Georgia 30037-0808 |
| --- | --- | --- |

March 18, 2019

Johnson State Prison
POB 334
Wrightsville, GA  31096

Reference:   Erunta Kennedy

On March 18, 2019, the Georgia Bureau of Investigation received your letter requesting GBI records relating to: Erunta Kennedy. A search for the requested records was conducted.

Therefore, in accordance with O.C.G.A. 50-18-70(f) of the Open Records Act, you are hereby notified that based upon the information you have provided, **we are unable to locate any records that are responsive to your request.**

**We have searched for these records and have nothing on any of your three (3) requests.  Please try to request the information from a local source or from the Agency which charged and arrested you.**

If you have additional information related to the incident, such as the name of the victim(s), GBI criminal case numbers or Crime Lab case numbers, or other specific identifying data, please send it to us for further research.

Sincerely,

Brad Parks
Special Agent in Charge
GBI Office of Privacy & Compliance



# GEORGIA BUREAU OF INVESTIGATION

3121 Panthersville Road
P.O. Box 370808
Decatur, Georgia 30037-0808

Vernon M. Keenan
*Director*

December 4, 2018

Mr. Erunta Kennedy GDC# 1001068939
Augusta State Medical Prison
3001 Gordon Hwy
Grovetown, GA 30813

Reference: Olga Tsynman

Dear Mr. Kennedy

On November 21, 2018, the Georgia Bureau of Investigation received your letter requesting GBI records relating to: Erunta Kennedy. A search for the requested records was conducted.

Therefore, in accordance with O.C.G.A. 50-18-70(f) of the Open Records Act, you are hereby notified that based upon the information you have provided, we are unable to locate any records that are responsive to your request.

If you have additional information related to the incident, such as the name of the victim(s), GBI criminal case numbers or Crime Lab case numbers, or other specific identifying data, please send it to us for further research.

Sincerely,

*Lisa B. Harris*

Lisa Harris
Special Agent in Charge
GBI-Legal Services

| Division of Forensic Sciences | Investigative Division | Georgia Crime Information Center |
|---|---|---|
| P.O. Box 370808 | P.O. Box 370808 | P.O. Box 370808 |
| Decatur, Georgia 30037-0808 | Decatur, Georgia 30037-0808 | Decatur, Georgia 30037-0808 |



# GEORGIA BUREAU OF INVESTIGATION
3121 Panthersville Road
P.O. Box 370808
Decatur, Georgia 30037-0808

Vernon M. Keenan
*Director*

November 14, 2018

Mr. Erunta Kennedy #100106939
Augusta State Medical Prison
3001 Gordon Hwy
Grovetown, GA 30813

Reference: Erunta Kennedy

Dear Mr. Kennedy

On November 9, 2018, the Georgia Bureau of Investigation received your letter requesting GBI records relating to: Erunta Kennedy. A search for the requested records was conducted.

Therefore, in accordance with O.C.G.A. 50-18-70(f) of the Open Records Act, you are hereby notified that based upon the information you have provided, we are unable to locate any records that are responsive to your request.

If you have additional information related to the incident, such as the name of the victim(s), GBI criminal case numbers or Crime Lab case numbers, or other specific identifying data, please send it to us for further research.

Sincerely,

*Lisa B. Harris*

Lisa Harris
Special Agent in Charge
GBI-Legal Services

| Division of Forensic Sciences | Investigative Division | Georgia Crime Information Center |
|---|---|---|
| P.O. Box 370808 | P.O. Box 370808 | P.O. Box 370808 |
| Decatur, Georgia 30037-0808 | Decatur, Georgia 30037-0808 | Decatur, Georgia 30037-0808 |





# GEORGIA BUREAU OF INVESTIGATION

3121 Panthersville Road
P.O. Box 370808
Decatur, Georgia 30037-0808

Vernon M. Keenan
*Director*

November 29, 2018

Mr. Erunta Kennedy GDC# 1001068939
Augusta State Medical Prison
3001 Gordon Hwy
Grovetown, GA 30813

Reference: Erunta Kennedy

Dear Mr. Kennedy

On November 21, 2018, the Georgia Bureau of Investigation received your letter requesting GBI records relating to: Erunta Kennedy. A search for the requested records was conducted.

Therefore, in accordance with O.C.G.A. 50-18-70(f) of the Open Records Act, you are hereby notified that based upon the information you have provided, we are unable to locate any records that are responsive to your request.

If you have additional information related to the incident, such as the name of the victim(s), GBI criminal case numbers or Crime Lab case numbers, or other specific identifying data, please send it to us for further research.

Sincerely,

*Lisa B. Harris*

Lisa Harris
Special Agent in Charge
GBI-Legal Services

Division of Forensic Sciences
P.O. Box 370808
Decatur, Georgia 30037-0808

Investigative Division
P.O. Box 370808
Decatur, Georgia 30037-0808

Georgia Crime Information Center
P.O. Box 370808
Decatur, Georgia 30037-0808

Georgia Administration Procedure Act
Georgia Government Document Act
Georgia Records Act

TO: GBI records Division FROM: Erunta Kennedy 1001068939
3121 Pantherville Rd. ASMP. 3001 Gordon Hwy.
Decatur, GA. 30034 Grovetown, GA. 30813

Pursuant to Official Code of Georgia Annotated Title 50 Chapter 13, Sections 3 and 9 "Adopted of Agency's Rules of Organization and Practive, Public Inspection and validity of Rules, Policies, Orders, Decision, and Opinions- Petition for Agency's Promulgation of Rules." Title 50, Chapter 18, Section(s) 70 and 71 "Inspection of Public Records, Right of Access to Make Reproductions." All requested information known as "Records" under O.C.G.A. 50-18-91(2) (5) and 50-18-102(a). I, the undersigned identified as above, respectfully request the following information:

May I please have any documents in re: Case # 11SC\066310; also and Index of any materials you holding as related to discovery
ALSO:
O.C.G.A. 17-16-1 ET. SEQ.
CAN YOU PLEASE SEND ME A DOCUMENT STATING THAT, I'M NOT NOR HAVE I EVER BEEN INVESTIGATED BY YOUR OFFICE, THIS INFORMATION IS VITAL TO MY CASE, AND RECORD IS NEEDED TO PROVE MY INNOCENCE, OR I'LL BE A VICTIM OF A MISCARRIAGE OF JUSTICE.

If for any reason(s) any of the above described information or material is deemed to be non-releasable. Pleace specify the statutory and regulatory reason(s) and the name and title of the person (s) making such decisions.

Your kind reply within the next (20) days would be very much appreciated. In the event that I do not recieve any reply within that time, I will deem this formal request as denied and will have no alternate option but to seek access to the above requested information and material through the appropriate judicial remedies sanctioned by O.C.G.A. 50-18-73 "Jurisdiction to Enforce".

Respectfully Submitted, Erunta Kennedy

Sworn and subscribed before me this 14 day of NOV, 2018

Notary Public

3-7-20
My Commision Expires

TAMMY STROUP
NOTARY
Comm. Exp.
03/07/22
PUBLIC
McDUFFIE COUNTY, GA

(Exhibit G)
E.K.

IN THE SUPERIOR COURT OF
FULTON COUNTY

STATE OF GEORGIA                          *
                                          *
v.                                        *        Agency Case Number
                                          *        110634
                                          *
ERUNTA KENNEDY                            *
                                          *

## STATEMENT OF WITNESS

I, G. CERALD, ID#130, the undersigned, under penalty of prosecution pursuant to O.C.G.A. §16-10-20 for the crime of False Statements and Writings, do state the following:

1.

I am over eighteen (18) years of age, am suffering from no legal disabilities; I make this Statement from personal knowledge.

2.

I am or I at all times relevant here have been, a duly certified law enforcement officer with the **Georgia State University Police Department.**

3.

The facts set forth below are true to the best of my knowledge; and facts included in the police report, Agency Case Number 110634, are incorporated herein.

4.

On the **2** 1st day of **July, 2011**, the defendant(s) herein named:

Name                                      DOB
**ERUNTA KENNEDY**                        **06/28/1987**

did, at approximately **4:30 P.M.**, at **Edgewood @ Park Place SE, Atlanta, Georgia 30303**, in Fulton County, Georgia, commit the following acts:

## ROBBERY BY SUDDEN SNATCHING O.C.G.A. §16-8-40

**Accused, identified as ERUNTA KENNEDY, approached Victim OLGA TSYNMAN while she was at the 7 to 7 News Stand paying for some items and snatched the Victim's iPhone 4 valued at approximately $460.00 out of her hand and fled onto Park Place. Officer Larkin and I got a visual of Accused when the Victim pointed him out to us as he ran and finally went inside the building at 34 Peachtree Street. Surveillance cameras at that location captured Accused running into the Georgia State Credit Union at that address and entering the elevator on the 10th floor where Judicial Correction Services is located. I obtained a photograph of the suspect and showed it the Judicial Correction Services Office Manager Jakaun Barnes, who identified the suspect as ERUNTA KENNEDY, who is currently on probation. I later also showed the photographs of Accused from the surveillance video to the Victim, and she positively identified Accused ERUNTA KENNEDY as the person who snatched her iPhone and took it from her without her permission.**

(Exhibit H)

Consist's of 9 pages
E.K.

Date: _April 12, 2019_

To: _Georgia State Universal (Police Department)_
_P.O. Box 3965_
_Atlanta, GA. 3D302-3965_

Certified Mail Receipt No. _____

RE:  Request for Information; O.C.G.A. 50-18-70: Georgia Open Records Act

To Whom It May Concern:

I am writing to formally request information or documentation which is in the possession,
custody, and control of your agency, this being pursuant to O.C.G.A. 50-18-70 Georgia
Open Records Act.

The specific information I request is as follows: _Case No. 11SC106310_

1) _The Photo Line up_

2) _Officer Larkins statement and incident report_

3) _Video Footage_

_I Erunta Kennedy, have a Habeas Corpus Hearing fastly approaching
and these documents/items or needing to prove my innocense._

I request that the documentation be certified and attested to, in order to satisfy the
requirements of O.C.G.A. 24-7-20.  I am requesting **2** copy/copies.

I look forward to receiving your response within three (3) business days, as is prescribed
under O.C.G.A. 50-18-70(f), with an estimate if applicable, pursuant to O.C.G.A.
50-18-71.2.

Sincerely,

_Erunta Kennedy_
GDC# _1001068939_
Johnson State Prison
P.O. Box 344
Wrightsville, Georgia 31096

MASTER COPY

OFFICE OF LEGAL AFFAIRS

**Mailing Address:**
P.O. Box 3978
Atlanta, GA  30302-3978

Phone   404-413-0500
Fax      404-413-1518

Georgia State
University.

May 3, 2019

VIA U.S. MAIL

Erunta Kennedy #1001068939
Johnson State Prison
P.O. Box 344
Wrightsville, Georgia 31096

Re:      Georgia Open Records Act Request

Dear Mr. Kennedy,

Enclosed please find documents responsive to your request which are being provided at no charge to you.  There is no photo lineup, statement by Officer Larkins, or video footage responsive to your request.

Sincerely,

Stacey B. Brandenburg
Legal Assistant II

5-8-2019

Dear Ms. Stacey B. Brandenburg

RE: Georgia Open Records Act Request.

Sorry for disturbing you on your busy and demanding day, however take a look at the attached sheets Page #13, lines 19-23 and page 14, lines 14-18

Page #13 clearly shows that there was a line-up shown in Case # 11SC106310. Page 14 clearly shows that Officer - Larkins, testify in a Motion Hearing.

Well, thanks for the Incident report which clearly States that a Camera Footage/Video Footage viewed by GSUPD CID.

Thanks and I look hearing back from you soon.

Respectfully Submitted this on 2nd day of May 2019.

Erunta Kennedy
Erunta Kennedy
#1001068939
Johnson State Prison
P.O. Box 344
Wrightsville, ga. 31096



**Georgia State University**
**Police Department**
**INCIDENT REPORT**
15 EDGEWOOD AVE, ATLANTA, GA, 30303
PHONE: 404-413-3230  FAX: 404-413-3231  police@gsu.edu

| LOCATION OF OCCURRENCE / ADDRESS | DATE / TIME REPORTED | CASE NO. |
|---|---|---|
| EDGEWOOD @ PARK PLACE SE, 7 TO 7 NEWS STAND, 6 PARK PLACE | 07/21/2011 16:31 | 11-0634 |

| CODE SECTION | CRIME | CLASSIFICATION | LOSS | RECOVERY |
|---|---|---|---|---|
| 16-8-2 | Snatching (Purse, Handbag, etc.) | LARCENY-THEFT | 460 | 0 |

| FROM: DATE/TIME | TO: DATE/TIME | APPROVED | CASE STATUS | RELATED AGENCY | RELATED AGENCY NUMBER |
|---|---|---|---|---|---|
| 07/21/2011 16:31 | 07/21/2011 16:31 | YES | ARREST | | |

**ITEMS IN REPORT**
- [x] SUPPLEMENT
- [ ] PICTURE/IMAGES
- [x] FOLLOW UP
- [ ] PROPERTY/EVIDENCE

**CATEGORIES**

| | | | |
|---|---|---|---|
| [ ] CRIME SUPPRESSION | [ ] GROUP INVOLVED | [x] CHIEF | [x] INVESTIGATIONS | [ ] VICTIM |
| [ ] MOTORS | [ ] WEAPON INVOLVED | [ ] COMPLAINANT | [ ] OTHER | [ ] VIDEO ON FILE |
| [ ] ALCOHOL RELATED | [ ] ARREST OCCURED | [ ] DEAN OF STUDENTS | [ ] PATROL | [ ] WITNESS |
| [ ] TRAFFIC RELATED | [ ] DOMESTIC VIOLENCE | [ ] DEKALB SHERIFFS OFFICE | [ ] HOUSING | [ ] SIGNAL REPORTER |
| [ ] DRUGS INVOLVED | [ ] SENIOR CITIZEN | [ ] FULTON COUNTY | | |

| INV | NAME: | SUFFIX | RACE | ETHNICITY | SEX | AGE | DOB | HT | WT | HAIR | EYE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| OFF | KENNEDY, ERUNTA | | B | | MX | 23 | | 5.10 | 220 | BLK | BRO |
| SSN | | DRIVER'S LIC. NO. | | | STUDENT ID | | | TYPE | | | |
| 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 | | | | | | | | NON GSU | | | |

**ARREST INFORMATION**
**LOCATION OF ARREST**
RICE STREET, N.W.,

| CODE SECTION | CRIME DESCRIPTION | CLASSIFICATION |
|---|---|---|
| 16-8-40 A3 | Sudden Snatch No Force Non-Purse/Handbag | ROBBERY |
| ARREST DATE | LEVEL | ARRESTING OFFICER |
| 11/19/2011 | F | GERALD G. GREGORY |

| INV | NAME: | SUFFIX | RACE | ETHNICITY | SEX | AGE | DOB | HT | WT | HAIR | EYE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| VIC | TSYNMAN, OLGA | | W | | FX | 35 | | | | | |
| SSN | | DRIVER'S LIC. NO. | | | STUDENT ID | | | TYPE | | | |
| | | | | | | | | NON GSU | | | |

**NARRATIVE**

At approximately 1631 hours while on patrol on Park Place and Edgewood Avenue, I was approached by a victim later identified as Olga Tsynman (Employee of Trust Co. Bank Building) and (Non GSU). Ms. Tsynman stated at 1630 hours, she was at the 7 to7 News Stand paying for her items when one black male (Suspect 1: approximately 6 feet tall, medium build,with shoulder length dreadlocks, white t-shirt, and black shorts) approached her, snatched her I-Phone 4 ($460) out of her left hand, fled onto Park Place, made a right onto Decatur Street, left onto Peachtree Street, and left onto Upper Wall Street. Ms. Tsynman also informed me after her I-Phone was snatched, she was approached by another black male (Suspect 2: approximately 5 feet tall, slender build, red polo shirt, earrings in both ears, white dress hat, and dark pants) who informed her that he was going to apprehend the suspect, but was later seen running with the suspect. Myself and Officer Larkin had a visual of suspect 1 running on Decatur Street and made a right on Peachtree Street, but later lost visual of him. Ms. Tsynman was provided with a GSUPD case number and was advised that a copy of the report will be available in three business days.

Based on the video footage viewed by GSUPD CID, Suspect 1 was running north on Pryor Street, made a left on Decatur Street, made a right on Peachtree Street, and ran inside the 34 Peachtree Street building to seek refuge. Further video footage of the suspect will be provide to GSU Police CID from 34 Peachtree Security on 7/21/11, when the footage is pulled from their system.

| REPORTING OFFICER | REVIEWED BY | APPROVAL DATE | |
|---|---|---|---|
| PATRICK, ROBERT | WILBORN, KIAWANA | 07/22/2011 11:36 | |
| SIGNATURES | | PRINT DATE AND TIME | PRINTED BY | PAGE NO. |
| | | 04/30/2019 11:09 | WILBORN, KIAWANA | 1 of 2 |



**Georgia State University**
**Police Department**
**INCIDENT REPORT**
**15 EDGEWOOD AVE, ATLANTA, GA, 30303**
PHONE: 404-413-3230  FAX: 404-413-3231  police@gsu.edu

| LOCATION OF OCCURRENCE / ADDRESS | DATE / TIME REPORTED | CASE NO. |
|---|---|---|
| EDGEWOOD @ PARK PLACE SE, 7 TO 7 NEWS STAND, 6 PARK PLACE | 07/21/2011 16:31 | 11-0634 |

| REPORTING OFFICER | REVIEWED BY | | | APPROVAL DATE | |
|---|---|---|---|---|---|
| PATRICK, ROBERT | WILBORN, KIAWANA | | | 07/22/2011 11:36 | |
| SIGNATURES | | PRINT DATE AND TIME | PRINTED BY | | PAGE NO. |
| | | 04/30/2019 11:09 | WILBORN, KIAWANA | | 2 of 2 |



**Georgia State University**
**Police Department**
**Supplement Case Report**
15 EDGEWOOD AVE, ATLANTA, GA, 30303
PHONE: 404-413-3230  FAX: 404-413-3231  police@gsu.edu

| | |
|---|---|
| | Case No. |
| | 11-0634 |

| Location of Occurrence / Address | Cad No. | Date and Time Reported |
|---|---|---|
| EDGEWOOD @ PARK PLACE SE/7 TO 7 NEWS STAND/6 PARK PLACE, | 11-07-21-758164 | 07/21/2011 16:31 |

| CODE SECTION | CRIME DESCRIPTION | CLASSIFICATION |
|---|---|---|
| 16-8-2 | Snatching (Purse, Handbag, etc.) | LARCENY-THEFT |

Supplement Narrative

On 07/22/2011 at 1600 hours, the victim provided me with the serial number (IMEI) for her stolen black Apple i Phone (012336001874910). I completed an Article Entry Worksheet and submitted it to Communications for entry into GCIC.

| Reporting Officer | Supplement Date and Time Reported | Reviewed By | Approval Date and Time |
|---|---|---|---|
| GERALD G, GREGORY | 07/22/2011 16:23 | HICKEY, DAVID | 01/10/2012 17:02 |
| Signatures | | Print Date and Time | Printed By | Page No. |
| | | 04/30/2019 11:09 | WILBORN, KIAWANA | 1 of 4 |



**Georgia State University**
**Police Department**
**Supplement Case Report**
15 EDGEWOOD AVE, ATLANTA, GA, 30303
PHONE: 404-413-3230 FAX: 404-413-3231 police@gsu.edu

| | |
|---|---|
| | Case No. 11-0634 |

| Location of Occurrence / Address | Cad No. | Date and Time Reported |
|---|---|---|
| EDGEWOOD @ PARK PLACE SE/7 TO 7 NEWS STAND/6 PARK PLACE, | 11-07-21-758164 | 07/21/2011 16:31 |

| CODE SECTION | CRIME DESCRIPTION | CLASSIFICATION |
|---|---|---|
| 16-8-2 | Snatching (Purse, Handbag, etc.) | LARCENY-THEFT |

Supplement Narrative

On 08/30/2011 at 1320 hours, Fulton County Arrest Warrant # 325899MC was issued for Erunta Kennedy for (1) count of Robbery by Sudden Snatching (16-8-40). The arrest warrant was signed by Judge Elizabeth Vila Rogan.

I completed a GCIC Wanted Person Worksheet and forwarded it to Communication for entry into GCIC.

| Reporting Officer | Supplement Date and Time Reported | Reviewed By | Approval Date and Time |
|---|---|---|---|
| GERALD G, GREGORY | 08/30/2011 15:49 | HICKEY, DAVID | 01/10/2012 17:02 |
| Signatures | Print Date and Time 04/30/2019 11:09 | Printed By WILBORN, KIAWANA | Page No. 2 of 4 |



**Georgia State University**
**Police Department**
**Supplement Case Report**
**15 EDGEWOOD AVE, ATLANTA, GA, 30303**
**PHONE: 404-413-3230  FAX: 404-413-3231  police@gsu.edu**

| | | | Case No. |
|---|---|---|---|
| | | | 11-0634 |

| Location of Occurrence / Address | | Cad No. | Date and Time Reported |
|---|---|---|---|
| EDGEWOOD @ PARK PLACE SE/7 TO 7 NEWS STAND/6 PARK PLACE, | | 11-07-21-758164 | 07/21/2011 16:31 |

| CODE SECTION | CRIME DESCRIPTION | CLASSIFICATION |
|---|---|---|
| 16-8-2 | Snatching (Purse, Handbag, etc.) | LARCENY-THEFT |

Supplement Narrative

On 11/19/2011, Erunta Kennedy (warrant # 325899MC) was stopped on a traffic stop by Georgia State Patrol. He was arrested an transported to the Fulton County Detention Center for the GSUPD active warrant.

| Reporting Officer | Supplement Date and Time Reported | Reviewed By | | Approval Date and Time |
|---|---|---|---|---|
| GERALD G, GREGORY | 11/21/2011 12:06 | HICKEY, DAVID | | 01/10/2012 17:02 |
| Signatures | | Print Date and Time | Printed By | Page No. |
| | | 04/30/2019 11:09 | WILBORN, KIAWANA | 3 of 4 |



**Georgia State University**
**Police Department**
**Supplement Case Report**
15 EDGEWOOD AVE, ATLANTA, GA, 30303
PHONE: 404-413-3230  FAX: 404-413-3231  police@gsu.edu

| | | | Case No. |
|---|---|---|---|
| | | | 11-0634 |

| Location of Occurrence / Address | | Cad No. | Date and Time Reported |
|---|---|---|---|
| EDGEWOOD @ PARK PLACE SE/7 TO 7 NEWS STAND/6 PARK PLACE, | | 11-07-21-758164 | 07/21/2011 16:31 |

| CODE SECTION | CRIME DESCRIPTION | CLASSIFICATION |
|---|---|---|
| 16-8-2 | Snatching (Purse, Handbag, etc.) | LARCENY-THEFT |

Supplement Narrative

On 12/13/2011 at 0830 hours, I attended the Grand Jury hearing for Erunta Kennedy at the Fulton County
Court House.

| Reporting Officer | Supplement Date and Time Reported | Reviewed By | | Approval Date and Time |
|---|---|---|---|---|
| GERALD G, GREGORY | 12/13/2011 12:11 | HICKEY, DAVID | | 01/10/2012 17:02 |
| Signatures | Print Date and Time | | Printed By | Page No. |
| | 04/30/2019 11:09 | | WILBORN, KIAWANA | 4 of 4 |

*(Exhibit I)*
*Consist of 12 pages*
*E.K.*

Date: **April 30, 2019**

To: **District Attorney**
**156 Pryor Street sw. 3rd Floor**
**Atlanta, ga. 30303**

Certified Mail Receipt No._____

RE: Request for Information; O.C.G.A. 50-18-70: Georgia Open Records Act
*(f)*

To Whom It May Concern:

I am writing to formally request information or documentation which is in the possession, custody, and control of your agency, this being pursuant to O.C.G.A. 50-18-70 Georgia Open Records Act.

The specific information I request is as follows: **Case No. 11SC106310**
**1) The Photo Line up**
**2) Officer LARKINS Statement and incident report**
**3) Video Footage**

**I Erunta Kennedy, have a Habeas Corpus Hearing fastly approaching and these documents/items or needing to prove my innocence.**

I request that the documentation be certified and attested to, in order to satisfy the requirements of O.C.G.A. 24-7-20. I am requesting **12** copy/copies.

I look forward to receiving your response within three (3) business days, as is prescribed under O.C.G.A. 50-18-70(f), with an estimate if applicable, pursuant to O.C.G.A. 50-18-71.2.

Sincerely,                                    *[signature]* 4/30/19

*Erunta Kennedy*
GDC #1001065939
Johnson State Prison
P.O. Box 344
Wrightsville, Georgia 31096

To: <u>District Attorney office</u>
<u>136 Pryor street SW 3rd Floor</u>
<u>Atlanta, ga. 30303</u>

RE: REQUESTING DOCUMENTS CASE NO. <u>#11SC106310</u>

Dear Sir or Madam:

The purpose of this letter is to request information pursuant to the Freedom of information Act.(F.O.I.A.) 5. U.S.C. Section 552. If this Information is not available from your Agency. please forward this request to the Approbrite Agency or Advice me of the other agencies which might have the Information.

Please provide me with the following Items:

1) <u>Photograph Line up (*6) pictures</u>
2) <u>Officer Larkins Statement/testimony</u>
3) <u>Camera Footage</u>

Please Limit your Search of the Above item(s) to the period from <u>July 21st</u> 2011 to <u>April 29th</u> 2013

I Declare that I'm the person named in the above/aforementioned federal of Information Request and that information returned with be for my private and personal use only.

Sincerly,

Erunta Kennedy
<u>Erunta Kennedy</u>
<u>#1001068939</u>
<u>Johnson State Prison</u>
<u>290 Donovan Road</u>
<u>Wrightsville, ga, 31096</u>

7/30/19

# OFFICE OF THE FULTON COUNTY DISTRICT ATTORNEY

## ATLANTA JUDICIAL CIRCUIT
136 Pryor Street, SW, 3rd Floor
Atlanta, Georgia 30303-3477

PAUL L. HOWARD, JR.
District Attorney



**FULTON COUNTY**

(404) 613-4984
(404) 893-2769   FAX

November 27, 2018

Erunta Kennedy
ASMP 3001 Gordon Highway
Grovetown, GA 30813

RE:  11SC106310; State v. Kennedy

Dear Erunta Kennedy,

We are in receipt of your Open Records request for the above-referenced matter.  We have already begun gathering the requested records.  Please contact me at your soonest convenience to schedule a time to review the files.

Thanks,

Tristan W. Gillespie
Assistant District Attorney
Fulton County District Attorney's Office
Atlanta Judicial Circuit
136 Pryor Street, 4th Floor
Atlanta, GA  30303
404-613-4988 Direct Line
tristan.gillespie@fultoncountyga.gov

# OFFICE OF THE FULTON COUNTY DISTRICT ATTORNEY

## ATLANTA JUDICIAL CIRCUIT
136 Pryor Street, SW, 3rd Floor
Atlanta, Georgia 30303-3477

PAUL L. HOWARD, JR.
District Attorney



**FULTON COUNTY**

(404) 613-4984
(404) 893-2769   FAX

December 03, 2018

**_SENT VIA REGULAR MAIL:_**

Erunta Kennedy
ASMP 3001 Gordon Highway
Grovetown, GA 30813

RE:  11SC106310; State v. Kennedy

Dear Erunta Kennedy:

This correspondence is in response to your Open Records Act Request Reference#: R005801-113018 dated November 30, 2018.  Your request sought the following:

*All materials diligent and pertaining to Criminal Case No. 11SC106310 and 2017-RCHM-2, which is under your office's control for use in post conviction proceedings.  I need a complete listing to accompany said evidence.  I have never received discovery in said case.*

After reviewing the aforementioned request, we believe we may have responsive records.  As permitted by O.C.G.A. § 50-18-71(c), a fee will be charged to cover the administrative costs associated with the time spent searching for, retrieving, redacting, and supervising access to the requested documents.  The fee represents the hourly rate of the lowest paid full-time employee(s) with the necessary skill and training to respond to your request.  However, no charge will be made for the first fifteen minutes of staff time expended in complying with your request.  Unless otherwise provided by law, the charge for copies is generally $0.10 per page, as permitted by O.C.G.A. § 50-18-71(c).

I received a call from your brother a few weeks ago and he indicated that you were merely searching for specific documents within your file.  Unfortunately, I cannot recall which records he was looking for.  It would perhaps be easiest if your brother could come to our office to review the case file and he can then copy whichever records you want.

We will keep this request open for four weeks as we await your response/ confirmation. If we do not hear back from you by February 14th, 2019, we will close this request.

Please be advised that certain requested documents, or portions thereof, have been redacted pursuant to the Georgia Open Records Act. Specifically, the following records may be exempted or redacted:

Please feel free to contact me at tristan.gillespie@fultoncountyga.gov  if you have any questions.

Sincerely,

//Tristan Gillespie
Assistant District Attorney
District Attorney

cc:     Unique Jones, Legal Assistant

# OFFICE OF THE FULTON COUNTY DISTRICT ATTORNEY

### ATLANTA JUDICIAL CIRCUIT
136 Pryor Street, SW, 3rd Floor
Atlanta, Georgia 30303-3477

PAUL L. HOWARD, JR.
District Attorney



**FULTON COUNTY**

(404) 613-4984
(404) 893-2769   FAX

December 03, 2018

***SENT VIA REGULAR MAIL:***

Erunta Kennedy
ASMP 3001 Gordon Highway
Grovetown, GA 30813

RE:  11SC106310; State v. Kennedy

Dear Erunta Kennedy:

This correspondence is in response to your Open Records Act Request Reference#: R005801-113018 dated November 30, 2018.  Your request sought the following:

*All materials diligent and pertaining to Criminal Case No. 11SC106310 and 2017-RCHM-2, which is under your office's control for use in post conviction proceedings.  I need a complete listing to accompany said evidence.  I have never received discovery in said case.*

After reviewing the aforementioned request, we believe we may have responsive records.  As permitted by O.C.G.A. § 50-18-71(c), a fee will be charged to cover the administrative costs associated with the time spent searching for, retrieving, redacting, and supervising access to the requested documents.  The fee represents the hourly rate of the lowest paid full-time employee(s) with the necessary skill and training to respond to your request.  However, no charge will be made for the first fifteen minutes of staff time expended in complying with your request.  Unless otherwise provided by law, the charge for copies is generally $0.10 per page, as permitted by O.C.G.A. § 50-18-71(c).

Because this amount is in excess of $500, we will delay producing said records until such time as you pay the estimated costs.  You may do so forwarding a check, payable to Fulton County, to the attention of Avanell Tracey-Goff,, at the address above.  The estimated cost for search, retrieval, and copying of the responsive records is $510.00.

# OFFICE OF THE FULTON COUNTY DISTRICT ATTORNEY

## ATLANTA JUDICIAL CIRCUIT
136 Pryor Street, SW, 3rd Floor
Atlanta, Georgia 30303-3477

PAUL L. HOWARD, JR.
District Attorney



**FULTON COUNTY**

(404) 613-4984
(404) 893-2769   FAX

January 9, 2019

### *SENT VIA REGULAR MAIL:*

Erunta Kennedy
ASMP 3001 Gordon Highway
Grovetown, GA 30813

RE: 11SC106310; State v. Kennedy

Dear Mr. Kennedy:

This correspondence is in response to your Open Records Act Request Reference#: R005801-113018 dated December 27, 2018. Your request was very unclear but it seemed to indicate that you are in search of your "line-up photos". I reviewed your file and was unable to locate same. Your record request is now closed.

Sincerely,

//Tristan Gillespie
Assistant District Attorney
District Attorney

cc:    Unique Jones, Legal Assistant

Res. D. A.A.

To whom this may concern:

Dear: Tristan W. Gillespie

I am in receipt of your November 27, 2018 letter I recieved. Regarding 11SC106310 State v. KENNEDY. Please note that I am presently incarcerated at Augusta State Medical Prison, Please send records in your Compliance with my open records request ASAP.
If there any cost associated please advise via return letter. Thanking you in advance pronpt rep.

Respectfully submitted this letter on December 4th 2018.

Pro SE

Erunta Kennedy
Augusta State Medical Prison
3001 Gordon Hwy
Grovetown, ga. 30813

Erunta Kennedy

TAMMY STROUD
NOTARY
Comm. Exp.
03/07/22
PUBLIC
McDUFFIE COUNTY, GA

12-6-2018

Ass. D. Att.

Dear. Mr. Tristan W. Gillespie

Mr. Tristan all I really needed
out my discovery was: The Indictment,
the Photo-graphic line-up, the Victim
Statements, and Officer Larkin
testimony from the motion hearing,
All of the following things was taking
out of my discovery when a family went
to obtain my discovery from the
DA's office. Thanks for reading this
letter, it's Highly Appreicated.

Respectfully submitted
on the 4th of December
2018.

Pro SE

Erunta Kennedy
Augusta State
Medical Prison
3001 Gordon
Highway
Grovetown, ga.
30813

TAMMY STROUD
NOTARY
Comm. Exp.
03/07/22
PUBLIC
McDUFFIE COUNTY, GA

Erunta Kennedy

12-6-2018

To: PAUL HOWARD.JR

Hello: My name is ERUNTA KENNEDY:

I'm sorry for the Inconvenience. The purpose for this letter is to address a serious issue. I have a Habeas Petition coming soon and I need your assistance trying to obtain my discovery Package. I've tryed thru the (CLERK of COURts) Fulton County, Public Defender's office, G.B.I.'s office, and MS. N. CIAAK. she was my Att: in the (Robbery Conviction# 11SC106310), also thru the District Attorney office; which lead to the statements, from the Victim and Officer Larkins. The Line-up (6-Photos) was taking out. I have went thru the right Procedures: I was never gave a discovery package. FActs.

• Now me not receiving my discovery Package upon request. Violate my fifth and fourthteeth Amendment under the U.S. Constitutional rights. In Brady v. Maryland, the Supreme Court held that "Due Process requires the prosecution to disclose, upon request, evidence favorable to an accused person when such evidence is material to guilt or punishment. My discovery is needed (URGENT).

Thanks for redding this Letter.

Respectfully submitted this letter on the 27 day of December the year 2018.

Pro se

Erunta Kennedy
Augusta State
Medical Prison
3001 Gordon Hwy
Grovetown, ga. 30813

Erunta Ken

[Notary seal: TAMMY STROUD ROTARY Comm. Exp. 03/07/22 PUBLIC McDUFFIE COUNTY GA]

Jan Stoy
Dec 27, 2018

To: Paul Howard

In regards of my previous Correspondance i.e. Discovery Materials Kennedy V. State 11SC106310: Discovery - Package, in it's entiery. What is the Status on this request; Thanking you in advance for your prompt respond. I anxiously await your compliance to this most pressing matter.

Respectfully submitted on the 17th day of December the year 2018

Erunta Kennedy

Pro SE
Erunta Kennedy
Augusta State -
Medical Prison
3001 Gordon Hwy
Grovetown, ga.
30813



TAMMY STROUP
NOTARY
Comm. Exp.
03/07/22
PUBLIC
McDUFFIE COUNTY, GA

Tammy Stroup
18 DEC 2018

Last Letter 2 total Howard

1-16-2019

DEAR: PAUL L. HOWARD
RE: CASE #115C106310; Robbery

My name is Erunta Kennedy #GDC:1001068939

I talked to your Assistant District Attorney Mr. Tristan Gillespie thru letters. I'm writing you on a serious issue, so my issue is I've tried numerous of time's to obtain my discovery package. I, Erunta Kennedy was very clear on the items I need to support my Grounds in my Habeas Corpus my Civil Action # 2018 RCHM 30 and I need the Line up (Photos #6) and the statement an testimony Officer Larkins testify in the (MOTION HEARING). On January 15,2019 my family talked to Mr. Gillespie in person and the Warrant also the Indictment was obtain. Mr. Howard why I didn't recieve the Line up or the statement/ testimony. Why did Mr. Gillespie, left the following things out. The Line up was shown to the victim and Officer Larkin did testify in a Motion Hearing. these items or needed: Page #13 and #14 clearly shows these items or (URGENT) I need the Line up and the testimony. Thanks for reading this letter. My evidence are being held.
See you in court.

Submitted this letter on 16 day of January 2019

Erunta Kennedy

Pro SE
Erunta Kennedy
A.S.M.P.
3001 Gordon Hwy
Grovetown, GA. 30813

NOTARY
TAMMY STROUP
Comm. Exp. 03/07/22
PUBLIC
McDUFFIE COUNTY, GA

Tammy Stroup
16 Jan 19

(Exhibit J)
Consist's of 5 pages
E.K.

Date: _April 12, 2019_

To: _Att· General Chris Carr_
_40 Capitol Square SW_
_Atlanta, GA. 30334_

Certified Mail Receipt No._____

RE: Request for Information; O.C.G.A. 50-18-70: Georgia Open Records Act

To Whom It May Concern:

I am writing to formally request information or documentation which is in the possession, custody, and control of your agency, this being pursuant to O.C.G.A. 50-18-70 Georgia Open Records Act.

The specific information I request is as follows: _Case No. 11SC106320_

1) The Photo Line up
2) Officer Larkins statement and incident report
3) Video Footage

I Erunta Kennedy, have a Habeas Corpus Hearing fastly approaching and these documents/items or needing to prove my innocense.

I request that the documentation be certified and attested to, in order to satisfy the requirements of O.C.G.A. 24-7-20. I am requesting _2_ copy/copies.

I look forward to receiving your response within three (3) business days, as is prescribed under O.C.G.A. 50-18-70(f), with an estimate if applicable, pursuant to O.C.G.A. 50-18-71.2.

Sincerely,

_Erunta Kennedy_
GDC# _1001068939_
Johnson State Prison
P.O. Box 344
Wrightsville, Georgia 31096

_4/12/19_
BILLY D. WICKER
NOTARY PUBLIC
Comm. Exp. 7/05/19

MASTER COPY



# GEORGIA DEPARTMENT OF LAW

40 Capitol Square SW
Atlanta, Georgia 30334-1300

CHRISTOPHER M. CARR
ATTORNEY GENERAL

www.law.ga.gov
(404) 656-3300

Writer's Direct Dial:
404-656-3499
Fax  404-651-6459

April 24, 2019

Erunta Kennedy
GDC# 1001068939
Johnson State Prison
P.O. Box 344
Wrightsville, Georgia 31096

Re:  Open Records Act Request

Dear Mr. Kennedy:

Our Office received your letter requesting: "the photo line up"; "Officer Larkins statement and incident report"; and "video footage" from Case No. 11SC106310.  We have no documents responsive to this request.

Sincerely,

Beth Burton
Deputy Attorney General

Date: April 12, 2019

To: State Attorney General Office (Chris Carr)
    40 Capitol Square SW
    Atlanta, Ga, 30334

RE: Request for Information; O.C.G.A. 50-18-70: Georgia Open Records Act.

To Whom It May Concern:

I am writing to formally request information or documentation which is in the possession, custody, and control of your agency, this being pursuant to O.C.G.A. 50-18-70 Georgia Open Records Act.

The specific information I request is as follows: CASE NO. 11SC106310
1) The Photo Line up
2) Officer LARKINS statement and incident report
3) Video Footage

I Erunta Kennedy, have a Habeas Corpus Hearing fastly approaching and these documents/Items or needing to prove my Innocense.

I request that the documentation be certified and attested to, in order to satisfy the requirements of O.C.G.A. 24-7-20. I am requesting 2 copy/copies.

I look forward to receiving your response within three (3) business days, as is prescribed under O.C.G.A. 50-18-70(f), with an estimate if applicable, pursuant to O.C.G.A. 50-18-71.2.

Sincerely,
Erunta Kennedy

GDC # 1001068939



Johnson State Prison
P.O. Box 344
Wrightsville, Georgia, 31096

STATE Attorney General office

To whom this may Concern:

RE: Case No. 11SC106310

Issue: District Attorney office: 136 Pryor street s.w. 3rd Floor - Atlanta, Georgia. 30303; Fail to Comply with Georgia Open Records Act.

Rule of Law: Under O.C.G.A. 50-18-70

Application: From July 21, 2011 to April 29, 2013, Georgia State Police officer LAAKINS is a witness to my Constitutional rights being Violated because myself and officer Larkins seen me running to my Probahation Appointment for my probahation, it's no way Possible that I was in the Area when the alleged incident took place.

Conclusion: Photograph Line up #6 pictures which turned out to be 6 pictures of me the Defendant. Photo Line up shown victim a presumption of quilt of a crime before my day in court, photo's Violated my Constutitional rights of the 5th Amendment of due Process.

Georgia state Police officer Larkins statement and incident report or the transcript which he did testify, alone with the Video footage.

I Erunta Kennedy, look forward to hearing back from you real soon.

Respectfully submitted this on 12th day of April, 2019.

Sincerly,
Erunta Kennedy
#1001068939
Johnson State Prison
P.O. Box 344
Wrightsville, GA. 31096

BILLY D. WICKER
NOTARY
Comm. Exp.
7/08/19
PUBLIC
JOHNSON COUNTY, GA

To: Att: General Chris Carr
    40 Capital Square SW
    Atlanta, ga. 30304

RE: REQUESTING DOCUMENTS CASE No. #11SC106310

Dear Sir or Madam:

The purpose of this letter is to request information pursuant to the Freedom of information Act (F.O.I.A.) 5. U.S.C. Section 552. If this Information is not available from your Agency, please forward this request to the Approprite Agency or Advise me of the other agencies which might have the Information.

Please provide me with the following Items:
1) Photograph Line up (#6) pictures
2) OFFicer Larkins Statement / testimony.
3) Camera Footage

Please Limit your search of the Above item(s) to the period from July 21st 2011 to April 29th 2013

I Declare that I'm the person named in the above/aforementioned Federal of Information Request and that information returned with be for my private and personal use only.

Sincerly,
Erunta Kennedy
#1001068939
Johnson State Prison
290 Donovan Road
Wrightsville, ga, 31096

4/30/19

(Exhibit K)

Consists of 4 pages E.K.

Date: April 12, 2019

To: (Clerk) Public Defender office
100 Peachtree street NE suite 1600
Atlanta, GA, 30303

Certified Mail Receipt No. _____

RE:  Request for Information; O.C.G.A. 50-18-70: Georgia Open Records Act

To Whom It May Concern:

I am writing to formally request information or documentation which is in the possession,
custody, and control of your agency, this being pursuant to O.C.G.A. 50-18-70 Georgia
Open Records Act.

The specific information I request is as follows: Case No. 11SC106310

1) The photo Line-up

2) Officer Larkins statement.

3) Video Footage

I Erunta Kennedy, have a Habeas Corpus Hearing fastly approaching
and these documents items or needing to prove my innocense.

I request that the documentation be certified and attested to, in order to satisfy the
requirements of O.C.G.A. 24-7-20.  I am requesting  2  copy/copies.

I look forward to receiving your response within three (3) business days, as is prescribed
under O.C.G.A. 50-18-70(f), with an estimate if applicable, pursuant to O.C.G.A.
50-18-71.2.

Sincerely,

Erunta Kennedy
GDC# 1021068939
Johnson State Prison
P.O. Box 344
Wrightsville, Georgia 31096

MASTER COPY

To: (Clerk) Public Defender Office
100 Peachtree street NE suite 1600
Atlanta, ga. 30303

RE: REQUESTING DOCUMENTS CASE NO. "11SC106310

Dear Sir or Madam:

The purpose of this letter is to request information pursuant to the Freedom of information Act.(F.O.I.A.) 5. U.S.C. Section 552. If this Information is not available from your Agency. please forward this request to the Approprite Agency or Advise me of the other agencies which might have the Information.

Please provide me with the following Items:
1) Photograph Line up (#6) picture's
2) OFFicer Larkins Statement/testimony
3) Camera Footage

Please Limit your search of the Above item(s) to the period from July 21st 2011 to April 29th 2013

I Declare that I'm the person named in the above/aforementioned Federal of Information Request and that information returned with be for my private and personal use only.

Sincerly,
Erunta Kennedy
#1001068939
Johnson State Prison
290 Donovan Road
Wrightsville, ga. 31096

4/30/19

Dear CLERK,

Could you please give me any and all records has been file in your office because i'm going Pro SE in this Robbery Conviction (CASE # 11SC106310). It will be greatly Appreicated thanks.

Respectfully submitted on the 19 day of November year of 2018

Erunta Kennedy

Erunta Kennedy
A.S.M.P.
3001 Gordon
Highway
Grovetown,
ga, 30813



TAMMY STROUP
NOTARY
Comm. Exp.
03/07/22
PUBLIC
McDUFFIE COUNTY, GA

20 NOV 2018

To: Public Defender Office

My name is Erunta Kennedy. I have a robbery Case #11SC106310 and Ms. N. Clark represented me. I have a habea Corpus hearing fastly approaching and without these records with clearly shows my innocent it will truely be a mis-carrige of justice if I am made to complete a sentence for a crime that I did not commit.

Respectfully submitted this letter on 21st day of February 2019.

Erunta Kennedy Pro SE
Johnson State Prison
P.O. Box 344
Wrightsville, ga. 31096

Erunta Kennedy

(Exhibit L)
Consists of 4 pages
E.K.

Date: *April 12, 2019*

To: *Fulton County Police (HQ records section)*
*4701 Fulton Industrial Blvd. S.W.*
*Atlanta, GA 30336*

Certified Mail Receipt No._____

RE:  Request for Information; O.C.G.A. 50-18-70: Georgia Open Records Act

To Whom It May Concern:

I am writing to formally request information or documentation which is in the possession, custody, and control of your agency, this being pursuant to O.C.G.A. 50-18-70 Georgia Open Records Act.

The specific information I request is as follows: *Case No. 11SC106310*

1) *The Photo Line Up*
2) *OFFicer Larkins statement and incident report*
3) *Video Footage*

*I Erunta Kennedy, have a Habeas Corpus Hearing fastly approaching and these documents / items or needing to prove my innocense.*

I request that the documentation be certified and attested to, in order to satisfy the requirements of O.C.G.A. 24-7-20.  I am requesting **2** copy/copies.

I look forward to receiving your response within three (3) business days, as is prescribed under O.C.G.A. 50-18-70(f), with an estimate if applicable, pursuant to O.C.G.A. 50-18-71.2.

Sincerely,

*Erunta Kennedy*
GDC# ~~1001069~~
Johnson State Prison
P.O. Box 344
Wrightsville, Georgia 31096

MASTER COPY



# Fulton County Police Department

4701 Fulton Industrial Blvd., S.W. · Atlanta, Georgia 30336
· Fax: (404) 893-6570

**Darryl Halbert**
Chief of Police

April 23, 2019

Erunta Kennedy  1001068939
Johnson State Prison
P.O. Box 344
Wrightsville, GA 31096

**RE:  Open Records Request:**

Mr. Kennedy,

I received your Open Records Request dated April 23, 2019, regarding any records regarding
your case, in the Fulton County Police Department's possession.  I received your request on
April 23, 2019, and after a complete search I have found no records in our possession.  In
addition, we have never had an Officer Larkin employed by us.  I would recommend you verify
which department arrested you.

Please feel free to contact me concerning this matter.

Sincerely,

Lt. Scott McBride
Fulton County Police Department

Cc: file

4-29-2019

Dear (Mr. Darryl Halbert) Chief of Police

RE: Open Records Request Case No. #11SC106310

Sorry, for disturbing you on your busy and demanding day. But your office recieved my Open Records request on April 23, 2019, regarding Case No. - #11SC106310. Now all I was requesting was the Photograph Line up (#6 photos), the Camera footage and Georgia State Police (officer Larkins) statement/ testimony which he testify in a Motion Hearing. Maybe there was some type of Miscommunication.

Sincerly, Erunta Kennedy

Erunta Kennedy
Johnson State Prison
290 Donovan Road
Wrightsville, ga. 31096

~~Lt. Scott McBride~~ Chief of Police #a Darryl Halbert

To: Fulton County Police #a Records section
4701 Fulton Industrial Blvd. SW.
Atlanta, ga. 30336

RE: REQUESTING DOCUMENTS CASE NO. 11SC106310

Dear Sir or Madam:

The purpose of this letter is to request information
pursuant to the Freedom of information Act (F.O.I.A.) 5.
U.S.C. Section 552. If this Information is not available
from your Agency please forward this request to the
Appropriate Agency or advise me of the other agencies which
might have the Information.

Please provide me with the following Items:
1) Photograph Line up ("6") pictures
2) Officer Larkins Statement/testimony
3) Camera Footage

Please Limit your search of the Above Item(s) to the period
from July 21st 2011 to April 29th 2013

I Declare that I'm the person named in the
above aforementioned Federal of Information
Request and that information returned will
be for my private and personal use only.

Sincerly,
Erunta Kennedy
#1001068939
Johnson State Prison
290 Donovan Road
Wrightsville, ga. 31096

*(Exhibit M)*
*Consist's of 2 pages*
= E.K.

Date: **April 12, 2019**

To: **Fulton County Police (Records section)**
**141 Pryor street**
**Atlanta, ga. 30303**

Certified Mail Receipt No. _____

RE:  Request for Information; O.C.G.A. 50-18-70: Georgia Open Records Act

To Whom It May Concern:

I am writing to formally request information or documentation which is in the possession, custody, and control of your agency, this being pursuant to O.C.G.A. 50-18-70 Georgia Open Records Act.

The specific information I request is as follows: **Case No. 11SC106310**

**1) The Photo Line up**

**2) Officer Larkins statement**

**3) Video Footage**

**I Erunta Kennedy, have a Habeas Corpus Hearing fastly approaching and these documents/items or needing to prove my innocense.**

I request that the documentation be certified and attested to, in order to satisfy the requirements of O.C.G.A. 24-7-20.  I am requesting **2** copy/copies.

I look forward to receiving your response within three (3) business days, as is prescribed under O.C.G.A. 50-18-70(f), with an estimate if applicable, pursuant to O.C.G.A. 50-18-71.2.

Sincerely,

*Erunta Kennedy*
GDC# **1001068939**
Johnson State Prison
P.O. Box 344
Wrightsville, Georgia 31096

*[notary signature] 4/12/19*
*[notary seal: Comm. Exp. 7/05/19]*

## OFFICE OF THE FULTON COUNTY ATTORNEY
141 PRYOR STREET, S.W.
SUITE 4038
ATLANTA, GEORGIA 30303

PATRISE PERKINS-HOOKER
COUNTY ATTORNEY



FULTON COUNTY

TELEPHONE (404) 612-0246
FACSIMILE (404) 730-6324

May 3, 2019

Mr. Erunta Kennedy
GDC-1001068939
Johnson State Prison
P.O. Box 344
Wrightsville, Ga. 31096

Re: Open Records Request No. R002294 -- *Open Record Request for
Public record in connection with Fulton County State Court
Case File No. 05-11SC106310*

Dear Mr. Kennedy:

I wanted to let you know that your request for certain portions of Case No. 11SC106310 that was sent to the Clerk via the Public Defender's Office has been forwarded to the Fulton County Superior Court Clerk for processing. They should be in touch with you regarding the records you are seeking.

Sincerely,

Steven Rosenberg
Open Records Custodian

Exhibit N
E.K.

To: Fulton County (CLERK)
136 Pryor street, s.w.
Atlanta, ga. 30303

To: (Clerk) Public Defender Counsel
~~160 Trinity AVE S.W.~~
Atlanta, ga. 30303
100 Peachtree Street NE suite 1600

RE: REQUESTING DOCUMENTS CaSE No. #11SC106310

Dear Sir or Madam:

The purpose of this letter is to request information pursuant to the Freedom of information Act (FOIA) 5 U.S.C. - Section 552. If this Information is not available from your Agency, please forward this request to the Appropriate Agency or Advise me of the other agencies which might have the Information.

Please provide me with the following Items:
1.) Photograph Line-up (#6) pictures
2.) OFFIcer Larkins Statements / testimony
3.) Camera Footage

Please Limit your search of the Above item(s) to the period from July 21st, 2011 to April 29th, 2013

I Declare that I'm the person named in the above aforementioned Federal of Information Request and that information returned will be for my private and personal use only.

Sincerly,
Erunta Kennedy
GDC# 1001068939
Johnson State Prison
P.O. Box 344
Wrightsville, ga. 31096



Exhibit O E.K.

To: Fulton County Police
Records Section
144 Pryor Street
Atlanta, ga, 30303

To: Fulton County Police
(HQ) records section
4701 Fulton Industrial Blvd. S.W.
Atlanta, ga. 30336

RE: REQUESTING DOCUMENTS CASE NO.# 11SC106310

Dear Sir or Madam:

The purpose of this letter is to request information pursuant to the Freedom of information Act (FOIA) 5. U.S.C. - Section 552. If this Information is not available from your Agency, please forward this request to the Approprite Agency or Advise me of the other agencies which might have the Information.

Please provide me with the following Items:
1.) Photograph Line-up (#6) pictures
2.) OFFicer Larkins Statement / testimony
3.) Camera Footage

Please Limit your Search of the Above items) to the period from July 21st 2011 to April 29th 2013

I Declare that I'm the person named in the above/aforementioned Federal of Information Request and that information returned with be for my private and personal use only.



Sincerly,
Erunta Kennedy
Erunta Kennedy
GDC# 1001063989
Johnson State Prison
P.O. Box 344
Wrightsville, ga. 31096

(Exhibit P) consists of 2 pages
E.K.

# CLARK & CLARK LAW GROUP, LLC
## ATTORNEYS – AT – LAW

**ATLANTA**
531 BOULEVARD SE
ATLANTA, GA 30312
(404) 234 – 3514 – PHONE
(404) 393 – 8480 – FAX

**ELBERTON**
8 N. OLIVER ST., STE. 414
P.O. BOX 752
ELBERTON, GA 30635
(706) 283 – 9732 – PHONE

NEFERTARA@CLARKANDCLARKLAWGROUP.COM

VIA USPS – 1st Class Mail

July 30, 2018

Augusta State Medical Prison
Attn: Mr. Erunta Kennedy
#1001068939
3001 Gordon Hwy
Grovetown, GA 30813

Re:     Request for Discovery

Dear Mr. Kennedy:

I hope this letter finds you well. I am I in receipt of your letter dated July 18, 2018.

It was my customary practice to provide a copy of the discovery packet to all clients. Therefore, you should have received it during the time I represented you. At this time, I no longer have access to your file. You (or a family member or friend) may contact the public defender's office via phone at (404) 612 – 5200 or mail at 100 Peachtree Street, NE, Suite 1600  Atlanta, GA 30303 to request a copy of the file.

Best wishes,

Nefertara Clark

# CLARK & CLARK LAW GROUP, LLC
## ATTORNEYS – AT – LAW

**ATLANTA**
531 BOULEVARD SE
ATLANTA, GA 30312
(404) 234 – 3514 – PHONE
(404) 393 – 8480 – FAX

**ELBERTON**
8 N. OLIVER ST., STE. 414
P.O. BOX 752
ELBERTON, GA 30635
(706) 283 – 9732 – PHONE

NEFERTARA@CLARKANDCLARKLAWGROUP.COM

VIA USPS – 1st Class Mail

October 15, 2018

Augusta State Medical Prison
Attn: Mr. Erunta Kennedy
#1001068939
3001 Gordon Hwy
Grovetown, GA 30813

Dear Mr. Kennedy,

I hope this letter finds you well. I am in receipt of your letter to the State Bar. I no longer have access to your file. You may contact the Fulton County Clerk of Superior Court (404.612.9557) or the Fulton County Public Defenders' Office (404.612.5200) to request a copy.

During our last correspondence (dated March 21, 2018), I did not indicate that I was no longer an attorney. Instead, I indicated that I was no longer with the Public Defender's Office. I also provided the mailing address and phone number to the office so that you, a family member or friend could make contact to obtain a copy of your file. Additionally, you (and your grandmother) received a copy of your discovery during the time that I represented you.

I hope this information is of assistance to you.

Best regards,

Nefertara Clark

NC/dws

(Exhibit Q.) consists of 47 pages
E.K.

MCCONNELL 310
22 FEB 2019 PM 1 L

Cathelene "Tina" Robinson
(Clerk of Court) Fulton County
136 Pryor Street sw.
Atlanta, ga. 30303

3030E=524824

Erunta Kennedy #1001068939 E-1 122-7
Augusta State Medical Prison
3001 Gordon Hwy
Grovetown, ga. 30813

FEB 26 2019

IN THE SUPERIOR OF FULTON COUNTY
STATE OF GEORGIA

STATE OF GEORGIA

V.

ERUNTA KENNEDY Pro Se
DEFENDANT

INDICTMENT No.
11SC106310

JUDGE ALFORD J. DEMPSEY JR.

# CERTIFICATE OF SERVICE

This is to Certify that I have served a copy of the foregoing "Defendant's Discovery Requests and Notice of Defendants Election to Proceed under O.C.G.A. § 17-16-1 Et Seq." Consolidated Motions." Including:

1. Motion for in Camera Inspection of state files.
2. Motion to Preserve the Evidence.
3. Motion to Reserve the Right to file Additional motions.

UPON (Clerk of Court) Fulton County, at 136 Pryor Street. - S.W. C155, Atlanta, Georgia. 30303

Also: UPON District Attorney, Paul Howard Jr. at 136 Pryor - Street. S.W., Atlanta, Georgia. or one of his Assistant District Attorneys, or one of his duly authorized agents by hand delivery:

Dated March 26th, 2019

Respectfully
submitted
Pro Se

Erunta Kennedy
DEFENDANT

Johnson State Prison
P.O. Box 344
Wrightsville, GA. 31096
GDC # 1001068939

1 of 11

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

STATE OF GEORGIA
V.
ERUNTA KENNEDY    Pro SE
DEFENDANT

)
)
)
)
)

INDICTMENT NO.
11SC106310

JUDGE: ALFORD J. DEMPSEY JR.

FILED IN OFFICE
APR - 4 2019
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

Defendant's Discovery Requests and Notice of Defendants
Election to Proceed under O.C.GA. §17-16-1 Et SEQ.

Comes Now, the Defendants, named in the above-styled case, by and through undersigned defendant, and hereby provides written notice, pursant to O.C.G.A.§17-16-2 (a), that the defendant elects to have the provisions of O.C.G.A. §17-16-1 et seq. apply to the instant case. The following Discovery Requests create for the State a continuing duty to disclose during the Pre-trial (including - negotiations prior to a guilty plea), trial, and post-trial stages of the case. O.C.G.A.§17-16-4 (c). According, the Defendant demands the following:

1.

A true and Correct copy of the Indictment (or accusation) and complete list of witnesses upon which the indictment was founded. O.C.G.A.§17-16-3; Art.I §1, XIV of the Georgia Constitution of 1983. Said witness list shall include but not be limited to any alias names, current locations and/or addresses, dates of birth, social security numbers, and telephones numbers. O.C.G.A.§17-16-8.

2.

A complete and accurate list of witnesses, including experts, the state intends to call at trial or in post-indictment pre-trial hearings, including, but not limited to, any and all names and aliases, current addresses, dates of birth, social security numbers, and telephones numbers. O.C.G.A.§17-16-8.

3/26/19

Erunta Kennedy

2 of 11

### 3.

Any and all statements of every witness that the state intends to call at trial, post-indictment pretrial hearings, or a sentencing hearing which relates to the subject matter concerning the testimony of that witness. O.C.G.A. §17-16-7; Kyles v. Whitley, 514 U.S. 419, 444-45 (1995). Furthermore, the Defendant requests any statements made by any witness the state does not intend to call but which relates to the subject matter concerning the testimony of a witness that it does intend to call. Kyles, 514 U.S. at 445-49.

### 4.

Any statements of any alleged co-conspirators that are attributable to the Defendant and which are arguably admissible against him at trial, either during state's case-in-chief or rebuttal. O.C.G.A. § 24-3-5. Defendant demands the right to inspect and copy the same. O.C.G.A. §17-16-4(a)(1).

### 5.

Any and all statements made by the Defendant's or Victim/-witness, whether before, during, or after arrest, whether written, oral, and/or recorded, and the right to inspect and copy the same. O.C.G.A. §17-16-4(a)(1); Talley v. State, 251 Ga. 42-43 (1983); Lawson v. State, 224 Ga. App. 645, 647 (1997)(state must disclose and make available for inspection by defendant); Livingston v. State, 222 Ga. App. 298, 299 (1996); Holland v. State, 221 Ga. App. 821, 822 (1996)(state must provide complete and accurate statements).

### 6.

A true and correct copy of the Defendant's Georgia Crime and information Center (GCIC) criminal history. O.C.G.A. §17-16-4(a)(2); Driver v. State, 188 Ga. App. 301, 302 (1988) ("must ~~furnish~~ furnish" Language requires actual service upon Defendant).

3 of 11

## 7.

Any and all book, papers, documents, photographs, tangible objects audio and visual tapes or films, recordings, buildings, and other places controlled by the state and any other item as described or contemplated in O.C.G.A. §17-16-4(a)(3), and the right to inspect, copy, or photocopy said evidence.

## 8.

Any and all physical objects, including but not limited to clothing taken as evidence, weapons seized..etc. or latents lifted as part of this investigation. Any lineup photographs, or other identification procedures..etc. O.C.G.A. §17-16-4(a)(3). The Defendant further moves that the Court order the state and all its agencies, departments, laboratories, or other persons working in conjunction with the state of Georgia to preserve all such items for inspection, copying, photographing, and independent analysis by the Defendant. Id.; Denison v. State, 258 GA. 690, -691 (1988); Sabel v. State, 248 Ga. 10, 18 (1981), overruled on other grounds, Power v. State, 264 Ga. 323, 325 (1994). See U.S. CONST. amends. V, VI, XIV; Art I., Paragraph I, II I, II, XI, XII, XXVIII of the Georgia Constitution of 1983.

## 9.

Any and all results and reports of physical examinations, mental examinations, scientific tests, and scientific experiments, including, but not limited to any summaries, including the basis for any expert opinion rendered in said reports.
O.C.G.A. §17-16-4(a)(4); Lawson, 224 Ga. App. at 648.

10.

The Defendant further demands all evidence favorable to the accused pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article 1, Paragraph 1, 1.11 and 14 of the Georgia Constitution of 1983, as Construed and applied in BRADY v. Maryland, 373 U.S. 83, 87 (1963), and its progeny, including Giles v. Maryland, 386 U.S. 66, 81 (1967); Giglio v. United States, 405 U.S. 150, 153-55 (1972); United States v. Bagley, 473 U.S. 667, 682 (1985); Kyles v. Whitley, 514 U.S. 419, 454 (1995). See Georgia State Bar Rules Ethical Consideration 7-13 (1997) ("[T]he prosecutor should make timely disclosure to the defense of available evidence, known to him, that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment. Further, a prosecutor should not intentionally avoid pursuit of evidence merely because he believes it will damage the prosecution's case or aid the accused"); ABA Model Rule of Professional Conduct 3.8 (d) (1984). The evidence's Sought includes, but is not limited to, the following:

(a) All evidence, including statements of individuals, physical evidence, and test results indicating or tending to indicate that the Defendant is not guilty of the offense charged or mitigating on the issue of sentence;

(b) All statements of any witnesses, which contradict in any way, the statements of other witnesses or which Contradict others statements made by that witness. Kyles, 514 U.S. at 444-45; Bini v. State, 235 Ga. 60, 64 (1975);

5 of 11

(c) Any agreement, including informal agreement by Police officers or district attorneys, with witnesses or potential witnesses regarding pending criminals offenses against those witnesses. Giglio, 405 U.S. at 154; Owen v. State, 265 Ga. 67, 69 (1995); Jolley v. State, 254 Ga. 624, 629 (1985);

(d) Copies of any and all arrest warrants related to this case. O.C.G.A. § 17-4-41;

(e) Copies of any and all search warrants and warrant returns related to this case. O.C.G.A. §§ 17-5-21, -25; Pitts v. State (1992) Invaild. warrants;

(f) Additional items, evidence, and information may exist of which the Defendant is unaware and has, therefore, failed to enumerate. Defendant now demands the State produce any and all evidence and information, which is exculpatory in nature or favorable to the accused or which may lead to exculpatory or favorable material, or which might serve to mitigate punishment. This request includes reports of any investigations conducted by the state, and its agents, of individuals other than the Defendant. This includes any evidence impeaching or contradicting the testimony of prosecution witnesses, or instructions to prosecution witnesses not to speak with or disclose the facts of the case to defense counsel. See Kyles, 514 U.S. at 454; Bagley, 473 U.S. at 682; Giglio, 405 U.S. at 154; Brady, 373 U.S. at 87; Sellers v. Estelle, 651 F.2d 1074, 1077 n.6 (5th Cir. 1981);

(9) In the event that at trial the state provides items under this Section 10, in accord with Brady and its progeny, the Defendant requests a continuance or a recess in order to adequately prepare to respond to the newly disclosed evidence. Burgeson v. State, 267 GA. 102, 104 (1996). Nonetheless, the Defendant requests all arguably exculpatory materials prior to trial in order to properly prepare for trial and to protect the Defendant's Sixth and Fourteenth Amendment right to effective assistance of Counsel.

(h) In the event that the Defendant and state participate in plea negotiations and the Defendant agrees to enter a guilty plea, the state must disclose all arguably exculpatory material prior to the guilty plea.

Wherefore the Defendant moves that the ~~state~~ foregoing evidence be made available to the Defendant prior to trial or guilty plea and that the state's - obligation to disclose under federal and state law continue until and through the trial and post-judgement proceedings. O.C.G.A. § 17-16-(4)(c).

Without waiving the foregoing, the Defendant requests that an exact copy be made of each item which is not presented to defense Counsel and that the same be sealed and included in the record of this case for the purpose of ensuring effective review of the Court's denial of the Defendant's previous request for disclosure. Lane v. State, 223 GA. App. 740, 742-43 (1996).

Dated Jan. 8, 2019

Respectfully submitted,
_Errunta Kennedy_
Pro SE

Augusta State Medical State
3001 Gordon Hwy
Grovetown GA 30813

7 of 11

IN THE SUPERIOR OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE

APR - 4 2019

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

State of Georgia )
V. )
Erunta Kennedy Pro se )
Defendant )

Indictment No. 11SC106510

Judge Alford J. DEMPSEY JR.

## CONSOLIDATED MOTIONS

### I.

## Motion For IN CAMERA INSPECTION STATE FILES

Comes Now the Defendant and moves the Court to make an in Camera inspection of any files and/or documents in possesion, Custody or control of the state, including but not limited to any documents in the passession of any law enforcement agency. O.C.G.A. § 17-16-1. The inspection shall be for the purpose of determining whether or not the Defendant is entitled to listen to, inspect, copy, or read, prior to trial, all or any portion of the State's file pursuant to Defendant's separtely filed Discovery Requests. Lane v. State, 223 GA. App. 740, 742 (1996); Stewart v. State, 210 Ga. App. 474, 475 (1993).

In addition, the Defendant requests that the in Camera inspection of the entire State's file should be conducted Prior to trial and Defendant requests that this court Separately review any statements made by any and all state witnesses after the testimony of said witnesses at trial.

Wherefore the Defendant moves that the Court make an in Camera inspection of the State's file and in regard to those items not Voluntarily disclosed by the prosecution, that the Court turn over to defense Counsel all such materials which the Court finds to be favorable to the Defendant as to innocence or sentencing.

8 of 15

Without waiving the foregoing, the Defendant request that an exact copy be made of each item present in the state files which is not presented to defense Counsel and the same be sealed, filed with the Clerk of this Court, and included in the record of this case for the purpose of ensuring effective review of the Court's denial of the Defendant's previous request for disclosure.

## 2.

## Motion To Preserve The Evidence

Comes Now the Defendant and moves the Court for an order directing the District Attorney, his agents, and all law enforcement agencies involved in the investigation and prosecution of the instant case to preserve and keep intact any and all investigative reports (including rough drafts), witness statements, documents, papers, rough notes (interview, surveillance, or otherwise), tapes (audio and/or video), objects, contraband, controlled substances and any other physical evidence in the State's possession, custody, control or through the exercise of due diligence could be so possessed or controlled. This includes, but is not limited to, any and all material which may be exculpatory in nature to the Defendant and discoverable under O.C.G.A. §17-16-1 et seq.; Lane, 223 Ga. App. at 742.

The Defendant further requests pursuant to O.C.G.A. §17-16-4, that his counsel be allowed to examine,

inspect and test said items at a specific time and place to be fixed by the Court and that the time and place of said inspection and testing be set at a reasonable time in advance of Defendant's trial.

This request for preservation and inspection of the evidence is essential to ensure the Defendant's right to a fair trial, right to confront adverse witnesses, right to prepare a complete and adequate defense, right to the effective assistance of Counsel, and the right to due process of law as ~~xxxx~~ guaranteed by the State and federal Constitutions. Cf. - Boatright v. State, 192 Ga. App. 112, 113 (1989).

Dated March 26., 2019

Respectfully submitted,
Pro SE

*Errunta Kennedy*

~~Augusta State Medical Prison~~

~~3001 Gordon Hwy~~
~~Grovetown, Ga. 30813~~
Johnson State Prison
P.O. Box 344
Wrightsville, GA. 31096

# J.

## Motion To Reserve The Right To File Additional Motions

Comes Now the Defendant and requests an order of the Court reserving Defendant's right to file additional motions, if necessary. Informal discovery is ongoing and incomplete. Following this motion, the State may provide additional materials. The Complexity of the offenses brought by the State against the Defendant mandate Continuing analysis of materials discovered and may require the Defendant to file additional motions with the Court. Lane v. State, 223 GA. App. 740, 742-43 (1996).

Dated March 26 —, 2019

Respectfully submitted
Pro SE

Errunte Kennedy

~~Augusta State Medical Prison~~
~~3001 Gordon Hwy~~
~~Grovetown, ga. 30813~~
Johnson State Prison
P.O. Box 344
Wrightsville, ga. 31096

11 of 11

out copy

October 31, 2018

To: C. Robinson, Fulton county
    Superior

RE: Case Records

    Dear clerk
    May I please have the enclosed case record
Petition filed and forwarded a copy of all records
maintained by your office related to cases 11sc 1063
and 15 sc 1352 ie Robbery and Armed Robbery charges.

                    Respectfully Submitted
EK:AOW           By, Emata Kennedy
                    Augusta State Medical Prison
    cc: File        3001 Gordon Highway
                    Grovetown, Georgia 30813

*your copy*

FILED IN OFFICE

NOV 2 2 2016

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

# IN THE SUPERIOR COURT OF

# FULTON COUNTY STATE

# OF GEORGIA

ERUNTA KENNDY,
GDC# 1001068939,
Petitioner,

vs.

Case No. *11sc 106310
15 sc 135234

Judge DEMPSEY,
ALFORD J JR

STATE OF GEORGIA,
Superior Court of
Fulton County,

## PETITION FOR CASE RECORD

Comes Now, Erunte Kennedy the petitioner in
the above-styled action respectfully moves this
Court To relinquish copies of all records related
to the above-named case and in Further support
THEREFORE shows the Honorable Court THE following
facts as required by Mydell vs. Clerk 243 SE 2d
72 (1972).

[1 of 2]

A) Petitioner shows HEREIN that he is a STATE prisoner and a pauper. He further STATES that there is no way he can pay for such records

B) Petitioner needs said copies of all records related to the above NAMED CASES not limited to but including' PLEA Colloquy' of Robbery and Armed Robbery offenses), Discovery as NONE WAS ever afforded by Counsel, and any/all other records maintained by the Court.

C) WHEREFORE, Petitioner prays the copies will be afforded at State Expense. See; Garrett vs. STATE, 125 Ga. App. 743 188 SE 2d 920 (1972). See, also Doe vs STATE Ga. App. 322, 422 SE 2d 558 (1992).

T 2 of 29

## CERTIFICATE OF SERVICE

I certify that a True and Correct copie of the
Foregoing Petition For Case Records was sent to
Clerk of Fulton County 136 Pryor St. Atlanta, GA. 3033
Postege Affixed.

Executed this 31 day of OCT. 2016.

EK :AOW
    CC:File

                                Respectfully Submitted
                                By, Erkunta Kennedy
              <2 of 2>          August STATE Medical Prison
                                3001 Gordon Highway
                                GROVETOWN

# IN THE SUPERIOR OF FULTON COUNTY
## STATE OF GEORGIA

State of Georgia
V.
ERUNTA KENNEDY PROSE
Defendant

)
)
)
)
)

Indictment No.
11SC106310

Judge Alford J. DEMPSEY JR.

## CERTIFICATE OF SERVICE

This is to CERTIFY that I have served a copy of the foregoing "Defendant's Discovery Requests and Notice of Defendants Election to Proceed under O.C.G.A. § 17-16-1 Et Seq." "Consolidated Motions." Including:

1. Motion For in Camera Inspection of State Files
2. Motion to Preserve the Evidence
3. Motion to Reserve the Right to File Additional Motions

Upon District Attorney, Paul L. Howard, JR., at 136 Pryor Street. S.W., Atlanta, Georgia, or one of his Assistant District Attorneys, or one of duly authorized agents, by hand delivery:

Dated January 28, 2019

Respectfully Submitted
Erunta Kennedy Prose

Augusta State Medical Prison
3001 Gordon Hwy
Grovetown, ga. 30813

1 of 11

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE

JAN 14 2019

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

STATE of Georgia          )          Indictment No
v.                        )          11SC106310
                          )
Erunta Kennedy  Pro se    )
        Defendant         )          Judge: Alford J. Dempsey Jr.

---

## Defendant's Discovery Requests and Notice of Defendant's Election to Proceed under O.C.G.A. § 17-16-1 ET SEQ.

Comes Now the Defendant, named in the above-styled case, by and through undersigned defendant, and hereby provides written notice, pursuant to O.C.G.A. § 17-16-2(a), that the Defendant elects to have the provisions of O.C.G.A. § 17-16-1 et seq. apply to the instant case. The following Discovery Requests create for the state a Continuing duty to disclose during the pre-trial (including negotiations prior to a guilty plea), trial, and post trial stages of the case. O.C.G.A. § 17-16-4(c). According, the Defendant demands the following:

### 1.

A true and Correct copy of the Indictment (or accusation) and complete list of witnesses upon which the indictment was founded. O.C.G.A. § 17-16-3; Art. III, XIV of the Georgia Constitution of 1983. Said witness list shall include but not be limited to any alias names, current locations and/or addresses, dates of birth, social security numbers, and telephone numbers. O.C.G.A. § 17-16-8.

### 2.

A complete and accurate list of witnesses, including experts, the state intends to call at trial or in post-indictment pre-trial hearings, including, but not limited to, any and all names and aliases, current addresses, dates of birth, social security numbers, and telephones numbers. O.C.G.A. § 17-16-8.

### 3.

Any and all statements of every witness that the state intends to call at trial, post-indictment pretrial hearings, or a sentencing hearing which relates to the subject matter concerning the testimony of that witness. O.C.G.A. §17-16-7; Kyles v. Whitley, 514 U.S. 419, 444-45 (1995). Furthermore, the Defendant requests any statements made by any witness the state does not intend to call but which relates to the subject matter concerning the testimony of a witness that it does intend to call. Kyles, 514 U.S. at 445-49.

### 4.

Any statements of any alleged co-conspirators that are attributable to the Defendant and which are arguably admissible against him at trial, either during state's case-in-chief or rebuttal. O.C.G.A. § 24-3-5. Defendant demands the right to inspect and copy the same. O.C.G.A. §17-16-4(a)(1).

### 5.

Any and all statements made by the Defendants or Victim/-witness, whether before, during, or after arrest, whether written, oral, and/or recorded, and the right to inspect and copy the same. O.C.G.A. §17-16-4(a)(1); Talley v. State, 251 Ga. 42-43 (1983); Lawson v. state, 224 Ga. App. 645, 647 (1997) (state must disclose and make available for inspection by defendant); Livingston v. State, 222 Ga. App. 298, 299 (1996); Holland v. state, 221 Ga. App. 821, 822 (1996) (state must provide complete and accurate statements).

### 6.

A true and correct copy of the Defendants Georgia Crime and Information Center (GCIC) criminal history. O.C.G.A. §17-16-4(a)(2); Driver v. state, 188 Ga. App. 301, 302 (1988) ("must ~~furnish~~ furnish" Language requires actual service upon Defendant).

3 of 11

## 7.

Any and all book, papers, documents, photographs, tangible objects, audio and visual tapes or films, recordings, buildings, and other places controlled by the state and any other item as described or contemplated in O.C.G.A. §17-16-4(a)(3), and the right to inspect, copy, or photocopy said evidence.

## 8.

Any and all physical objects, including but not limited to clothing taken as evidence, weapons seized..etc., or latents lifted as part of this investigation. Any lineup photographs, or other identification procedures..etc. O.C.G.A. §17-16-4(a)(3). The Defendant further moves that the Court order the state and all its agencies, departments, laboratories, or other persons working in conjunction with the state of Georgia to preserve all such items for inspection, copying, photographing, and independent analysis by the Defendant. Id.; Denison v. State, 258 Ga. 690, - 691 (1988); Sabel v. State, 248 Ga. 10, 18 (1981), overruled on other grounds, Bower v. State, 264 Ga. 323, 325 (1994). See U.S. CONST. amends. V, VI, XIV; Art I., Paragraph I, §§ I, II, XI, XII, XXVII of the Georgia Constitution of 1983.

## 9.

Any and all results and reports of physical examinations, mental examinations, scientific tests, and scientific experiments, including, but not limited to any summaries including the basis for any expert opinion rendered in said reports. O.C.G.A. §17-16-4(a)(4); Lawson, 224 Ga. App. at 648.

10.

The Defendant further demands all evidence favorable to the accused pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article 1, Paragraph 1, §§ 1, 11 and 14 of the Georgia Constitution of 1983, as Construed and applied in BRADY v. Maryland, 373 U.S. 83, 87 (1963), and its progeny, including Giles v. Maryland, 386 U.S. 66, 81 (1967); Giglio v. United States, 405 U.S. 150, 153-55 (1972); United States v. Bagley, 473 U.S. 667, 682 (1985); Kyles v. Whitley, 514 U.S. 419, 454 (1995). See Georgia State Bar Rules Ethical Consideration 7-13 (1997) ("[T]he prosecutor should make timely disclosure to the defense of available evidence, Known to him, that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment. Further, a prosecutor should not intentionally avoid pursuit of evidence merely because he believes it will damage the prosecution's case or aid the accused"); ABA Model Rule of Professional Conduct 3.8 (d) (1984). The evidence's Sought includes, but is not limited to, the following:

(a) All evidence, including statements of individuals, physical evidence, and test results indicating or tending to indicate that the Defendant is not guilty of the offense charged or mitigating on the issue of sentence;

(b) All statements of any witnesses, which contradict in any way, the statements of other witnesses or which Contradict others statements made by that witness. Kyles, 514 U.S. at 444-45; Bini v. State, 235 GA. 60, 64 (1975);

(c) Any agreement, including informal agreement by police officers or district attorneys, with witnesses or potential witnesses regarding pending criminals offenses against those witnesses. Giglio, 405 U.S. at 154; Owen v. State, 265 GA.67.69(1995); Jolley v. State, 254 GA.624.629(1985);

(d) Copies of any and all arrest warrants related to this case. O.C.G.A. § 17-4-41;

(e) Copies of any and all search warrants and warrant returns related to this case. O.C.G.A. §§ 17-5-21,-25; Pitts v. State (1992) Invaild. warrants;

(f) Additional items, evidence, and information may exist of which the Defendant is unaware and has, therefore, failed to enumerate. Defendant now demands the State produce any and all evidence and information, which is exculpatory in nature or favorable to the accused or which may lead to exculpatory or favorable material, or which might serve to mitigate punishment. This request includes reports of any investigations conducted by the state, and its agents, of individuals other than the Defendant. This includes any evidence impeaching or contradicting the testimony of prosecution witnesses, or instructions to prosecution witnesses not to speak with or disclose the facts of the case to defense counsel. See Kyles, 514 U.S. at 454; Bagley, 473 U.S. at 682; Giglio, 405 U.S. at 154; Brady, 373 U.S. at 87; Sellers v. Estelle, 651 F.2d 1074, 1077 n.6 (5th Cir. 1981);

(g) In the event that at trial the state provides items under this Section 10, in accord with Brady and its progeny, the Defendant requests a continuance or a recess in Order to adequately prepare to respond to the newly disclosed evidence. Burgeson v. State, 267 Ga. 102, 104 (1996). Nonetheless, the Defendant requests all arguably exculpatory materials prior to trial in order to properly prepare for trial and to protect the Defendant's Sixth and Fourteenth Amendment right to effective assistance of Counsel.

(h) In the event that the Defendant and state participate in plea negotiations and the Defendant agrees to enter a guilty plea, the state must disclose all arguably exculpatory material prior to the guilty plea.

Wherefore the Defendant moves that the ~~state~~ foregoing evidence be made available to the Defendant prior to trial or guilty plea and that the State's - obligation to disclose under federal and state law continue until and through the trial and post-judgement proceedings. O.C.G.A § 17-16-(4)(c).

Without waiving the foregoing, the Defendant requests that an exact copy be made of each item which is not presented to defense Counsel and that the same be sealed and included in the record of this case for the purpose of ensuring effective review of the Court's denial of the Defendant's previous request for disclosure. Lane v. State, 223 GA. App. 740, 742-43 (1996).

Dated Jan. 8, 2019

Respectfully submitted,
Pro SE

Eunita Kennedy

Augusta State Medical State
3001 Gordon Hwy
Grovetown, GA 37812

7 of 11

IN THE SUPERIOR OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE

APR - 4 2019

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

State of Georgia          )          Indictment No. 11SC106310
V.                        )
Erunta Kennedy    Pro se  )          Judge Alford J. DEMPSEY JR.
       Defendant          )

## CONSOLIDATED MOTIONS
### 1.
### Motion For IN CAMERA INSPECTION STATE FILES

Comes Now the Defendant and moves the Court to make an in Camera inspection of any files and/or documents in possesion, custody or control of the state, including but not limited to any documents in the possession of any law enforcement agency. O.C.G.A. § 17-16-1. The inspection shall be for the purpose of determining whether or not the Defendant is entitled to listen to, inspect, copy, or read, prior to trial, all or any portion of the State's file pursuant to Defendant's separtely filed Discovery Requests. Lane v. State, 223 GA. App. 740, 742 (1996); Stewart v. State, 210 GA. App. 474, 475 (1993).

In addition, the Defendant requests that the in Camera inspection of the entire State's file should be conducted prior to trial and Defendant requests that this court Separately review any statements made by any and all state witnesses after the testimony of said witnesses at trial.

Wherefore the Defendant moves that the Court make an in Camera inspection of the State's file and in regard to those items not voluntarily disclosed by the prosecution, that the Court turn over to defense Counsel all such materials which the Court finds to be favorable to the Defendant as to innocence or sentencing.

8 of 15

Without waiving the foregoing, the Defendant request that an exact copy be made of each item present in the state files which is not presented to defense Counsel and the same be sealed, filed with the Clerk of this Court, and included in the record of this case for the purpose of ensuring effective review of the Court's denial of the Defendant's previous request for disclosure.

## 2.

## Motion To Preserve The Evidence

Comes Now the Defendant and moves the Court for an order directing the District Attorney, his agents, and all law enforcement agencies involved in the investigation and prosecution of the instant case to preserve and keep intact any and all investigative reports (including rough drafts), witness statements, documents, papers, rough notes (interview, surveillance, or otherwise), tapes (audio and/or video), objects, contraband, controlled substances and any other phyiscal evidence in the State's possession, custody, control or through the exercise of due diligence could be so possessed or controlled. This includes, but is not limited to, any and all material which may be exculpatory in nature to the Defendant and discoverable under O.C.G.A. §17-16-1 et seq.; Lane, 223 Ga. App. at 742.

The Defendant further requests pursuant to O.C.G.A. § 17-16-4, that his counsel be allowed to examine.

inspect and test said items at a specific time and place to be fixed by the Court and that the time and place of said inspection and testing be set at a reasonable time in advance of Defendant's trial.

This request for preservation and inspection of the evidence is essential to ensure the Defendant's right to a fair trial, right to confront adverse witnesses, right to prepare a complete and adequate defense, right to the effective assistance of Counsel, and the right to due process of law as ~~must~~ guaranteed by the State and federal Constitutions. Cf. - Boatright v. State, 192 GA. App. 112, 113 (1989).

Dated January 8, 2019

Respectfully submitted,

_Everette Kennedy_   Pro se

Augusta State Medical Prison
3001 Gordon Hwy
Grovetown, ga. 30813

10 of 11

# J.

## Motion To Reserve The Right To File Additional Motions

Comes Now the Defendant and requests an order of the Court reserving Defendants right to file additional motions, if necessary. Informal discovery is ongoing and incomplete. Following this motion, the State may provide additional materials. The Complexity of the offenses brought by the State against the Defendant mandate Continuing analysis of materials discovered and may require the Defendant to file additional motions with the Court. Lane v. State, 223 GA. App. 740, 742-43 (1996).

Dated January 8, 2019

Respectfully submitted
Pro SE

_Evante Kennedy_

Augusta State Medical Prison
3001 Gordon Hwy
Grovetown, ga. 30813

11 of 11

Fulton County Superior Court
***EFILED***SL
Date: 11/5/2018 3:21 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| STATE OF GEORIGA, | * | |
| | * | Indictment No.: 11SC106310 |
| v. | * | |
| | * | Judge Millender |
| ERUNTA KENNEDY | * | |
| | * | |
| Defendant(s). | * | |

## ORDER

The above-referenced case is before the Court on Defendant's Motion for Production of Case Records. In his Motion Defendant requests a copy of the entire record of his case, including all transcripts so that he may prepare for post-conviction relief.

Defendant pled guilty and was sentenced on April 29, 2013. The Defendant asserts that his case is in the Court of Appeals. There is no evidence in the record that a Notice of Appeal has been filed. Further, pursuant to O.C.G.A. § 9-14-42 a habeas corpus action "shall be filed within one year in the case of a  misdemeanor, except as otherwise provided in Code Section 40-13-33, or within four years in the case of a felony, other than one challenging a conviction for which a death sentence has been imposed or challenging a sentence of death." It has been more than four years since defendant pled guilty.

The time for filing a habeas action is now long past, and "[i] t is well established that an indigent is not entitled to a copy of his trial transcript for collateral post-conviction proceedings absent a showing of necessity or justification." *Shelby* v. *McDaniel,* 266 Ga. 215,216 (1996); *see also Schoicket v. State, 304 Ga. 255* (2018).

The Court finds that Defendant has made no such showing. Accordingly, the Motion is  HEREBY DENIED.

So ordered, this 5th day of November 2018.

*Millender*

_____

Shukura I. Millender, Judge
Fulton County Superior Court


*Filed and served electronically via EFile-GA*

IN THE SUPERIOR OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE

FEB 26 2019

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA.

State OF GEORGIA

VS          Pro Se

EBUNTA KENNEDY
          Defendant

INDICTMENT No

11SC106310

# DEMAND FOR DISCOVERY

Comes Now the above-named Defendant, by and through his undersigned counsel, and pursuant to O.C.G.A. §§ 17-16-1 et seq., O.C.G.A. §§ 24-13-138, and O.C.G.A.§ 24-13-139, the Defendant demands the following:

1). a complete list of all the state's witnesses, addresses, telephone numbers, and social security numbers.

2). Copies of all witnesse's statements, either written, oral, Video, or any type of transcribed for nontranscribed video or tape-recorded statements.

3). Copies of all Defendants statements, either written, oral, Video or tape-recorded, while the defendant was in Custody, under interrogation or any res gestae statements

4). list of all copies of documents, tapes, photographs, recordings, or any physical evidence to be used by the prosecution.

5). a complete criminal history of the defendant.

6). a complete criminal history of all witnesses that are going to be testifying for the prosecution.

7). All statements made by witnesses that are either in custody of the district attorney or the police, or other law enforcement officials.

8). All scientific reports to be used by the prosecution, including all polygraph tests and the written results, all blood testing, DNA testing and written results, any and all latent finger print or footprint impressions taken or lifted in connection with said case.

9). Any and all alcohol related test, including blood, breath or urine tests.

10) Any other evidence that may be used, in the prosecution file.

Wherefore, Defendant prays as follow:

1). That a hearing be held in said matter if neccessary.

2). That the state be ordered to produce all items of physical evidence, or anything else provided for in said described statue enacted Plea April 29th, 2013.



3). That the court enter an order requiring the state to make complete disclosure of all additional evidence and that it be given to defense Counsel in timely fashion.

4). That the state be ordered to preserve all phyisical evidence in said case, whether or not the prosecution intend to use it.

5). For such relief the court deems just and proper.

Respectfully submitted,
EBUNTA KENNEDY

Johnson State Prison
P.O. Box 344
Wrightsville, GA. 31096

## Certificate of Service

this is to certify that I have this day served a true and correct Copy of the within and foregoing "document" upon the party(s) listed below by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage there on to below addresse(s). Motion - case No. 11SC106310

1) District Attorney office
Fulton County Superior Court
136 Pryor Street SW 3rd Floor
Atlanta, Georgia 30303

2) Cathelene (Tina) Robinson
Fulton County Court Clerk
136 Pryor street SW 5th Floor
Atlanta, Georgia 30303

this 21st day of Febuary, 2019

Johnson State Prison
P.O. Box 344
Wrightsville, GA. 31096

Erunta Kennedy
Erunta Kennedy
#1001066939

All Rights Reserved

# Fulton County Superior Court
## Clerk Office

Letter Affidavit
To: Cathelene (Tina) Robinson
from: Erunta Kennedy

I'm writing you to Request that you file my motion in office and send a copy to each said officials on Certificate of Service sheet with Case No.

I am sending you one motion(s) asking for Demand for Discovery. But I need a full Complete Discovery packet, not a partial. Please forward a copy of motion to each, Judge A. Dempsey, the District Attorney office as well as one copy on file in office of the Clerk. Also please send me one stamped filed copy of this motion for my personal records. Please grant this motion because I have a Habeas Corpus hearing fastly approaching and I need a full and Complete Copy of my discovery on Case No. 11SC106310. Thanks!!! I'm waiting on your response back.

This 21 day of February , 2019

Respectfully Submitted
Erunta Kennedy
#1001066939

I Corinthians 1:27-2

*My Main Copy*

IN THE SUPERIOR COURT OF *Fulton County*
STATE OF GEORGIA

*Erunta Kennedy* ,
_____ Plaintiff

*1001068959* ,
_____ Inmate Number

Civil Action No. *2018RCHM30*

vs.

*County of Fulton* ,

*Georgia State Police Dept*

*Georgia State College* ,
_____ Defendant(s)

Nature of Action:
*PETITION FOR WRIT OF MANDAMUS*

_____

_____

_____

## INMATE FORM FOR CIVIL ACTION

### PART I: BACKGROUND INFORMATION ON YOUR CONVICTION

1. Name and location of prison in which you are now confined: *Johnson State Prison, P.O. Box 344 Donovan Rd, Wrightsville Ga. 31096.*

2. Sentence you are now serving: *13 years*

   Name and location of court which imposed sentence: *Fulton County*

   Approximate date your sentence will be completed: *May 28, 2028*

3. The indictment number or numbers (if known) upon which, and the offense or offenses for which sentence was imposed:

   a. *Robbery Conviction Case #11SC106310*

   b. *Arm Robbery Conviction Case #15SC135234*

   c. _____

4. Give the approximate date upon which sentence was imposed and the terms of the sentence:

   a. *Robbery Conviction ;- Probahition 5 years, April 29, 2013*

   b. *Arm Robbery Conviction ;- 13 years, January 26, 2016*

c. _____

5. Check whether a finding of guilty was made after a plea of:

☑ Guilty
☐ Guilty but mentally ill
☐ Nolo contendere
☐ Not guilty

6. If you were found guilty after a plea of not guilty, check whether the finding was made by:

☐ Jury
☑ Judge only

7. Did you appeal from the judgment of conviction or the imposition of sentence?

☐ Yes        ☑ No

8. If you did appeal, answer the following:

a. The name of each court to which you appealed:

1. _____
2. _____
3. _____

b. The result in each such court to which you appealed:

1. _____
2. _____
3. _____

c. The approximate date of each such result:

1. _____
2. _____
3. _____

d. If known, citations of any written opinion orders entered pursuant to such results:

1. _____
2. _____
3. _____

## PART II: OTHER LAWSUITS

9.    **OTHER THAN LAWSUITS ALREADY LISTED** in questions 3 through 8, have you ever begun or are you now beginning other lawsuits in federal or state courts dealing with the same facts involved in this action or relating to your imprisonment?

☐ Yes        ☑ No

10. If your answer to number 9 is "Yes," describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline for each lawsuit.)

   a. Parties to the previous lawsuit:

   Plaintiffs: _____ *N/A* _____

   Defendants: _____

   b. Court (If federal court, name the district. If state court, name the court and county) :

   c. Docket Number: _____ *N/A* _____

   d. Name of judge to whom case was assigned: _____

   e. Date on which you filed lawsuit: _____

   f. Date of disposition, if any, of lawsuit: _____

   g. What was the lawsuit about? _____ *N/A* _____

   h. What was the outcome of the lawsuit? (For example, was the case dismissed? Was it appealed? Is it still pending? _____ *N/A* _____

   i. Citations, if known, to any written opinions or orders in the lawsuit: _____

## PART III: GRIEVANCE PROCEDURES

11. Is there a prisoner grievance procedure at the institution in which you are presently confined?
   ☑ Yes          ☐ No

12. If your answer to number 11 is "Yes," please answer the following:

   a. Did you present the facts relating to your complaint in the institution's prisoner grievance procedures?     ☐ Yes     ☑ No

   b. If your answer to (a) above is "Yes,"

   What steps did you take? ___ *N/A* _____

   What was the result? _____ *N/A* _____

   c. If your answer to (a) above is "No," explain why not: *GRIEVANCE PROCESS WITHIN THE DEPT. OF CORRECTION WILL NOT GIVE RELIEF SOUGHT.*

13. Tell what you have done, other than what you have described in question 12, to bring your complaints to the attention of prison officials. In doing so, give dates, places, and names of persons talked to.

N/A

14. Names and approximate dates of entry and exit, and locations of all prisons and jails in which you have been incarcerated:

N/A

15. As to your present confinement, please state:

a. Which part of the penitentiary or jail are you held in : N/A

b. How long have you been in this part of the penitentiary or jail? N/A

c. Please list the full name of every prisoner now confined in the same general area: N/A

## PART IV: STATEMENT OF CLAIMS

16. List the name and address of each plaintiff in this lawsuit: ERUNTA KENNEDY JOHNSON STATE, P.O. BOX 344 DONOVAH Rd, WRIGHTSVILE GA 31096, E-1, 1001068939, 122-T.

17. List below for each defendant, the defendant's full name, official position, and place of employment. Attach additional paper if necessary.

| Full Name | Official Position | Place of Employment |
|---|---|---|
| COUNTY OF FULTON | ENTITY | — |
| GEORGIA STATE COLLEGE, COLLEGE | | |
| GEORGIA STATE POLICE DEPARTMENT, | | |

## STATEMENT OF CLAIM

18. Describe each and every FACT—no opinions or views, only the actual events—supporting and explaining the basis for the lawsuit you have filed. DESCRIBE HOW EACH DEFENDANT IS INVOLVED. Include also the names of other persons involved, dates and places. If you intend to allege a number of related claims, you should number and set forth each claim separately. **DO NOT GIVE ANY LEGAL ARGUMENT OR CITE ANY CASES OR STATUTES.** (You may attach additional sheets of paper if necessary.)

- TRIAL COUNSELS DEFICIENT PERFORMANC AND FAILURE TO PRESENT EVIDENCE / SUBPEONA WITNESSES THIS WAS DAMAGING IN THAT THE COURT WAS DENIED KNOWING DEFENDANTS Alibi, i.e. Couldn't BEEN PRESENT DURING THE ALLEGED TIME OF INCIDENT per GEORGIA STATE Police OFFICER LARKIN.

- TRIAL COUNSEL FAILED TO MEANINGfully QUESTION AND / or IMPEACH THE STATES WITNESSES WHOSE STATEMENTS WERE NOT ONLY INCONSISTANT, BUT LACKED CREDIbility/ VERACITY AND WERE NEVER CHALLENGED DURING COURT HEARING / TRIAL.

- PlEASE SEE Video And Clothing decription, AS EXHIBIT MARKED (A)

- TRIAL COUNSEL AGAIN FAIL appropriately AUTHENTICATE ANd LAy AN Adequate FOUNDATION TO deffer OR ADMIT INTO EVIDENCE, OFFICER LARKINS TESTIMONY AS TO THE WHEreAbOUts OF THE DEFENDANT (MR KENNEdy) LOCATION DURING THE ALLEGED INCIDENT. HAD COURT KNOWN SAID MATTERS OCCURRED, Prior TO COURTS DELIBERATION, THE DEFENDANTS COURT PROCEEDING's may have RENDERED A DIFFERENT RESULT.

19. List the name and present address of every person who you believe was a witness to the facts set forth in number 18 and BRIEFLY state what each person knows (from having seen, heard, etc.) concerning what happened. **SEE ATTACHED ARGUMENTS.**

(Mom) CATHERINE KENNEDY- 996 Forrest Cir SE Atlanta, ga. 30354

(DAD) VERNARD KENNEDY - 1890 Plaza lane Apt#331 Atlanta, ga. 30311

(BROTHER)

(SISTER) NITASHA KENNEDY- 402 valiant lane Riverdale, ga. 30274

(Public Defender) Nefertara CLARK

20. Please describe any legal argument you wish to make. You may add separate sheets of paper if necessary. It is not necessary that you present legal argument in order to obtain the relief to which you are entitled.

PETITIONER WAS SUBJECTED TO JUDICIAL PROCEEDINGS IN WHICH NUMEROUS SUBSTANTIVE GUARANTEES WERE VIOLATED Ultimately RESULTING IN AN UNlawful CONVICTION based on PERJURED documents) AND /OR ORAL EVIDENCE (S) SEE: GA Code ANN § ████ 16-10-20 SEE Also, FEDERAL STATUE AT TITLE 18 U.S.C § 1001. DEFENDANTS USED A LINE-up CARD With (6) Photos OF THE PETITIONER, And No Photos OF possible Suspect other THAN MR. KENNEDY, VIOLATING RESPONDENT'S, HAVE A LEGAL AND MORAL obligation TO 5th AND 14th AMENDM OF THE U.S. Constitution RELINQUISH THE REQUESTED RECORDS As SAID RECORDS DUE PROCESS AND EQUAL PROTECTION ARE DIRECTLY RELATED TO (ERRORS) AND POSTCONVICTION CLAUSE RELIEF IN WHICH PETITIONER IS LEGALLY ENTITLED TO. WALLACE Vs. BELL 387 F. Supp. 3d 728 (ED MICH. (2005)

21 Briefly state the specific relief requested against each party. This means to state exactly what you want the court to do for you. **DO NOT MAKE ANY LEGAL ARGUMENTS. DO NOT CITE CASES OR STATUTES.**

1. Subpeona GEORGIA STATE POLICE DEPT- TO RELINQUISH VIDEO OF INCIDENT IN QUESTION TO PROVE MR. KENNEDY'S INNOCENSE.

2. Subpeona GEORGIA STATE POLICE OFFICER LARKINS COURT TRANSCRIPTS /TESTIMONY,

3. Subpeona GEORGIA STATE Police OFFICER LARKINS To APPEAR IN COURT To GIVE ORAL TESTIMONY TO MR. KENNEDY'S INNOCENSE.

4. Subpeona Copy OF LINE-up CARD USING MR KENNEDY'S Photo IN ALL (6) SUSPECT SLOTS,

5. Subpeona Court Records with clothing description provided OF What the Alledged SUSPECT WAS WEARING WHEN Police dispatchers dispatched CALL.

6. IN OPEN COURT HAVE OFFICER LARKINS, POINT-OUT PERSON STANDING With him, when clothing decription AND STREET Location OF SUSPECT WAS GIVEN OUT OVER Police Radio, by GEORGIA STATE Police DISPATCHERS.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing statements made in this Inmate Form for Civil Action are true and correct

Executed on _3/14/2019_____
Date

_Ermeta Kennedy_____
Signature of Plaintiff

Sworn to and subscribed before me this
_14th_ day of _March_ , 20 _19_
_Billy aun_____
Notary Public of Other Person Authorized to Administer Oaths

*My Main Copy*

IN THE SUPERIOR COURT OF *FULTON CounTY*
STATE OF GEORGIA

*ERUNTA KENNEDY*
_____
Plaintiff

*1001068939*
_____ ,
Inmate Number

Civil Action No. ~~############~~

*2019-RCHM-6*

vs.

*COUNTY OF FULTON* ,

*GEORGIA STATE POLICE DEPT*

*GEORGIA STATE COLLEGE* ,
Defendant(s)

Nature of Action:
PETITION FOR WRIT OF MANDAMUS
_____
_____
_____

## INMATE FORM FOR CIVIL ACTION

## PART I: BACKGROUND INFORMATION ON YOUR CONVICTION

1. Name and location of prison in which you are now confined: *JOHNSON STATE PRISON, P.O. Box 344 DONOVAN Rd, WrigHtsVille GA. 31096.*

2. Sentence you are now serving: *13 years*

   Name and location of court which imposed sentence: *FULTON COUNTY*

   Approximate date your sentence will be completed: *MAY 28, 2028*

3. The indictment number or numbers (if known) upon which, and the offense or offenses for which sentence was imposed:

   a. *Robbery Conviction Case # 11SC106310*

   b. *Arm Robbery Conviction Case # 15SC135234*

   c. _____

4. Give the approximate date upon which sentence was imposed and the terms of the sentence:

   a. *Robbery Conviction;- Probahition 5 years, April 29, 2013*

   b. *Arm Robbery Conviction;- 13 years, January 26, 2016*

c. _____
_____
_____

5. Check whether a finding of guilty was made after a plea of:

☑ Guilty
☐ Guilty but mentally ill
☐ Nolo contendere
☐ Not guilty

6. If you were found guilty after a plea of not guilty, check whether the finding was made by:

☐ Jury
☑ Judge only

7. Did you appeal from the judgment of conviction or the imposition of sentence?

☐ Yes     ☑ No

8. If you did appeal, answer the following:

a. The name of each court to which you appealed:

1. _____
2. _____
3. _____

b. The result in each such court to which you appealed:

1. _____
2. _____
3. _____

c. The approximate date of each such result:

1. _____
2. _____
3. _____

d. If known, citations of any written opinion orders entered pursuant to such results:

1. _____
2. _____
3. _____

## PART II: OTHER LAWSUITS

9. **OTHER THAN LAWSUITS ALREADY LISTED** in questions 3 through 8, have you ever begun or are you now beginning other lawsuits in federal or state courts dealing with the same facts involved in this action or relating to your imprisonment?

☐ Yes     ☑ No

10. If your answer to number 9 is "Yes," describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline for each lawsuit.)

   a. Parties to the previous lawsuit:

   Plaintiffs: _____ *N/A* _____

   Defendants: _____

   b. Court (If federal court, name the district. If state court, name the court and county) :

   _____

   c. Docket Number: _____ *N/A* _____

   d. Name of judge to whom case was assigned: _____

   _____

   e. Date on which you filed lawsuit: _____

   f. Date of disposition, if any, of lawsuit: _____

   g. What was the lawsuit about? _____ *N/A* _____

   _____

   h. What was the outcome of the lawsuit? (For example, was the case dismissed? Was it appealed? Is it still pending? _____ *N/A* _____

   i. Citations, if known, to any written opinions or orders in the lawsuit: _____

   _____

## PART III: GRIEVANCE PROCEDURES

11. Is there a prisoner grievance procedure at the institution in which you are presently confined?

   ☑ Yes        ☐ No

12. If your answer to number 11 is "Yes," please answer the following:

   a. Did you present the facts relating to your complaint in the institution's prisoner grievance procedures?        ☐ Yes        ☑ No

   b. If your answer to (a) above is "Yes,"

   What steps did you take? _____ *N/A* _____

   _____

   What was the result? _____ *N/A* _____

   c. If your answer to (a) above is "No," explain why not: *Grievance Process within THE DEPT. of Correction will NOT GIVE RELIEF SOUGHT.*

13. Tell what you have done, other than what you have described in question 12, to bring your complaints to the attention of prison officials. In doing so, give dates, places, and names of persons talked to.

_____
_____
_____
_____
_____
_____
_____
_____

14. Names and approximate dates of entry and exit, and locations of all prisons and jails in which you have been incarcerated:

_____
_____
_____

15. As to your present confinement, please state:

a. Which part of the penitentiary or jail are you held in : _____

_____

b. How long have you been in this part of the penitentiary or jail? _____

c. Please list the full name of every prisoner now confined in the same general area: _____

_____
_____

## PART IV: STATEMENT OF CLAIMS

16. List the name and address of each plaintiff in this lawsuit: ERUNTA KENNEDY JOHNSON STATE prison, P.O. Box 344 DONOVAN Rd, WRIGHTSVILLE GA 31096, E-1, #1000068939, 122-T

17. List below for each defendant, the defendant's full name, official position, and place of employment. Attach additional paper if necessary.

| Full Name | Official Position | Place of Employment |
|---|---|---|
| COUNTY OF FULTON | ENTITY | — |
| GEORGIA STATE COLLEGE, | COLLEGE | |
| GEORGIA STATE POLICE DEPARTMENT, | | |

## STATEMENT OF CLAIM

18.  Describe each and every FACT—no opinions or views, only the actual events—supporting and explaining the basis for the lawsuit you have filed. DESCRIBE HOW EACH DEFENDANT IS INVOLVED. Include also the names of other persons involved, dates and places. If you intend to allege a number of related claims, you should number and set forth each claim separately. **DO NOT GIVE ANY LEGAL ARGUMENT OR CITE ANY CASES OR STATUTES.** (You may attach additional sheets of paper if necessary.)

- TRIAL Counsels DEFICIENT Performance AND FAILURE TO present Evidence/subpeONA witnesses this was DAMAGING iN that the court was DENIED KNowing DEFENDANTS Alibi. i.E. CouldN't been Present during the ALLEGED TIME of incident per GEorgia STATE Police officer LARKiN.
- TRIAL Counsel FAiLED to meaningfully question AND/or Impeach the states witnesses whose statements were not only inconsistant, But Lacked Credibility/Veracity and were never challenged during court Hearing/Trial.
- Please see video and Clothing description as ExHibit Marked (A)
- TRial Counsel again Fail appropriately Authenticate and Lay an Adequate foundation to offer or Admit into Evidence, officer Larkin testimony as to the whereabouts of the Defendant (Mr. Kennedy) Location during the Alleged incident. Had court known said matters occured, Prior to courts Deliberation, the Defendants court Proceeding's may have rendered a different result. SEE ATTACHed Arguments.

19.  List the name and present address of every person who you believe was a witness to the facts set forth in number 18 and **BRIEFLY** state what each person knows (from having seen, heard, etc.) concerning what happened.

(Grandmother) Catherine Kennedy -996 Forrest Cir SE Atlanta, ga. 30354

(DAD) Vernard Kennedy -1890 Plaza lane Apt #331 Atlanta, ga. 30311

(Sister) Nitasha Kennedy 402 Valiant lane Riverdale, ga. 30274

20. Please describe any legal argument you wish to make. You may add separate sheets of paper if necessary. It is not necessary that you present legal argument in order to obtain the relief to which you are entitled.

Petitioner was subjected to Judicial Proceedings in which Numerous substantive guaranteed were violated ultimately resulting in an unlawful conviction based on prejured documents) and /or oral evidence(s) SEE: GA Code ANN: 16-10-20 SEE ALSO, Federal statue at title 18 U.SCA: 1001. Defendants used a Line-up card with (6) Photos of the petitioner, and No Photos of possible suspect other than Mr. kennedy Violating 5th and 14th amendments of the US. Constitution due process and equal protection clause. Respondent's have a legal and moral obligation to relinguish the requested records as said records* are directly related to (ERRORS) and Post Conviction relief in which Petitioner is Legally entitled to. Wallace vs. Bell 387 F.supp.3d 728 (ED mich. (2005)

21. **Briefly** state the specific relief requested against each party. This means to state exactly what you want the court to do for you. **DO NOT MAKE ANY LEGAL ARGUMENTS. DO NOT CITE CASES OR STATUTES.**

1. Subpena Georgia state Police Dept - To Relinguish video of incident in question to prove Mr. kennedy's innocense.
2. Subpena Georgia state Police officer Larkins Court transcripts testimony.
3. Subpena Georgia state Police officer Larkins to appear in Court to give oral testimony to Mr.kennedy's INNOcense.
4. Subpena Copy of Line-up card using Mr. kennedy's Photo in all (6) suspect slots.
5. Subpena Court Records with clothing description provided of what the Alledged suspect was wearing when police dispatcher's dispatched call.
6. IN open court have officer Larkins, point-out person standing with him, when clothing description and street Location of suspect was given out over police Radio, by Georgia state Police dispatchers.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing statements made in this Inmate Form for Civil Action are true and correct

Executed on **3/14/2019**
_____
Date

*Ernita Kennedy*
_____
Signature of Plaintiff

Sworn to and subscribed before me this
_____ day of _____, 20___
_____
Notary Public or Other Person Authorized to Administer Oaths



(Exhibit B) E.K.
consist's of 25
Pages

**SHEPARD PLUNKETT & HAMILTON, LLP**
ATTORNEYS AT LAW

429 WALKER STREET, UPPER LEVEL
AUGUSTA, GEORGIA 30901
☎ (706) 722-6200
📠 (706) 722-4817
@ DHAMILTON@SHEPARDPLUNKETT.COM

January 25, 2018

Erunta Kennedy
#1001068939
Augusta State Medical Prison
2001 Gordon Highway
Grovetown, GA 30813

      RE:    Erunta Kennedy v. Edward Philbin
             Richmond County Superior Court
             Civil Action File No.:  2017-RCHM-2

Dear Mr. Kennedy:

    I enclose your service copy of the Notice of Continued Hearing on Motion to Dismiss in the above-referenced matter.

                Sincerely,

                A.M. Hymel
                Assistant to Daniel W. Hamilton
                Special Assistant Attorney General

enclosure



**SHEPARD PLUNKETT & HAMILTON, LLP**
ATTORNEYS AT LAW

(Exhibit A)
Consist's
of 15 pages
E.K.

429 WALKER STREET, UPPER LEVEL
AUGUSTA, GEORGIA 30901
☎ (706) 722-6200
🖷 (706) 722-4817
🖃 DHAMILTON@SHEPARDPLUNKETT.COM

May 11, 2018

Erunta Kennedy
#1001068939
Augusta State Medical Prison
3001 Gordon Highway
Grovetown, Georgia 30813

RE:     Erunta Kennedy v. Edward Philbin
        Superior Court of Richmond County, State of Georgia
        Case Number: 2017RCHM00002

Dear Mr. Kennedy:

        Enclosed please find your service copy of the Order (to Dismiss).

                        Sincerely,

                        Teri Durshimer
                        Teri Durshimer
                        Assistant to Daniel W. Hamilton

enclosure

IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA

2018 JAN 25  PM 4: 19

HATTIE HOLMES SULLIVAN
CLERK, RICHMOND CO. GA.

ERUNTA KENNEDY,                )
                               )
        PETITIONER,            )   Civil Action File No.:  2017-RCHM-2
                               )
VS.                            )
                               )
                               )
SCOTT WILKES,                  )
                               )
        RESPONDENT.            )

## NOTICE OF CONTINUED HEARING ON MOTION TO DISMISS

TO:   Erunta Kennedy
      #1001068939
      Augusta State Medical Prison
      3001 Gordon Highway
      Grovetown, Ga 30813

Please take notice that a hearing on Respondent's Motion to Dismiss application

for Writ of Habeas Corpus that was scheduled for **Tuesday, January 23, 2018 at**

**11:00 a.m.** has been continued to **Tuesday, March 27, 2018 at 3:00 p.m** in

**Courtroom 2F** before the Honorable Michael N. Annis, Judge of the Superior Court,

Richmond County, Georgia.

This the ___25th___ day of January, 2018.

_____
Daniel W. Hamilton
Special Assistant Attorney General
Attorney for Respondent
State Bar No. 320855

Shepard Plunkett & Hamilton, LLP
429 Walker Street, Upper Level
Augusta, Georgia  30901
(706) 722-6200

## **Certificate of Service**

This is to certify that I have this day placed a copy of the within and foregoing

Notice of Hearing by placing a copy of same in the U.S. mail, with sufficient postage to

ensure delivery, addressed as follows:

Erunta Kennedy
#1001068939
Augusta State Medical Prison
3001 Gordon Highway
Grovetown, Ga 30813

This __25th__ day of January, 2018.

Daniel W. Hamilton
Special Assistant Attorney General
Attorney for Respondent
State Bar No. 320855

Shepard Plunkett & Hamilton, LLP
429 Walker Street, Upper Level
Augusta, Georgia  30901
(706) 722-6200

*Petitioner*

## IN THE SUPERIOR COURT OF ~~RICHMOND~~ RICHMOND COUNTY
### STATE OF GEORGIA

Erunta Kennedy, _____,
                                     Petitioner

1001068939 _____,
                                     Inmate Number

vs.

SCOTT WILKES _____,

~~Augusta State MED. Prison~~              Warden
                                     Respondent
(Name of Institution where you are now located)

Civil Action No. 2017 RCHM 2
~~Jardein~~ 2017 HABEAS CORPus
PETITION FOR WRIT OF ~~HABEAS CORPUS~~

17 FEB 23 AM 10:

**REQUEST TO PROCEED IN FORMA PAUPERIS**

I, Erunta Kennedy _____, depose and say that I am the plaintiff in the above entitled

case; that in support of my request to proceed without being required to prepay fees, costs, or give

security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to

give security therefor; that I believe I am entitled to redress.

I further swear that the responses which I have made to questions and instructions below are true.

1.    List any and all aliases by which you are known:  **N/A** _____

2.    Are you presently employed?        ☐ Yes        ☐ No

         If the answer is "Yes," state the amount of your salary or wages per month, and give the

         name and address of your employer:  **N/A** _____

         If the answer is "No," state the date of last employment and the amount of the salary and

         wages per month which you received:  **N/A** _____

3.    Have you received within the past twelve months any money from any of the following sources?

         Business, profession, or form of self-employment?     ☐ Yes     ☒ No

         Pensions, annuities, or life insurance payments?      ☐ Yes     ☒ No

         Rent payments, interest or dividends?                 ☐ Yes     ☒ No

*Petitioner*

**IN THE SUPERIOR COURT OF** *Richmond County*
**STATE OF GEORGIA**

*Erunta Kennedy* ,
                    Petitioner

*1001068939* ,
                    Inmate Number

vs.

*Warden Philbin, E.* ,
                    Warden

*Augusta State Medical Prison* ,
                    Respondent
(Name of Institution where you are now located)

*2018 RCHm 30*

Civil Action No.

*November Term*
*2018*
Habeas Corpus

**DANIEL J. CRAIG**

**APPLICATION FOR WRIT OF HABEAS CORPUS**

## PART I: BACKGROUND INFORMATION ON YOUR CONVICTION

1. Name, county, and court which entered the judgment of conviction under attack:
   *Fulton County Superior Court*

2. Date of conviction: *April 29th, 2013*

   (Please Note: O.C.G.A. § 9-14-42(c) mandates that applications for writ of habeas corpus must be filed within a certain time.  Please see Instructions (7) for more information.)

3. Length of sentence(s): *5 years probation*

4. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   ☐ Yes   ☑ No

5. Name of offense(s). List all counts: _____

   _____

6. What was your plea? Please check one:
   ☑ Guilty
   ☐ Guilty but mentally ill
   ☐ Nolo contendere
   ☐ Not guilty
   If you entered a guilty plea to one count or indictment, and a not guilty or nolo contendere plea to another count or indictment, give details: *D.N.A.*

   _____

7. Kind of trial. Please check one:
   ☐ Jury
   ☑ Judge only

8. Did you testify at the trial?   ☐ Yes   ☑ No

9. Did you appeal from the conviction?  ☐ Yes  ☑ No

10. If you did appeal, answer the following:

Name of appellate court to which you appealed: _____

Result of appeal: _____

Date of result: _____

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this conviction in any state or federal court?
    ☑ Yes  ☐ No

12. If your answer to 11 was "Yes," give the following information: (**Note:** If more than three petitions, please use a separate sheet of paper and use the same format to list them.)

A. Name of court and case number: *Richmond Co., #*

What kind of case or action was this? *Writ of habeas Corpus*

All grounds raised (attach extra sheet of paper if necessary): *See enclosed grounds. Ground*

_____

Did a judge hear the case? ☑ Yes ☐ No   Did witnesses testify? ☐ Yes ☑ No

Name of Judge: *Michael N. Annis*

Result: *Dismissed without prejudice to allow second filing.*

Date of Result: _____

B. As to any second petition, application or motion, give the same information.

Name of court and case number: *Do not apply.*

What kind of case or action was this? *Do not apply.*

All grounds raised (attach extra sheet of paper if necessary): *Do not apply.*

_____

Did a judge hear the case? ☐ Yes ☑ No   Did witnesses testify? ☐ Yes ☐ No

Name of Judge: *Do not apply.*

Result: *Do not apply.*

Date of Result: *Do not apply.*

C. As to any third petition, application or motion, give the same information.

Name of court and case number: *Do not apply.*

What kind of case or action was this? *Do not apply.*

All grounds raised (attach extra sheet of paper if necessary): *Do not apply.*

_____

Did a judge hear the case?  ☐ Yes ☑ No    Did witnesses testify? ☐ Yes ☑ No

Name of Judge: _Do not apply._

Result: _Do not apply._

Date of Result: _Do not apply._

D.  Did you appeal to the Georgia Supreme Court or the Georgia Court of Appeals from the result taken on any petition, application, or motion listed above?

First petition, application or motion:      ☐ Yes     ☑ No

Second petition, application or motion:     ☐ Yes     ☑ No

Third petition, application or motion:      ☐ Yes     ☑ No

E.  If you did not appeal from the denial of relief on any petition, application or motion, explain briefly why you did not: _State habeas filed within the court at bar was dismissed without prejudice in order to be re-filed once I have aquired the evidence needed. They were here._

F.  If you appealed to the highest state court having jurisdiction, did you file a petition for certiorari in the United States Supreme Court to review the denial of your petition by the Georgia Supreme Court or the Georgia Court of Appeals?      ☐ Yes     ☑ No

13.  Do you have any petition or appeal now pending in any court, either state or federal, as to the conviction under attack?      ☐ Yes     ☑ No

14.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

At preliminary hearing: _____

_____

At arraignment and plea: _____

_____

At trial: _____

_____

At sentencing: _____

_____

On appeal: _____

_____

In any post-conviction proceeding: _____

_____

On appeal from any adverse ruling in a post-conviction proceeding: _____

_____

15.  Do you have any other sentence, either state or federal, to serve after you complete the sentence imposed by the conviction under attack?      ☐ Yes     ☑ No

If so, give the name and location of the court(s) which impose any other sentence:

_Do not apply._

State the date and length of any other sentence to be served: _Do not apply._

Have you filed, or do you contemplate filing, any petition attacking the judgment(s) which imposed any other sentence?      ☐ Yes      ☒ No

## PART II: STATEMENT OF YOUR CLAIMS

State concisely every ground on which you now claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting the same.

GROUND ONE: *FATALLY Defective Bill of INDICTMENT*

SUPPORTING FACTS. (Tell your story *briefly* without citing cases or law): *Fulton County Superior Court Grand Jury was not presented with Sufficient evidence of proof to charge the offense of snatch robbery. The Prosecution presented illegally permissable identification and purposely mislead the facts of the case, just as they done on 5/29/13.*

GROUND TWO: *ABUSE of Discretion of trial court and/or Prosectorial OVEREACH/MisConduct*

SUPPORTING FACTS. (Tell your story *briefly* without citing cases or law): *Judge A. Dempsey Violated numerous rights guaranteed to me (Pursuant to U.S.C.A. 4,5,6 and 14 Amendments, which Ultimately effected my fundamental fairness rights and effected the 5/29/15 guilty plea to being involuntary entered.*

GROUND THREE: *INEFFECTIVE ASSISTANCE OF COUNSEL*

SUPPORTING FACTS. (Tell your story *briefly* without citing cases or law): *Petitioner received ineffective assistance of Counsel, by Counsel failing to investigate the facts of the Case; FAILING to file an appropriate motion to quash the indictment, raise an alibi defense, in violation of KIMMelman V. Morrison, 106 sct. 2574, 477 U.S. 365 (U.S. 1986), and it's progeny.*

GROUND FOUR: *[Pre Judicial Photographic Array] VS. Ineffective*

# Assistance of Counsel

SUPPORTING FACTS. (Tell your story *briefly* without citing cases or law) [The Prosecution Knowingly, willingly, and with malicious afore thought introduced, for viewing by the victim in a persuasive photo-graphic line-up, six(6) pictures, that implimented plaintiff as the suspect to the crime; countrary to the discription of the assailant privided by the victim

and the fact that the petitioner was in the presence of a law officer when the Criminal event took place. The discription of the assailant was not close to that of petitioner's [The victim of the case at bar described the assailant as being "skinny", about 6ft. tall, medium build, short-length dreads, wearing a White Tshirt and black shorts]. Officer Larkin, whom was at the location of the probation officer area when plaintiff was running to said office in order to report before the close of business the day of the incident [testified at a pre-motion hearing in the case, and provided a police report/statement there with, that the discription of that came out over the police radio did not fit the discription of plaintiff] The photographic line-up of six pictures emplimenting Plaintiff as the suspect was an impermissibly suggestive photographic confrontation, followed by a suggestive identification in court during pre-trial proceedings, a critical stage of the proceeding, making it impossible to determine that the courtroom identification is untainted, and violating the progeny of Baier v. State, 124 GA.App.334.183 S.E. 2d 622 (1971)] Said impermissibly suggestive photographic line-up, in with ineffective assistance of counsel, contributed to the conviction of one that is factually innocent.]

5.

GROUND FIVE:   BRADY V. MARYLAND VIOLATION EFFECTING
THE VALIDILITY OF THE
GUILTY PLEA:

SUPPORTING FACTS:

On April 29th, 2013 Plaintiff involuntarly entered a guilty plea to one count of Robbery by Sudden snatching. The prosecution failed to produce excalputary evidence that shed light to Petitioner's innocence, simular to the statement officer Larkin declared, "the description that came out over the radio did not fit the description of the assailant; and that when the incident was being called on the radio, officer Larkin was standing in the presence of Petitioner while police was actually viewing the assailent elude police; making it impossible for the assailent to be the Plaintiff.

I was able to obtain My discovery Package but some things was taking out. Strickler v. Greene, 527 U.S. 263, 281-82 (1999); See also Cone v. Bell, 129 S. Ct. 1769, 1782 (2009).

[6b]

## PART III: OTHER CLAIMS NOT PRESENTED TO A COURT BEFORE THIS

If any of the grounds listed in PART II were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

_____   _____   _____
_____   _____   _____
_____   _____   _____
_____   _____   _____

Wherefore, petitioner prays that the Court grant relief to which the petitioner may be entitled in this proceeding.

_____       _____
                                           Date

_____
Signature and Address of Petitioner's
Attorney (if any attorney)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing statements made in this Application for Writ of Habeas Corpus are true and correct.

Executed on   _____
                    Date

Sworn to and subscribed before me this
____ day of _____ 20__

_____
Notary Public or Other Person Authorized to Administer Oaths

_____
Signature of Petitioner

Please note that under O.C.G.A. §9-14-45 service of a petition of habeas corpus shall be made upon the person having custody of the petitioner. If you are being detained under the custody of the Georgia Department of Corrections, an additional copy of the petition must be served on the Attorney General of Georgia. If you are being detained under the custody of some authority other than the Georgia Department of Corrections, an additional copy of the petition must be served upon the district attorney of the county in which the petition is filed. Service upon the Attorney General or the district attorney may be had by mailing a copy of the petition and a proper certificate of service.

Dear Honorable Judge Michael N. Annis
Civil Action No(s). 2018-RCHM 30, 2019 RCHM

Sorry for disturbing you on your busy and demanding day. I, Erunta Kennedy was standing before you on Thursday, June 13, 2019, Which I informed you that the Prosecutor knowingly, maliciously and willingly made a false statement in your Courtroom, which violated O.C.G.A. 16-10-70 Code section A. Which shows that perjury took place in your Courtroom and it should be address because it's your courtroom. Honorable Judge Michael Annis you handle my case last year Civil Action No. 2017-RCHM-2. March 27,- 2018, also you dismiss Civil Action No. 2017 - RCHM-2 without Prejudice. That clearly shows that I challenge my Conviction before my statue limitation was up, so I would be able to come back an challenge my conviction. Honorable Judge Michael Annis the Prosecutor committed Perjury in your courtroom by saying I didn't file my Habeas Corpus Petition on time, should be addressed. Honorable Judge Michael Annis, I'm entitled to a fair court Proceeding per 5th and 14th Amendment of Due Process Equal Protection of clauses. I look forward to hearing back from you real soon. Have a nice day.

Erunta Kennedy
July 2, 2019

IN THE SUPERIOR COURT OF RICHMOND COUNTY

THE STATE OF GEORGIA
PLAINTIFF

V.

ERUNTA KENNEDY    Pro se
DEFENDANT

Civil Action No(s).
2018-ACHM-30/
2019-RCHM-6

## NOTICE TO APPEAL

Comes Now the Defendant, Erunta KENNEDY IN THE Above Styled court Case. I FILE This his Notice of Appeal to the Court of Supreme Court of Georgia in Regards to the Adverse, Unethical Violation of the Defendant's Constitutional Rights of Due Process and Equal Protection which were violated on June 13, 2019. Defendant is Pro se and can't Physically come into Superior Court to retrive Copies of His transcripts of the Hearing that took Place on the 13th of June. Defendant is Entitled to Said transcripts, which are needed to continue his Post Conviction Relief Efforts. Defendant being Pro se, Request Clerk of the Court to forward Defendant a Copy of Hearing transcript to the Defendant, So he can prepare for his court case Which will be Heard in the Supreme Court of Georgia. Thanks you in Advance for your help in this matter with kind reagrds I am.

Sincerely,

Erunta Kennedy
Johnson State Prison
P.O. Box 344
Wrightsville, ga. 31096

BILLY D. WICKER
Notary
Public
JOHNSON COUNTY, GA
MY COMMISSION EXPIRES
July 5, 2023

# JUDICIAL QUALIFICATIONS COMMISSION
## State of Georgia

ear Complainant:

accordance with your request, we are enclosing a form for the filing of a complaint with this Commission, as ell as a brochure, which outlines the function, jurisdiction and procedures used by the Commission in aluating complaints.

ie Georgia Judicial Qualifications Commission serves many purposes: to instruct judges on ethical conduct; to omote public confidence in the integrity, independence, and impartiality of the Georgia judiciary; and to courage judges in Georgia to maintain high standards of conduct both on and off the bench. One of the most portant ways the Commission accomplishes this mission is through its investigation of allegations of judicial isconduct.

ease review these materials, including the information set forth on the last page of the form, before attempting complete the form and note that this form must be typed or legibly handprinted, dated and signed.

be considered, all complaint forms must describe specific allegations of judicial misconduct in **five (5)** iges or less, **double-spaced.**

ease keep copies of all documents sent to the Commission, do not send originals. The Commission is able to return documents to complainants. The Commission will not review any documents or other papers cluded with a complaint unless evidence of judicial ethical misconduct is first set forth in the complaint.

after reviewing the form and the brochure, you have further questions, the Commission will welcome your quiry. Be assured that any complaint, which lies within the authority of the Commission, will be carefully nsidered.

Judicial Qualifications Commission
8206 Hazelbrand Road, Suite C
Covington, GA 30014



JUDICIAL QUALIFICATIONS COMMISSION
State of Georgia
~~P. O. Box 191~~  *See front*
~~Madison, GA 30650~~
(706) 343-5891
www.gajqc.com

Complaint Number _____

## COMPLAINT AGAINST A GEORGIA JUDGE

*Confidential under Georgia Constitution Article VI, Section VII, Paragraph VI and Commission Rule 20*

Please note that the Commission only has authority to investigate allegations of judicial misconduct or permanent disability by persons holding state judicial positions. The Commission has no jurisdiction over and does not consider complaints against federal judges, lawyers, police or other law enforcement officers, court personnel, court clerks, Solicitors or District Attorneys.

The Commission does not act as an appellate court and cannot review, reverse or modify a legal decision made by a judge in a court proceeding. For example, the Commission does not investigate claims that a judge wrongfully excluded evidence; wrongfully issued a temporary protective order; improperly found probable cause on a warrant; imposed an improper sentence; denied reasonable bond; awarded custody to the wrong party; incorrectly determined alimony, child support or issues related to visitation; incorrectly resolved a legal issue or believed or allowed perjured testimony. The Commission has no authority to intervene in any court case nor can the Commission modify, change, or reverse any ruling or Order of a judge. If you believe a judge has ruled incorrectly then your remedy is to appeal that decision within the time provided by law. You should consult with an attorney about your legal rights. Complaints that only allege that a judge has made an erroneous or incorrect legal decision will, in most cases, be dismissed.

Please read the entire form and the enclosed brochure explaining the Commission's function, jurisdiction and procedures before attempting to complete this form.

PLEASE NOTE: Complaint form must be typed or legibly hand-printed, dated and signed before it will be considered.

I. Person Making Complaint

Full Name **Erunta Kennedy**

Mr. ☐  Mrs. ☐  Ms. ☐  Dr. ☐
*Inmates Must Include EF or GDC Number* **1001068939**

Address: **Johnson State Prison**
**P.O. Box 344**

Telephone (Day) **N/A**          (Eve) **N/A**

II.  Judge Against Whom Complaint Is Made

Name: *Honorable Judge Michael N. Annis*

The Court is located in: *Augusta*                    *Richmond*

                            .City                    County

Court Level:  (check one)   ☐ Supreme Court   ☐ Court of Appeals   ☑ Superior

☑ State   ☐ Magistrate   ☐ Probate   ☐ Municipal   ☐ Juvenile   ☐ Recorder's   ☐ Other

III.  Additional Information  (if available)

   a.  If your complaint arises out a court case, please answer the following questions:

      1.  What is the name and number of the case?

Case name: *Richmond County*     Case Number: *2018-RCHM-30*
*Superior Court*                               *2019-RCHM-6*

      2.  What kind of case is it?

☐ civil   ☑ criminal   ☐ domestic relations   ☐ probate   ☐ small claims   ☐ traffic   ☐ other (specify)

      3.  What is your relationship to the case?

      E.K.            ✓ E.K.
☑ plaintiff/petitioner   ☑ defendant/ respondent

☐ attorney for _____   ☐ witness for _____

☐ other (specify) _____

   b.  If your case is concluded and you were represented by an attorney in this matter at the time of the judge's conduct, please identify the attorney.  If your case is currently pending, and you are represented by an attorney, you should consult with your attorney prior to filing a complaint:

Name   *N/A*

Address _____

Phone _____

IV. Statement of Facts

In the following section, please state the specific facts and circumstances that you believe amount to judicial misconduct or disability. Please be sure to provide all relevant details, names, dates, places, addresses and telephone numbers which may assist the Commission in their review of your complaint.

Each allegation that you state should be factual and specific, but as brief and to the point as you can state it.

I, Erunta Kennedy, just had a Habeas Corpus hearing on June 13, 2019, Thursday at 9:30 a.m. Before Michael N. Annis Judge of the Superior Court, Richmond County, Georgia, Civil Action No(s). 2018-RCHM-30/2019-RCHM-6. Well it wasn't a fair Proceeding, because the Prosecutor stated that I didn't file my Habeas-Corpus Petition on time, within my four year statue limitation, Which is not true because April 29, 2013, I took a guilty plea in Fulton County, (Case No. 11SC106310). Well as of the begin of 2017 the January term I was assigned a Civil Action (No). 2017-RCHM-2. Judge Michael N. Annis Dismiss Civil Action (no). 2017-RCHM-2 without Prejudice on March 27, 2018, tuesday at 3:00 p.m., in courtroom 2F. Madam or Sir this shows that I ERUNTA KENNEDY has challenge case No. 11SC106310. The Prosecutor Committed PERJURY which Violated O.G.G.A 16-10-70 code section A. Which violated all of my Constitutional Rights, of Due Process and Equal Protection Clauses, The state committed Procedural MisConduct Violations by not allowing said evidence to be entered onto record, and the court violated Judicial MisConduct

If additional space is required, attach and number additional pages up to 5 pages, double spaced

When the Judge showed bias, Prejudice forward the Plaintiff during his Habeas Corpus Hearing. The Court Err by not allowing the plaintiff his Constitutional Right to be Heard and Plaintiff had in his possesion ExHibits which clearly show Police MisConduct of tampering with Evidence, during a formal Investigation. Tampering with Evidence is an arrestable offense punishiable by up to 5 years of Imprisonment. The Aforementioned Defendants Actions amount to an obstruction of Justice Complaint that I will be forwarding to Fulton County Superior Court, with Evidence to support my Immediated release from Prison. And shows that Evidence was Indeed Tampered with per Video photos, marked ExHibit's A, B, C, D, Which shows me running into my probation office where I was extremely Late for a Probation my meeting With my probation officer. The Judicial Complaint was not made to punish or Embrass the proceeding Judge but to Complete all area, In Case a civil Lawsuit is needed to Remendy / correct the the unlawful detention of myself, Due to the Constitutional Violations forced Upon the Plaintiff by the false – Imprisonment, False Accusations, created by the Georgia State Police Department. I was not giving a fair apporunity to Defend the charges lodged against me and the court failed to protect my Constitutional rights to a fundmentally fair court proceeding said Violation automatically warrants a reverisble of my Conviction and indictment.

1.

I would like a copy of my complaint number with the court filing date stamped on said documents, which I am entitled to by the Due process rights of the United States Constitution. Without a copy of the forementioned or a copy of my transcript I would be forced to be a victim of the court resulting from a Mis-Carriage of Justice.

I also wrote the state Bar of Georgia on this Complaint and Ms. Lynda Sewell Hulsey, Director gave me a Address: 244 Washington Street, SW 3rd Floor
Atlanta, ga 30334
Phone (404) 558-6940

That's the Address Ms. Lynda Sewell Hulsey gave me which she informed me that was the Judicial Qualification Commission

Erunta Kennedy
Johnson State Prison
P.O. Box 344
Wrightsville, ga-31096



2.

~~IV. Please attach any relevant documents which you believe support your claim that the judge has engaged in judicial misconduct or has a disability. (Note: these documents may not be returned to you and you~~ should retain a copy for your records.)

IF YOU ARE ATTACHING DOCUMENTS, PLEASE PROVDE ONE ADDITIONAL COPY OF THE DOCUMENTS FOR OUR RECORDS.

V.  Identify, if you can, any other witnesses to the conduct about which you complain:

Name(s): _____   _____

Addresses: _____   _____

_____   _____

> In filing this complaint, I understand that:
>
> ➢ The Commission's rules provide that all proceedings of the Commission, including complaints filed with the Commission, shall be kept confidential, until this complaint has been resolved.
>
> ➢ I further understand that this rule of confidentiality attaches and becomes effective upon the filing of this complaint and that any violation could result in a citation for contempt of the Supreme Court.
>
> ➢ The Commission may find it necessary to disclose my identity and the existence of this complaint to the involved judge. By filing this complaint I expressly consent to any such disclosure.

VI . I declare that to the best of my knowledge and belief, the above information is true, correct and complete and submitted of my own free will.

8/13/2019   *Ernesta Kennedy*
Date                                  Complainant's Signature
        (Only signed complaints will be considered)

Please return this form and direct all future communications to:

Judicial Qualifications Commission
~~P. O. Box 191~~
~~Madison, GA 30650~~   *see front*

You are permitted to make copies of this blank form if you require additional forms.
If after reviewing this form and the accompanying brochure, you have further questions, the Commission will welcome your inquiry. Be assured that any complaint which lies within the jurisdiction of the Commission will be carefully considered.

How did you hear about the Judicial Qualifications Commission?
☑ State Bar of Georgia  ☐ Another State Agency  ☐ News Media  ☐ Attorney  ☐ Friend  ☑ Other



SHEPARD
PLUNKETT &
HAMILTON, LLP
ATTORNEYS AT LAW

429 WALKER STREET, UPPER LEVEL
AUGUSTA, GEORGIA 30901
☎ (706) 722-6200
📠 (706) 722-4817
📧 DHAMILTON@SHEPARDPLUNKETT.COM

May 22, 2019

Erunta Kennedy
#1068939
Augusta State Medical Prison
3001 Gordon Highway
Grovetown, GA 30813

      RE:   Erunta Kennedy v. Edward Philbin
              Richmond County Superior Court
              Civil Action File No.:  2019-RCHM-6

Dear Mr. Kennedy:

    I enclose your service copy of the Notice of Hearing in the above-referenced matter.

                 Sincerely,

                 B. Marshall
                 Legal Assistant to Daniel W. Hamilton
                 Special Assistant Attorney General

enclosure

IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA

ERUNTA KENNEDY,                    )
                                   )
        Petitioner,                )    Civil Action File No.: 2019-RCHM-6
                                   )
VS.                                )
                                   )
EDWARD PHILBIN,                    )
                                   )
        Respondent.                )

## NOTICE OF HEARING

TO:    Erunta Kennedy
       #1068939
       Augusta State Medical Prison
       3001 Gordon Highway
       Grovetown, GA 30813

Please take notice that a hearing on the Respondent's Motion to Dismiss will take

place in the above-styled action in **Courtroom 2E** of the John H. Ruffin, Jr.

Courthouse, 735 James Brown Boulevard, Augusta, Georgia, on **Thursday, June 13,**

**2019 at 9:30 a.m.** before the Honorable Michael N. Annis, Judge of the Superior

Court, Richmond County, Georgia.

This the 22nd day of May, 2019.

Daniel W. Hamilton
Special Assistant Attorney General
Attorney for Respondent
State Bar No. 320855


Shepard Plunkett & Hamilton, LLP
429 Walker Street, Upper Level
Augusta, Georgia 30901
(706) 722-6200

## Certificate of Service

This is to certify that I have this day placed a copy of the within and foregoing

Notice of Hearing by placing a copy of same in the U.S. mail, with sufficient postage to

ensure delivery, addressed as follows:

Erunta Kennedy
#1068939
Augusta State Medical Prison
3001 Gordon Highway
Grovetown, GA 30813

This _22ND_ day of May, 2019.

Daniel W. Hamilton
Special Assistant Attorney General
Attorney for Respondent

Shepard Plunkett & Hamilton, LLP
429 Walker Street, Upper Level
Augusta, Georgia s30901
(706) 722-6200

2

## List of Authorites
## CLAIM 1

(1) In <u>Schlup v. Dell</u>, The Supreme Court held that a petitioner could Demonstrate actual Innocence by showing. that it is more likely than not that no reasonable Juror would **Have** convicted him In the Light of the New Evidence, <u>513 U.S. 298, 327 (1995).</u> <u>Section 2244 (B)(b)(ii)</u> constitutional violation probably caused the conviction of an Innocent person Damages from <u>Wrongful Arrest</u> included but not limited to <u>Reputational,</u> <u>False Imprisonment</u>, <u>Slander</u>, <u>Libel</u>, <u>Defamation</u> of — <u>Character</u>, and a host of <u>State of Georgia</u> and <u>U.S. Constitutional Violation's.</u>

Georgia State Police Officer's, Detectives and Fulton County Court officials violated <u>Federal Rule 18 U.S.C.-</u> <u>§§1001 which Reads</u>: [W]Hoever. in any matter within the Jurisdiction of any Department or Agency of the United States Knowingly and willfully falsifies, conceals or covers up a material fact or makes any false, fictitious, or fraudulent statement shall be fined under this title or imprisoned not more than five years, or both see:- <u>United States v. Brown, 79 F.3d 1550, 1562 (11th Cir. 1996).</u>

## Claim 1 Cont.

Malice must be Implied or presumed from the willful. Deliberate. and Intentional acts commited by unknown Police officer's, Police Supervisor's, or Police Detectives that TAMPERED with video Footage which clearly

Page 1 of 4

Show's the Plaintiff was subjected to Police - MisConduct violation's by the Tampering of Live - Video Footage of the Plaintiff running a Block and a half away from where the alledged Incident.

In Police Camera 004, It so deems Malice Intention took place when said state officials without Due regard of the law. subjected Mr. Erunta Kennedy to unlawful Racial profiling, and Constitutional Violations When Georgia state Police Officer LARKins Exonerated the Plaintiff when LARKins, While under Oath said that Mr. Kennedy couldn't have committed any crime. Because per LARKins" Mr. Kennedy couldnt have committed the crime, Alledged because additional officer's from Georgia state Police Department Were in Pursuit of the real suspect a block ahead of the Location away from Larkins and Mr. Kennedy.".

U.S. V. Scroggins, 379 F.3d 233, 254-54 (5th Cir. 2004).

The aforementioned is attached to Claim (1)

Cole v. Carson, 802 F.3d 752 (2015)

Boyd v. Driver, 579 F.3d 513 (2009)

## Claim 1
## Police MisConduct

Montanez v. City of Orlando, 678 Fed. Appx. 905 (2017)

Gold v. City of Miami, 151 F.3d 1346; (1998)

Brooks v. Scheib, 813 F.2d 1191 (1987)

Page 2 of 4

# Claim 2
## PERJURY

Holland v. Jackson, 159 LED 2d 683, 542 US 649 (2004)

HENRY v. Deen, 310 N.C. 75, 87, 310 S.E. 2d 326, 334 (1984)

Blackburn v. Carbone, 208 N.C. App. 519, 527, 703 S.E. 2d 788, 795 (2010).

# Claim 3
## Prosecutorial MisConduct

U.S. v. Padilla-Martinez, 762, F.2d 942 (11th Cir. 1982)

Powell v. Alabama, 287 US 45, 77 LEd 158 (1932)

U.S. V. Stuart-Caballere, 686 F.2d 890, 891 (11th Cir. 1982)

# Claim 4
## Discovery Package

Brady v. Maryland, 10 Led 2d 215, 373 U.S. 83 (1963)

Cone v. Bell, 173 Led 2d 701 556 U.S. 449 (2009)

Maddox v. State, 239 Ga. 846; 239 S.E. 2d 29 (1997)

Strickler v. Greene, 527 U.S. 263, 281-82 (1999)

# Claim 5

Brady v. Maryland, 10 Led 2d 215, 373 U.S. 83 (1963)

Young v. Conway, 698 F.3d 69 (2012)

Dees v. Gordy, 2019 U.S. Dist. Lexis 8133 (2019)

Clark v. Epps, 359 Fed. Appx. 481 (2009)

Tomlin v. Myers, 30 F3d 69 (2012)

Abdur Raheem v. Kelly, 257 F.3d 122 (2001)

## Claim 6
### Ineffective Assistance of Counsel

Strickland v. Washington, 80 Led 2d 674,466 U.S. 688 (1984)

Petty v. Smith, 279 Ga. 273, 612 S.E. 2d (2005)

Nix v. Whiteside, 89 Led 2d 123, 475 US 157 (1986)

Kimmelman v. Morrison, 477 U.S. 365, 91 LEd 2d –
305 106 S ct 257A

## Claim 7

Lockett v. Price, U.S. Dist. Lexis 5163: (2019)

Brown v. Bryan County, 67 F.3d 1174 (1995)

Lvttle v. Riley, 2012 U.S. Dist. Lexis 22864 (2012)

Spillers v. Crawford County, U.S. Dist. Lexis 1359241 (2011)

Pearson v. Gobal Express Money Orders U.S. Dist. Lexis 8484 (1999)

Doe v. Swearingen U.S. Dist. Lexis 622 (2019)

Rivera v. Dexter, U.S. Dist. Lexis 141926 (2010)

Eloy v. Guillot, 289 FED. Appx. 339 (2008)

Gunn v. City of Montgomery, U.S. Dist. Lexis 61074 (2018)

## Claim 8

Pitts v. State, 253 Ga. 461 (6) (321 S.E. 2d 708) (1984)

Dickey v. state, 240 Ga. 634 (6) (242 s.E. 2d 55) (1978)

Spruance v. Commission on Judicial Qualifications, –
13 cal. 3d 778; 795 [119 cal. Rpt. 841, 532 p. 2d 1209 (1975)

Mississippi Commission on Judicial Performance vs. –
McGee, 71 so.3d 578, 585 (Miss 2011)

Page 4 of 4

<u>David E. Brow P.E. V. KENT</u>, 274 GA 849,850 (561 S.E. 2d 89)(2002)
<u>Atlanta Oculoplastic Surgery P.C. Nestlehutt</u>, 286 GA. 731,-
735 (691 S.E. 2d 218)(2010) (as with all torts, the determination
of damages rests "peculiarly within the province of the
Jury."

<u>GA. Const. of 1983, Art. Sec. II, Par. IX (A)</u>
GTCA says: The state waives its sovereign immunity for the
tort of State officers and Employees while acting within the
Scope of their official duties or Employment and shall be
Liable for such torts in the same manner as a private
individual or Entity would be liable under like Circumstances.

<u>GA Pines Community Serv. Bd v. Summerlin</u>, 282 Ga. 339,-
341 (2007)
<u>CAMP v. COWETA COUNTY</u>, 280 GA. 199, 203 (2006)
(13-6-11) rather than specific statutes Authorizing such recoveries
Against a government Entity.
<u>Eastern Air Lines, Inc. V. Fulton County</u>, 183 GA. App. 891, 892-893, 894-
895 360 S.E. 2d 425) (1987)
The Exposure of the state treasury to tort Liability must be Limited.
<u>Fulton County V. Lord</u>, 323 GA. App. 384, 393-394 (746 S.E. 2d 188)
(2013)
9-15-14 - Award Against the County
Sovereign immunity did not protect the Georgia
State University, Fulton County or the State
of Georgia from award under O.C.G.A. -
9-11-68 (B)
9-11-54
9-11-11 .1(B)
51-7-83
9-11-110

Ewanta Kennedy

Page 1 of 4a

# WITNESS List

1.) Georgia Bureau of Investigation Special Agent Lisa Harris

2.) Georgia Bureau of Investigation Special Agent Brad Parks

3.) Georgia State University Police (Officer - LARKINS)

4.) Ms. TYSMAN OLGA



# Subpoena List of Potential Plaintiff Witnesses

1) Georgia Bureau of Investigation Special Agent LISA HARRIS

2) Georgia Bureau of Investigation Special Agent BRAD PARKS

3) Georgia State University Police Officer - LARKINS

4) Ms. TYSMAN OLGA



Ernesta Kennedy

# <u>Conclusion</u>

Your Honor, and Respective Jury member's;

The case at Bar is both simple and complex. The simple unconstitutional fact is this. A member of the Georgia State Police Department, during an ongoing Investigation, entered a secure, Locked area, off limits to the General Public, and attempted to alter a video footage of Mr. Erunta Kennedy. (plaintiff). and the only officer's whom could have that type of access to the secured area, would have had to be a supervisor of High ranking, the police chief, or the Georgia State Police officer's in charge of the day-to-day Inspection of the Log-book of the names listed that entered the room or it was that officer who violated the Constitutional rights of the 5th and 14th Amendments to the United States Constitutional. (Robert Patrick or Gerald G. Gregory, Georgia State University Police officer's). Rights which protected Mr. Kennedy rights which he is entitled to. Your Honor the case before this court, hinges on the premise that the Plaintiff be award each and every right, which members of this court has sworn to uphold.

Plaintiff was denied his Constitutional rights to be heard, to be allowed to present his case before the Richmond County, (Honorable Judge Michael N. Annis) and

Plaintiff Kennedy was denied this basic constitutional right to be Heard.

The State will try or attempt to case off, this case as there's no claims for a civil Lawsuit. Plaintiff's arguement are clear and concise. The Georgia State Police officers, supervisors, Captains, Assistance Chief, and or Police chief, had partaken in tampering with evidence, False Arrest. False Imprisonment. Defamation of - Character, obstructed or attempted to obstruct Justice by tampering with evidence. Slander. Libel, and created Claims for a MisCarriage of Justice, Plaintiff claims civil Lawsuit was last resort.

## 16-10-94 - Tampering with Evidence

a) A person Commits the offense of tampering with evidence when, with the intent to prevent the apprehension or cause the wrongful apprehension of any person or to obstruct the prosecution or defense of any person, he knowingly destroys, alters, conceals, or disguises physical evidence or makes, devises, prepares, or plants false evidence.

b) Nothing in this Code Section shall be ~~deemed~~ to abrogate or alter any privilege which any person is entitled to claim under existing laws.

Page 2 of 3

C) Except as otherwise provided in this subsection, any person who violates subsection (a) of this Code Section involving the prosecution or defense of a felony and involving another person shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than three years; Provided, however, that any Who violates subsection (a) of this code Section involving the prosecution or defense of a serious violent felony as defined in subsection (a) of this code section 17-10-6.(1) and involving another person shall be guilty of a felony and, upon conviction there of, shall be punished by imprisonment for not less than one nor more than ten years.

Wherefore, Plaintiff asks for immediately release from prison, an have criminal arrest and conviction expunge from my criminal record and have this incident sealed; Plaintiff seeks for awards of damages for slander, Libel, Punitive damages; for Constitutional violations of my civil rights an any other damages or awards that this Honorable Court deems true and just;.....

On this 21ˢᵗ day of _January_ 20__

Erunta Kennedy Prose
Johnson State Prison
P.O. Box 344
Wrightsville, ga. 31096

_Erunta Kennedy_

BILLY D. WICKER
COMMISSION EXPIRES
Notary
Public
July 5, 2023
JOHNSON COUNTY, GA.

Page 3 of 3

The Case before this honorable Court Implicates Several Substantial Constitutional rights Errors, Committed by the Georgia State Police Department and Fulton County Court officials. Mr. Kennedy's Core Rights were Neglected purposely by the Governing body of the Georgia State Police Department, Fulton County Court officials and the State of Georgia, Which approves and grants Said Georgia State College as Well as it's Law Enforcement Accreditation.

In the Above stated case, the Georgia State Police Department used Entrapment tactics, to secure an unlawful arrest and warrant Against Mr. Kennedy.

## 1. Undisputed Facts

The Georgia State Campus Police Department, on said date and time, Violated Mr. Kennedy core rights to be free from illegal unlawful Arrest.

On July 21, 2011 the Petitioner was seen on Video running across a four (4) Lane street through Multi-Lanes of moving on coming traffic in both Lanes, While Enroute to an Appointment with his probation officer. that was schelduled from Earlier in the Day, Being Late or not coming to An appointment could result in having probation Violations Applyed and Incarcerated to serve stantial prison time from

Page 1 of 4

The presiding Judge. These factors and other Attributed to the Petitioner running at such a quicken pace, to aet to the Appointment on time.

The unlawful Acts, and practices Alleged in this Statement represent policy and decisions promulgated by the Georgia State Police chief and its officers. On Above date an unlawful arrest Warrant being Issued for the Arrest of Mr. Kennedy. The Petitioner had a Legal right to be in the Immediate area, when his Image was caught on a Video Survalence camera, As he was Attempting to check in with the probation officer, prior to a non-report Warrant being signed for his arrest.

The Petitioner, was later arrested and accused of a Crime that he didn't commit; Finger printed, photographed a placed in a holding cell, awaiting further in processing Procedures.

The petitioner had a Constitutional Right of Due-process, to have an attorney present at all stages of the States prosecution case against Mr. Kennedy, yet the Law Enforcement officers, officials, prosecution failed to preserve this valued right in which Mr. Kennedy was clearly entitled to.

The Petitioner was forced to Except a plea offer which lead to Mr. Kennedy taking his first offender and a possible Lengthly probation term for 5 years

Through the petitioners Due Diligence it was determined and later discovered the obvious. A member of the Georgia State Police Department, supervision, officer, in its Attempt to convict an innocent person, violated the petitioner's 5th and 14th Amendment When Law Enforcement went into a secured Area. Stopped the Automatic street / Campus Survelance Camera, and repositioned the physical position of Street Vehicles, and repositioned the Location of Mr. Kennedy's Body Location and Edited the Film.

The Evidence Tampering could only be committed by one, who had taken a Oath to uphold the law, but instead Abetted in it's Unconstitutional Injustice to Convict the the Innocent. The Petitioner has undisputed proff of the Police MisConduct, and MisCarriage of Justice, which per Photo's (A), (B), (C), (D) and Although the body position of Mr. Kennedy changed, the time on the Digital lapsed timer didn't stop on 16:33, yet Mr. Kennedy phyiscal Image crossed a Four (4) Lane street in down town Atlanta.

In a time span of (1 second) Impossible, not hardly When the person committing the unlawful act is in fact the one in charge of maintaining, securing, preparing to make ready for court. simply put, the Georgia State police Department, officials, officer's got caught, Violating all of the Constitutional rights of Mr. Kennedy, Erunta.

Page 3 of 4

At this point and time, a simple apology just will not do. For reasons unknown to the petitioner, as to why the Law Enforcement officials, violated their oath of office to secure a state mandated, Enforced Conviction, and why was Mr. Kennedy the target of Racial Profiling, Simply because he was running Across a busy street, To avoid possible Jail time, for being late to a probation appointment. On the day that Mr. Kennedy was arrested his Civil Rights, as well as rights Entitled to him by both the Georgia and U.S. Constitution were violated and the following ensued, False Arrest, False Imprisonment, False Incarceration, False Police-report, Evidence Tampering, Police MisConduct, Procedural MisConduct, and a host of other Violations.

## Enclosing

The U.S. Constitution was created to Ensure that the rights in which it was (Drafted) was meant to protect it's most important rights of Due Process and Equal Protection, yet, this most sacrete documents didn't protect the Constitutional rights of Mr. Erunta Kennedy.

# ATTACHMENT SHEET

(EXHIBIT-A)

1) Plaintiff, is shown on 7/21/2011-16:33:12 / P.CAMERA-004
Plaintiff is shown running in the Center Northbound one-way
lane. Directly across from Instant TAX Refund check cashing
store. Plaintiff is Approximately ten yards away from
nearst Vehicle Which happens to be the U.S. Mail truck.

2)(EXHIBIT-B)
Plaintiff is shown on 7/21/2011-16:33:13 / P-CAMERA-004
Plaintiff is shown running in the Center Southbound
One-way lane. Plaintiff is shown Approximately 8-10 yards
in center lane covering a space of 8-10 yards in (1) second
Expiring off still frame.

3)(EXHIBIT-C)
Plaintiff is shown on 7/21/2011-16:33:13 / P-CAMERA-004
Plaintiff is shown running in the far right southbound one-
way Lane / Plaintiff is shown Approximately (4)-yards from
side-walk crub. No time Expiring off Clock in still frame,
yet plaintiff is in totally Different position than EXHIBIT(s)-
#A and B.

4)(EXHIBIT-D)
Plaintiff is shown on 7/21/2011-16:33:13 / P-CAMERA-004
Plaintiff is shown running in the far right southbound
Lane one-way lane is now shown Approximately
(2-feet) from sidewalk again no time expires off
Clock in still frame, and Plaintiff is in totally
Different position than Exhibits# B and C; But the
Camera time doesn't change still at 16:33:13.

# RELIEF

Wherefore, the Plaintiff respectfully Demand Judgement against the Defendants, Jointly and severally as follows:

1) An Award of **Compensatory Damages** Determined by the Jury in the Amount of $3,000,000 Millions Dollars.

2) An Award of **Punitive Damages** in the Amount of $1,000,000 million Dollars, for Pain and Emotional Duress which caused severed Depression for lost of Life regarding family member since unlawful Incarceration.

3) Because of Defendants Intentional reckless and Malicisously making an award for Police MisConduct, Evidence tampering to secure an unlawful arrest and Conviction plaintiff ask Honorably for Damages for ;(AND VIEW VIDEO Footage on alledged incident date)

4) Damages for being uprooted from children as a result of the Unconstitutional arrest of the Plaintiff in the Amount of $750,000 dollars as a Punishment to the Georgia State Police Department Involvement in police Corruption, (SEE Exhibit's (A),(B),(C),(D).

5) An Award of Attorney's fee's and Cost to print Copies as the court may deem the Plaintiff to pay being pro se pursuant title 42 U.S.C. 1983.

6) Any other relief as this Honorable Court deems just and Equitable.

7) The Plaintiff hereby (Demand's) a trial by Jury or submit to plaintiff a settlement Amount for Damages.

8) Plaintiff request that he be released Immediately or he will continue to suffer the Constitutional Violation of the Due Process and Equal Protection Clauses.

9) Expunged Plaintiff his Criminal Record/History.

Ernesta Kennedy